Maria A. Nugent, Bar No. 306074
MNugent@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA  94105-3204
Telephone:  415.344.7000
Facsimile:  415.344.7050

Robert A. Burgoyne (*pro hac vice* application pending)
PERKINS COIE LLP
700 13th St., NW, Suite 800
Washington, DC 20005
Telephone:  202-654-1744
Facsimile:  202-654-6211

Attorneys for Defendant
NATIONAL BOARD OF MEDICAL EXAMINERS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL WELLS, JR.,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS, a not-for-profit corporation; FEDERATION OF STATE MEDICAL BOARDS, INC., a not-for-profit corporation,<br><br>Defendants. | Case No. 3:21-cv-01279-JSC<br><br>**NATIONAL BOARD OF MEDICAL EXAMINERS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND STATUTORY PENALTIES; DECLARATORY AND INJUNCTIVE RELIEF; AND DEMAND FOR TRIAL BY JURY** |

Defendant National Board of Medical Examiners ("NBME"), by and through its undersigned attorneys, hereby answers the Complaint for Damages and Statutory Penalties; Declaratory and Injunctive Relief; and Demand for Trial by Jury (Dkt. 4) ("Complaint") of Plaintiff Cornell Wells, Jr. ("Plaintiff" or "Mr. Wells"). NBME denies that it has violated Mr. Wells's rights in any way and answers the allegations in the numbered paragraphs of the Complaint as follows.

## INTRODUCTION

1.     This Action arises out of a violation of Title III of the federal Americans With Disabilities Act ("ADA"), as amended by the Americans With Disabilities Act Amendments Act ("ADAA") of 2008, P.L. 110-325, codified at 42 U.S.C. § 12181, *et seq.*; and violation of California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civil Code § 51, which also prohibits discrimination against any citizen of the State of California on the basis of disability.

**ANSWER:**

NBME admits that Plaintiff purports to bring claims under Title III of the ADA and California's Unruh Civil Rights Act ("Unruh Act"), but it denies that it has violated either act.

2.     Plaintiff CORNELL WELLS, JR. ("Plaintiff") alleges that Defendants NATIONAL BOARD OF MEDICAL EXAMINERS ("NBME") and FEDERATION OF STATE MEDICAL BOARDS, INC. ("FSMB"), individually and in concert with each other, have discriminated against him on the basis of disability by failing to accommodate his disabilities in the provision or administration of the United States Medical Licensing Examination ("USMLE"), which Defendants jointly administer in the State of California and throughout the United States.

**ANSWER:**

NBME admits that it owns the USMLE along with the FSMB. NBME denies the remaining allegations in paragraph 2 and states that the USMLE is administered by a third-party vendor.

3.     Plaintiff respectfully requests a preliminary and permanent injunction under the ADA/ADAAA ordering Defendants to take the following actions:

- Issue an order allowing Plaintiff to re-take "Step 3" of the USMLE by on or about July 1, 2021 with disability accommodations consisting of double time plus a private setting; and

- Issue an order expunging Plaintiff's prior attempts to pass "Step 3" of the USMLE without accommodations at any time after April 25, 2019, after which time Defendants were placed on actual notice that Plaintiff was a person with disabilities who was requesting and required accommodations (which were denied); and

- If injunctive relief cannot issue in time for Plaintiff to re-take "Step 3" of the USMLE by July 1, 2021, issue an order allowing Plaintiff to re-take "Step 3" at the next available opportunity after July 1, 2021 when "Step 3" is administered in California.

**ANSWER:**

NBME admits that Plaintiff purports to seek the relief stated in paragraph 3 but denies that he is entitled to the relief sought or any relief in this action.

4.      Plaintiff further respectfully requests statutory penalties and compensatory damages in an amount according to proof pursuant to Cal. Civil Code § 52 as well as an award of attorney's fees pursuant to the ADA/ADAAA and Cal. Civil Code § 52

**ANSWER:**

NBME admits that Plaintiff purports to seek the relief stated in paragraph 4 but denies that he is entitled to the relief sought or any relief in this action.

## **JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 for claims arising under the ADA/ADAAA. This Court also has supplemental jurisdiction over Plaintiff's state law claims arising under California's Unruh Civil Rights Act pursuant to 42 U.S.C. § 1367.

**ANSWER:**

The allegations in paragraph 5 are legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that the Court has federal question jurisdiction over Plaintiff's ADA claim and may choose to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.

6.      Venue is proper in this District, pursuant to 28 U.S.C. § 1391. The Defendants are private organizations that do business in the State of California and provide their services in this

1   District. Defendants have frequent, continuous, and systematic contacts with the State of

2   California and this District through the administration and provision of the USMLE in this

3   District sufficient to confer personal jurisdiction over Defendants. Moreover, a substantial part of

4   the acts or omissions giving rise to this Action occurred in this District by reason of the events

5   that occurred on June 29-30, 2020 as more specifically pleaded herein.

6   **ANSWER:**

7        The allegations in paragraph 6 constitute legal conclusions that NBME is not

8   required to admit or deny, but if so required, NBME denies that a substantial part of the acts

9   or omissions giving rise to this action occurred in this District and denies that it has frequent,

10  continuous, and systematic contacts with the State of California and this District through the

11  administration and provision of the USMLE in this District sufficient to subject NBME to

12  general personal jurisdiction in California, but states that it is not contesting venue in this

13  action.

14  ### INTRA-DISTRICT ASSIGNMENT

15  7.        Pursuant to Civil Local Rule 3-2(c), (d), assignment of this action is proper to

16  either the San Francisco, California Division or Oakland, California Divisions.

17  **ANSWER:**

18       The allegations in paragraph 7 constitute legal conclusions that NBME is not

19  required to admit or deny, but if so required, NBME states that it is not challenging

20  assignment of this action to this Division.

21  ### PARTIES

22  8.        Plaintiff is, and at all times mentioned herein was, an individual with a disability

23  as more specifically pleaded herein residing within the County of Los Angeles, State of

24  California.

25  **ANSWER:**

26       NBME is without knowledge or information specific to form a belief as to the truth

27  of the allegations in paragraph 8 regarding Plaintiff's residence and therefore denies them.

28  NBME denies that Plaintiff is an individual with a disability.

-4-

9.     Defendant NBME is a not-for-profit organization headquartered in Philadelphia, Pennsylvania and organized under the laws of the District of Columbia. NBME jointly administers the USMLE, a nationwide licensure examination for physicians and surgeons along with Defendant FSMB. NBME is responsible for processing requests for accommodations by disabled applicants such as Plaintiff who wish to take the USMLE in the State of California. In this capacity, NBME has frequent, continuous, and systematic contacts, and does business in, the State of California where the USMLE is administered.

**ANSWER:**

NBME admits the allegations in the first sentence of paragraph 9.  NBME denies the allegations in the second sentence of paragraph 9, and states that it co-owns the USMLE with FSMB, it jointly administers the USMLE program with FSMB, and the USMLE exam at issue here (the USMLE Step 3 exam) is administered by a third-party vendor.  In response to the allegations in the third sentence of paragraph 9, NBME admits that it processes and decides requests for disability-based testing accommodations on the USMLE, including requests from individuals who test in California, but denies that Plaintiff is a "disabled applicant."  NBME admits that it does business in California but denies the remaining allegations in the fourth sentence of paragraph 9.

10.     Defendant FSMB is a national, not-for-profit organization headquartered in Euless, Texas. FSMB represents 71 state medical and osteopathic boards of the United States and its territories. Together with NBME, FSMB jointly sponsors and administers the USMLE in the State of California as well as establishes the general policies and guidelines for test-taking that state medical boards follow as "fellows" of the FSMB, including the number of times an applicant may take the USMLE as well as what constitutes a passing score for the USMLE. This includes the Medical Board. In this capacity, FSMB has frequent, continuous, and systematic contacts, and does business in, the State of California.

**ANSWER:**

In response to the allegations in the first sentence of paragraph 10, NBME admits, on information and belief, that FSMB's headquarters are located in Euless, Texas, and that

FSMB is a not-for-profit organization.   In response to the allegations in the second sentence of paragraph 10, NBME states, on information and belief, that FSMB represents the 71 state medical and osteopathic regulatory boards — commonly referred to as state medical boards — within the United States, its territories and the District of Columbia.  In response to the allegations in the third sentence of paragraph 10, NBME admits that FSMB and NBME jointly sponsor the USMLE, denies that NBME or FSMB administer the USMLE in California, states that the USMLE exams are administered by a third-party vendor, and admits that FSMB and NBME jointly establish general policies and guidelines for the USMLE.  NBME denies that state medical boards are required to follow all of the USMLE guidelines (such as the recommended guideline for passing scores).  NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence of paragraph10 and therefore denies them.  The allegations in the fourth sentence of paragraph 10 are vague and therefore denied.  NBME denies the allegations in the fifth sentence of paragraph 10, on information and belief.

## **FACTUAL ALLEGATIONS**

A.    **Plaintiff's Academic History & Career as a Psychiatrist**[1]

11.    Plaintiff CORNELL WELLS, JR. ("Plaintiff") is a 45-year-old, African-American male and resident of the State of California. He attended Albert Einstein College of Medicine from 2005-2012. He completed his medical residency at California Pacific Medical Center in psychiatry in 2016. In October 2018, Plaintiff was board certified as a psychiatrist.

**ANSWER:**

NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies them.

---

[1] NBME is without knowledge or information sufficient to form a belief as to whether the allegations in Section A completely and accurately convey "Plaintiff's Academic History & Career as a Psychiatrist."

12.     From 2016-2018, Plaintiff worked as a staff psychiatrist at Kaiser Permanente, Southern California Medical Group, where he focused on patients who have been traditional underserved by mental health professionals.

**ANSWER:**

NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies them.

13.     From 2018-December 2019, Plaintiff worked as a psychiatrist for Pacific Coast Psychiatric Associates, a private psychiatric practice.

**ANSWER:**

NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies them.

14.     Plaintiff enjoyed serving his patients' needs. Plaintiff had no disciplinary record or negative marks of any kind against his medical license.

**ANSWER:**

NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them.

**B.     Plaintiff is a Person With Disabilities That Substantially Limit Major Life Activities Such as Learning, Reading, Concentration, Visual Perception, and Executive Functioning[2]**

15.     Throughout his social and academic life, however, Plaintiff has struggled as a person with disabilities. He has a chronic history of reading comprehension, cognitive processing speed, and executive functioning problems. Plaintiff has been diagnosed by a board certified neuropsychologist with a neuro-developmental impairment resulting from being born prematurely and at a very low birth weight ("PT/VLBW"). (*See, **Exhibit "A,"*** attached hereto and incorporated herein.)

---

[2] NBME denies that "Plaintiff is a Person With Disabilities That Substantially Limit Major Life Activities Such as Learning, Reading, Concentration, Visual Perception, and Executive Functioning."

**ANSWER:**

NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 15 and therefore denies them.  In response to the allegations in the third sentence of paragraph 15, NBME admits that Plaintiff attached a 27-page neuropsychological report as Exhibit A to his complaint and that the report reflects a diagnosis of neurodevelopmental disorder associated with preterm birth and low birth rate.  NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 and therefore denies them.

16.    Secondarily, Plaintiff also has been diagnosed with ADHD, predominantly inattentive type. This condition manifests as inattention when Plaintiff is presented with even ordinary life activities. It is especially impairing when Plaintiff is presented with complex material or information. (*See, **Exhibit "A."***) "Step 3" of the USMLE contains this type of complex material.

**ANSWER:**

In response to the allegations in the first sentence of paragraph 16, NBME admits that Plaintiff attached a 27-page neuropsychological report as Exhibit A to his complaint and that the report reflects a diagnosis of Attention Deficit Hyperactivity Disorder Predominantly Inattentive Type.  NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore denies them.

17.    In addition, Plaintiff has been diagnosed with a learning disorder that impairs his reading comprehension skills as compared to others, another condition that places him at a disadvantage with tests like "Step 3" of the USMLE. (*See, **Exhibit "A."***)

**ANSWER:**

NBME admits that Plaintiff attached a 27-page neuropsychological report as Exhibit A to his complaint and that the report reflects a diagnosis of Specific Learning Disorder with impairment in reading (reading comprehension).  NBME denies the remaining allegations in paragraph 17.

18.     Together, these disabilities substantially impair Plaintiff's language skills, attention to detail, visuo-perception, and higher order executive functioning abilities. (*See, Exhibit "A."*) These disabilities substantially limit major activities of Plaintiff's life; indeed, they impair every aspect of his life, even though he has learned to cope with some of the effects.

**ANSWER:**

NBME denies the allegations in paragraph 18.

**C.     The California Medical Board Requires Plaintiff to Re-Take "Step 3" of the USMLE[3]**

19.     Through no fault of his own, and due to its own internal mistake, the Medical Board of California ("Medical Board") discovered in or about March 2019 as a result of a routine audit, that Plaintiff's medical license had been issued to him in error on July 8, 2014.

**ANSWER:**

NBME denies that Plaintiff was issued a medical license in 2014 "through no fault of his own." On information and belief, Plaintiff was aware that he had not achieved a passing score on the Step 3 exam and therefore was presumptively aware that he was not qualified for licensure in the State of California. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and therefore denies them.

20.     Plaintiff believed he had successfully met the criteria to practice medicine in the State of California because he was issued a medical license from the Medical Board. However, in March 2019, Plaintiff was informed by the Medical Board he had actually failed the final portion of the USMLE. The USMLE is a national physicians' and surgeons' standardized examination consisting of three parts, called "Steps." The final "step" is referred to as "Step 3." Successfully passing all three "steps" of the USMLE is a prerequisite to practicing medicine in California.

---

[3] NBME is without knowledge or information sufficient to form a belief as to whether the allegations in Section C completely and accurately reflect Plaintiff's interactions with the California Medical Board.

1    **ANSWER**:

2         NBME is without knowledge or information sufficient to form a belief as to the truth of

3    the allegations in the first two sentences of paragraph 20 and therefore denies them; NBME notes,

4    however, on information and belief that Plaintiff was aware that he had not passed the Step 3

5    exam and therefore knew or should have known that he had not successfully met the criteria to

6    practice medicine in the State of California.  NBME denies the allegations in the third sentence of

7    paragraph 20 as stated and states that the USMLE is a three-step examination for medical

8    licensure in the United States.  NBME admits the allegations in the fourth sentence of paragraph

9    20 and admits the allegations in the fifth sentence of paragraph 20 on information and belief.

10        21.    Until July 1, 2021, an applicant may have six attempts to pass "Step 3" of the

11   USMLE. On July 1, 2021, FSMB will institute a policy where applicants may only attempt "Step

12   3" four times in total. When Plaintiff was advised by the Medical Board in March 2019 that he

13   did not pass "Step 3," he had already attempted "Step 3" on two, prior occasions: April 15, 2014

14   and June 1, 2014.

15   **ANSWER:**

16        NBME admits the allegations in the first sentence of paragraph 21.  NBME denies

17   the allegations in the second sentence of paragraph 21 as stated, and states that, effective

18   July 1, 2021, the USMLE program is reducing the total number of times an examinee may

19   attempt the same Step examination, from six (6) to four (4) attempts.  NBME admits that

20   Plaintiff sat for Step 3 on April 15, 2014 and June 1, 2014.  NBME is without knowledge or

21   information sufficient to form a belief as to the truth of the remaining allegations in the third

22   sentence of paragraph 21 and therefore denies them; NBME also notes, on information and

23   belief, that Plaintiff was aware that he did not pass the Step 3 exam in 2014, well in advance

24   of allegedly being "advised" of this fact by the California Medical Board in 2019.

25        22.    Plaintiff was further informed by the Medical Board that his license would remain

26   active, pending Plaintiff successfully re-taking "Step 3" as soon as possible.

27

28

-10-

1

**ANSWER:**

2       NBME is without knowledge or information sufficient to form a belief as to the truth

3  of the allegations in paragraph 22 and therefore denies them.

4       23.     On April 15, 2019, Plaintiff notified the Medical Board in writing that he would

5  need to request accommodations to take "Step 3" because of ADHD from NBME. After some

6  back and forth communications, it was agreed that Plaintiff could re-take "Step 3" on October 23,

7  2019.

8  **ANSWER:**

9       NBME is without knowledge or information sufficient to form a belief as to the truth

10  of the allegations in paragraph 23 and therefore denies them.

11  **D.      Plaintiff's Requests for Reasonable Accommodations[4]**

12       *1.    Plaintiff's First Request for Reasonable Accommodations is Denied by NBME and*
              *FSMB[5]*
13
       24.     On April 25, 2019, Plaintiff submitted documentation to NBME requesting
14
  disability accommodations, including a personal statement, testing scores, and a
15
  neuropsychological testing report.
16
  **ANSWER:**
17
       NBME admits that Plaintiff submitted documentation to NBME, which included an
18
  accommodation request form, a document entitled Psychoeducational Evaluation Report, a
19
  personal statement, and certain testing scores, but denies that his accommodation request
20
  was initially submitted on April 25.  NBME further states Plaintiff's request for
21
  accommodations was considered complete and ready for review on May 13, 2019, after he
22
  completed his registration for the test.
23
       25.     On May 2, 2019, Dr. Mary S. Kelly, clinical psychologist, and Director of
24
  Academic Support and Counseling at Albert Einstein School of Medicine, submitted
25

26

27  _____
  [4] NBME denies that Plaintiff is entitled to accommodations on the USMLE.
  [5] NBME denies that Plaintiff is entitled to accommodations on the USMLE and denies that the
28  FSMB was involved in the accommodation decision.

1   documentation demonstrating Plaintiff had received disability accommodations for test taking

2   while he was in medical school.

3   **ANSWER:**

4       NBME admits that it received a Certification of Prior Test Accommodations dated

5   May 2, 2019, over the name and typed signature of Mary S. Kelly, Ph.D., reporting that

6   Plaintiff received 50% extra testing time and a private location for all exams and quizzes.

7   NBME is without knowledge or information sufficient to form a belief as to the truth of the

8   remaining allegations in paragraph 25, and therefore denies them.

9       26.    On May 10, 2019, Plaintiff was informed that his request was under review by

10  Jennifer Cohen, secretary at NBME's Disability Services department.

11  **ANSWER:**

12      NBME denies the allegations in paragraph 26, and states that Jennifer Cohen,

13  Disability Services Specialist for NBME, informed Plaintiff on May 13, 2019 that his

14  registration was showing as complete and that his request for test accommodations had been

15  submitted for review.

16      27.    On July 9, 2019, Dr. Lucia McGeehan, Ph.D. and NBME's Disability Assessment

17  Analyst, denied Plaintiff's request for accommodations, stating:

18          *"Your documentation does not reflect a record of chronic and
            pervasive problems managing daily demands for attention,*
19          *concentration, or organization that has substantially impacted your
            functioning in school, work, social, or other domains." (See,*
20          ***Exhibit "B,"*** *attached hereto and incorporated herein, emphasis
            added.)*
21
22  **ANSWER:**

23      NBME admits that it denied Plaintiff's request for testing accommodations by letter

24  dated July 9, 2019, and admits that Plaintiff accurately quotes one sentence from the two-

25  page, single-spaced letter in paragraph 27.  NBME denies the characterization of Dr.

26  McGeehan as "NBME's Disability Assessment Analyst," and states that Dr. McGeehan's

27  title is Disability Assessment Analyst, Disability Services.

28

-12-

28.     This statement, of course, does not apply the correct standard for determining whether a person is a person with a disability as required under the ADA/ADAAA or California's Unruh Civil Rights Act, both of which apply to Defendants.

**ANSWER:**

The allegations in paragraph 28 are based on incorrect characterizations and are denied.

29.     Ms. McGeehan goes on to write:

> *"We will advise the Federation of State Medical Boards (FSMB) Assessment Services to process your exam application without test accommodations." (See, **Exhibit "B,"** emphasis added.)*

**ANSWER**:

NBME admits that Plaintiff accurately quotes one sentence from the two-page, single-spaced letter in paragraph 29.

*2.     Plaintiff Requests an Appeal of the Denial of Reasonable Accommodations, But His Second Request is Also Denied[6]*

30.     Plaintiff timely requested an appeal to review the denial of disability accommodations.

**ANSWER:**

In response to the allegations in paragraph 30, NBME admits that Plaintiff timely sought reconsideration of the decision denying his request for testing accommodation.

31.     On July 20, 2019, Plaintiff submitted a new personal statement to NBME and a letter of diagnosis from Dr. Gerald Baltz, a certified psychiatric nurse practitioner with over 10 years of experience. Dr. Baltz's letter demonstrated a pervasive pattern of disability impairment throughout Plaintiff's life across multiple domains of living. Dr. Baltz's based this diagnosis on his expertise as well as the fact he had been treating Plaintiff for ADHD since May 2019. In reaching his conclusions, Dr. Baltz reviewed Plaintiff's full medical history as well as the

---

[6] NBME denies that it has an "appeals" process for accommodation decisions, admits that Plaintiff sought reconsideration of NBME's decision denying his request for accommodations, admits that NBME denied the reconsideration request, and denies that Plaintiff is entitled to testing accommodations.

psychometric testing conducted by Dr. Kelly when Plaintiff was in medical school. Dr. Baltz wrote to NBME:

> *"I can definitively state that Dr. Wells carries a diagnosis of ADHD, primarily inattentive presentation, and has carried this diagnosis since childhood." (See, **Exhibit "C,"** attached hereto and incorporated herein, emphasis added.)*

**ANSWER:**

In response to the allegations in the first sentence of paragraph 31, NBME denies it received any communication from Dr. Wells on July 20, 2019, states that it received an email from Plaintiff on July 22, 2019, and admits that Plaintiff submitted a letter dated July 20, 2019, over the name Gerald Baltz, DNP, PMHNP-BC, Doctor of Nursing Practice, Board Certified Psychiatric & Mental Health Nurse Practitioner.  NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 31, and therefore denies them.  NBME denies the allegations in the second sentence of paragraph 31.  NBME admits that, in the fifth sentence of paragraph 31, Plaintiff accurately quotes from the document attached as Exhibit C to the Complaint. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31, and therefore denies them.

32.     On August 19, 2019, Catherine Farmer, Psy.D. and Director of Disability Services for NBME, wrote to Plaintiff denying his request for disability accommodations for a second time. This time, instead of applying a "chronic and pervasive" standard, NBME claimed it undertook "an individualized review of [Plaintiff's] request, but took issue with Dr. Baltz's qualifications, writing:

> *"Supporting documentation submitted from qualified professionals is a necessary part of any request for accommodations and is carefully reviewed by NMBE. Though not required to defer to the conclusions or recommendations of an applicant's supporting professional, we carefully consider the recommendation of qualified professionals made in accordance with generally accepted diagnostic criteria and supported by reasonable documentation." (See, **Exhibit "D,"** attached hereto and incorporated herein, emphasis added.)*

1    **ANSWER:**

2         NBME admits that it denied Plaintiff's request for reconsideration by letter dated

3    August 19, 2019, signed by Catherine Farmer, Psy.D., Director, Disability Services and that

4    Plaintiff accurately quotes two sentences from this letter, except that he omits the word "the"

5    before NBME in the first sentence.  NBME denies the characterizations of this letter and

6    NBME's prior decision letter in paragraph 32, and therefore denies the remaining allegations

7    in paragraph 32.

8         33.    Put in plain terms, NBME concluded Dr. Baltz was merely a "supporting

9    professional," not a "qualified professional," and NBME is not required to defer to a "supporting

10   professional" simply because he concludes an applicant has a disability warranting

11   accommodations.

12   **ANSWER:**

13        NBME denies the allegations in paragraph 33.

14        34.    Of course, at no point during this process, did NBME actually interview Plaintiff,

15   nor was Plaintiff examined or tested by any "qualified professional" affiliated or associated with

16   NBME or FSMB to determine if Plaintiff had ADHD or any other disabilities that might warrant

17   accommodations, despite the supposed "individualized review" NBME claims it conducted.

18   Moreover, in the second denial, NBME did not specify how it was that Plaintiff's documents was

19   not "reasonable."

20   **ANSWER:**

21        In response to the allegations in the first sentence of paragraph 34, NBME admits

22   that it did not interview Plaintiff and admits that Plaintiff was not examined or tested by

23   anyone "affiliated or associated" with NBME or FSMB, but denies that an interview,

24   examination, or testing by NBME or FSMB was required and therefore denies the remaining

25   allegations in the first sentence of paragraph 34.  NBME denies the allegations in the second

26   sentence of paragraph 34.

27        35.    NBME is already subject to a Settlement Agreement with the United States

28   Department of Justice ("DOJ") in a matter involving USMLE applicant Frederick Romberg (the

-15-

"Settlement Agreement"). The Settlement Agreement is referenced on the USMLE website. (*See,* ***Exhibit "E,"*** attached hereto and incorporated herein.)

**ANSWER:**

NBME admits the allegations in paragraph 35, except it denies the characterization that NBME "is already subject" to the referenced settlement agreement, on the grounds that this allegation is vague.

36. Under the terms of the Settlement Agreement, which is public record in DJ #202-16-181, the DOJ found that NBME had wrongfully denied disability test-taking accommodations on Step 1 and Step 2 of the USMLE to application Frederick Romberg. Among other terms, NBME agreed as follows:

> *"12. NBME shall provide reasonable testing accommodations to persons with disabilities who seek to take the USMLE, in accordance with the requirements of 42 U.S.C. § 12189 and the implementing regulations, 28 C.F.R. § 36.309."* (See, ***Exhibit "F,"*** attached hereto and incorporated herein, emphasis added.)

**ANSWER:**

NBME admits that the Settlement Agreement states that the Department of Justice concluded that the examinee in that case had submitted sufficient documentation to demonstrate that he is a person with a disability within the meaning of the ADA and that he was entitled to reasonable testing accommodations to take the USMLE, but NBME denies the characterization of this statement in the Settlement Agreement in the first sentence of paragraph 36. NBME admits that Plaintiff accurately quotes paragraph 12 of the Settlement Agreement in the second sentence of paragraph 36.

37. Moreover, the Settlement Agreement provides:

> *"13. NBME's requests for documentation shall be reasonable and limited to documentation that establishes (a) the existence of a physical or mental impairment; (b) whether the applicant's impairment substantially limits one or more major life activities within the meaning of the ADA; and (c) whether and how the impairment limits the applicant's ability to take the USMLE under standard conditions. See, 28 C.F.R. Part 36, App. B, at 737 (2010)."* (See, ***Exhibit "F,"*** emphasis added.)

1

**ANSWER:**

2       NBME admits that Plaintiff accurately quotes from paragraph 13 of the Settlement

3   Agreement in paragraph 37.

4       38.    The Settlement Agreement goes on to state:

5            *"14. NBME will carefully consider the recommendation of*
             *qualified professionals who have personally observed the applicant*
6            *in a clinical setting and have determined – in their clinical*
             *judgment and in accordance with generally accepted diagnostic*
7            *criteria, as supported by reasonable documentation – that the*
             *individual is substantially limited in one or more major life*
8            *activities within the meaning of the ADA..."* (*See,* ***Exhibit "F,"***
             emphasis added.)

9   **ANSWER**:

10       NBME admits that Plaintiff accurately quotes from part of paragraph 14 of the Settlement

11  Agreement in paragraph 38, but states that he omits the following language: "and needs the

12  requested test accommodations in order to demonstrate his or her ability and achievement level."

13       39.    Finally, and significantly, the Settlement Agreement makes clear that while

14  NBME is "not required to defer to the conclusions or recommendations of an applicant's

15  supporting professional":

16            *"[NBME must provide an explanation for declining to accept those*
             *conclusions or recommendations. (See,* ***Exhibit "F,"*** *¶ 17, lines 5-*
17            *8.)*

18  **ANSWER**:

19       NBME denies that Plaintiff accurately quotes from part of a sentence in paragraph 17 of

20  the Settlement Agreement in paragraph 39, and states that Plaintiff's characterization of this

21  language as "significant" is vague and NBME therefore denies that allegation.

22       40.    At no point did NBME abide by its obligations under either the ADA or the

23  Unruh Civil Rights Act with regard to Plaintiff's request for disability accommodations, nor did

24  it comply with the terms of the Settlement Agreement with the DOJ. It rejected, not once but

25  twice, documentation from qualified professionals demonstrating prior disability

26  accommodations as well as a disability entitled to accommodations under the ADA/ADAAA. On

27

28

the second rejection, NBME failed to provide a sufficient explanation for why it was denying

Plaintiff's second request for disability accommodations, other than stating its right not to have

to defer to Plaintiff's "supporting professional." NBME failed to provide Plaintiff with any

indication for why his documentation was not "reasonable."

**ANSWER:**

NBME denies the allegations in paragraph 40.

**E.      Plaintiff Attempts to Re-Take "Step 3" Without Accommodations on October 22-23, 2019 But Fails to Pass**

41.      Feeling he had no other alternative and exhausted his ability to obtain disability

accommodations, needing to study for "Step 3" of the USMLE, and with the October 22-23, 2019

test-taking date rapidly approaching, Plaintiff reluctantly decided he would attempt to take "Step

3" without any accommodations. Plaintiff sat for "Step 3" of the USMLE on October 22-23,

2019, his third attempt.

**ANSWER:**

NBME is without knowledge or information sufficient to form a belief as to the truth

of the allegations in the first sentence of paragraph 41, and therefore denies them.  NBME

admits the allegations in the second sentence of paragraph 41.

42.      On November 13, 2019, Plaintiff was notified that he failed "Step 3" of the

USMLE. He was further notified that his license had to be placed on inactive status by December

24, 2019. The Medical Board was also notified, and on November 25, 2019, Christina Thomas,

Licensing Manager, emailed a letter to Plaintiff dated November 25, 2019 outlining his options.

(*See, **Exhibit "G,"*** attached hereto and incorporated herein.)

**ANSWER:**

NBME admits, on information and belief, that Plaintiff was sent a letter dated November

25, 2019, from Christina Thomas, Licensing Manager for the Medical Board of the State of

California, and that a copy of this letter is attached to Plaintiff's complaint.  NBME is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

paragraph 42, and therefore denies them.

43.     According to rules promulgated by FSMB, Plaintiff could not take "Step 3" before a six-month waiting period. The Medical Board's Interim Executive Director, Christine J. Lally, wrote a letter on Plaintiff's behalf to FSMB requesting Plaintiff be permitted to re-take "Step 3" of the USMLE prior to the end of the six-month waiting period. (*See, **Exhibit "H,"*** attached hereto and incorporated herein.)

**ANSWER:**

The allegations in the first sentence of paragraph 43 are vague, but NBME admits that Plaintiff was required to wait at least six months to retake the Step 3 examination pursuant to a USMLE program policy, given that he had already failed the test three times. NBME admits the allegations in the second sentence of paragraph 43, on information and belief.

44.     The Medical Board's letter was forwarded to the USMLE Secretariat. On December 23, 2019, the Secretariat's office, a division of NBME, refused by email communication to the Medical Board and Plaintiff to permit Plaintiff to sit for "Step 3" of the USMLE prior to the end of the six-month waiting period. (*See, **Exhibit "I,"*** attached hereto and incorporated herein.)

**ANSWER:**

NBME admits the allegations in the first sentence of paragraph 44.  NBME denies the allegations in the second sentence of paragraph 44 as stated, and states that the December 23, 2019 email from Nicole Miller, Program Manager, USMLE Secretariat, indicated that NBME was unable to approve the California Medical Board's request for an exemption from the policy regarding the timing of retakes.

**F.     Plaintiff Places His License on Inactive Status & Loses His Job[7]**

45.     On December 24, 2019, Plaintiff placed his medical license on inactive status. This made Plaintiff ineligible for employment as a psychiatrist. Plaintiff took a leave of absence from

---

[7] NBME is without knowledge or information sufficient to form a belief as to whether Plaintiff placed his license on inactive status and lost his job.

his job and was ultimately let go from his employment. He has been unemployed in his chosen field of psychiatry ever since Christmas Day of 2019.

**ANSWER:**

NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies them.

**G.    Plaintiff Sits Again for "Step 3" on June 29-30, 2020, Again Without Accommodations, and Again Fails "Step 3"**

46.    Plaintiff attempted again to re-take "Step 3" of the USMLE at the next opportunity on June 29-30, 2020. This attempt was, once again, without accommodations from either NBME or FSMB.

**ANSWER:**

In response to the allegations in paragraph 46, NBME admits that Plaintiff took the Step 3 examination on June 29-30, 2020, and tested without accommodations.  The allegation regarding "the next opportunity" is vague and therefore denied.

47.    Due to COVID19 restrictions, the "Step 3" exam was offered in San Francisco, California, which is within this Judicial District. Plaintiff traveled from Los Angeles to San Francisco in order to re-take "Step 3" in a room along with approximately 15 other people, not all of whom were necessarily taking the USMLE. The room was set up for proctored examinations of various kinds, and it constituted a highly distracting and disabling atmosphere for taking a test by someone with Plaintiff's particular disabilities.

**ANSWER:**

In response to the allegations in the first sentence of paragraph 47, NBME admits that San Francisco, California is within the Northern District of California.  The remaining allegations in the first sentence of paragraph 47 are vague and denied on that basis.  NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 47, and therefore denies them.  NBME denies the allegations in the third sentence of paragraph 47.

48.     Plaintiff was informed on July 15, 2020 that he failed "Step 3" again. This was Plaintiff's fourth attempt at passing "Step 3."

**ANSWER:**

NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 48, and therefore denies them.  NBME admits the allegations in the second sentence of paragraph 48.

**H.     Plaintiff Submits a Third Request to NBME for Accommodations to Take "Step 3" of the USMLE[8]**

49.     On January 20, 2021, Plaintiff submitted the Comprehensive Neuropsychological Evaluation and Report prepared by Dr. Annette Swain, Ph.D., and board certified neuropsychologist, which is also attached hereto as ***Exhibit "A."*** Plaintiff also submitted a personal statement. Receipt of these materials was acknowledged by "Molly," a Disability Services Specialist at NBME.

**ANSWER:**

NBME admits that Plaintiff submitted a document entitled Comprehensive Neuropsychological Evaluation Report over the name and typed signature of Annette Swain, Ph.D., ABPP-CN on or about January 20, 2021, and admits that a copy of this document is attached as Exhibit A to the Complaint.  NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 49, and therefore denies them.  In response to the allegations in the second sentence of paragraph 49, NBME denies that Plaintiff submitted a "personal statement" in support of this request, but states that Plaintiff submitted a substantive email to NBME.  In response to the allegations in the third sentence of paragraph 49, NBME admits that Molly, an NBME Disability Services Specialist, acknowledged receipt of the evaluation report, but denies that she acknowledged receipt of any personal statement.

---

[8] NBME admits that Plaintiff submitted another request for testing accommodations to NBME on or about January 20, 2021.

50.     To date, Plaintiff has not received a reply from NBME to his third request for disability accommodations. Based on the reaction to his prior submissions, Plaintiff has no reason to believe Defendants will grant this third request either. Thus, Defendants' discriminatory conduct is continuous and ongoing.

**ANSWER:**

NBME admits that the allegations in the first sentence of paragraph 50 were correct as of the date of Plaintiff's filing, and states that NBME provided a response to Plaintiff's request on March 26, 2021.  NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 50, and therefore denies them.  NBME denies the allegations in the third sentence of paragraph 50.

I.    **Plaintiff is Eligible to Re-Take "Step 3" before July 1, 2021, but Plaintiff Requires Accommodations for His Disability, Which Continue to be Denied by Defendants**[9]

51.     Until July 1, 2021, Plaintiff is eligible to attempt to re-take "Step 3" of the USMLE because the current policy promulgated by FSMB allows applicants six attempts. Plaintiff is scheduled to re-take "Step 3" by June 30, 2021. This will be Plaintiff's fifth attempt to pass "Step 3."

**ANSWER:**

In response to the allegations in the first sentence of paragraph 51, NBME denies that the referenced policy is "promulgated by FSMB," states that this is a USMLE program policy, and admits the remaining allegations in the sentence.  NBME denies the remaining allegations in paragraph 51, as Plaintiff is not currently scheduled to test.

52.     By reason of the disabilities more specifically pleaded herein, Plaintiff requires disability accommodations to permit him to pass "Step 3," and respectfully requests a preliminary and permanent injunction ordering Defendants to permit Plaintiff to complete a re-take of "Step 3" of the USMLE by June 30, 2021 and to provide the disability accommodations set forth herein.

---

[9] NBME admits that Plaintiff is eligible to re-take the Step 3 exam before July 1, 2021, but denies that he is entitled to disability-based testing accommodations.

1

**ANSWER:**

2

In response to the allegations in paragraph 52, NBME denies the Plaintiff "requires"

3

disability accommodations or is entitled to disability accommodations under the ADA, and

4

denies that Plaintiff is entitled to the relief sought or any relief in this action.

5

**J.      Plaintiff's Prior Two Attempts to Re-Take "Step 3" Without Accommodations
Should be Expunged[10]**

6

7

53.      Plaintiff was subjected to disability discrimination and a failure to accommodate

8

on each occasion he was required to re-take "Step 3" with accommodations after April 25, 2019;

i.e., October 22-23, 2019 and June 29-30, 2020.

9

**ANSWER:**

10

NBME admits that Plaintiff did not receive testing accommodations when he tested

11

in October 2019 and June 2020 and denies the remaining allegations in paragraph 53.

12

54.      On April 25, 2019, Plaintiff notified Defendants that he is a person with a

13

disability, and despite Plaintiff providing more than adequate documentation of his disability,

14

Defendants denied Plaintiff's request for disability accommodations.

15

**ANSWER:**

16

NBME admits that it received a request for testing accommodations from Plaintiff,

17

denies the request was sent or complete on April 25, 2019, and admits that NBME denied

18

this request.  NBME denies the remaining allegations in paragraph 54.

19

58.      Plaintiff should never have been forced to sit for "Step 3" of the USMLE without

20

accommodations once Defendants became aware of his disability. In effect, Defendants'

21

discriminatory conduct caused Plaintiff to unnecessarily waste two attempts at passing "Step 3"

22

when they knew "Step 3" can only be taken a finite number of times.

23

**ANSWER:**

24

NBME denies the allegations in paragraph 58.

25

26

27

---

28

[10] NBME denies that "Plaintiff's Prior Two Attempts to Re-Take 'Step 3' Without
Accommodations Should be Expunged."

59.     In so doing, Defendants placed Plaintiff at a disadvantage relative to non-disabled test takers because Plaintiff was forced to sit for "Step 3" on two occasions without any accommodations or even a reasonable explanation or communication for why Plaintiff was denied accommodations.

**ANSWER:**

NBME denies the allegations in paragraph 59.

**K.      If The Court Cannot Grant Plaintiff Injunctive Relief Prior to July 1, 2021, Plaintiff Should be Permitted to Take "Step 3" After July 1, 2021 With Accommodations[11]**

60.     On July 1, 2021, the FSMB's change to the rule regarding the number of times an applicant can take "Step 3" of the USMLE will go into effect. The number of times an applicant can take "Step 3" will be reduced from six times to four times. This rule change will apply to the Medical Board.

**ANSWER:**

NBME denies the allegations in the first sentence of paragraph 60 as stated, and states that the USMLE program policy change regarding the number of times an examinee can take Step 3 of the USMLE program becomes effective July 1, 2021.  NBME admits the allegations in the second sentence of paragraph 60.  The allegations in the third sentence of paragraph 60 are vague and therefore denied.

61.     When this rule change goes into effect, Plaintiff will no longer be eligible to take "Step 3." He has already surrendered his medical license, and after July 1, 2021, he will be forever barred from regaining licensure and practicing psychiatry. Plaintiff is faced with an emergency situation for which monetary damages will not provide him with a complete and adequate remedy.

**ANSWER:**

NBME denies the allegations in the first sentence of paragraph 61 as stated, and states that Plaintiff will no longer be eligible to register for Step 3 after July 1, 2021 and may

---

[11] NBME denies that "If The Court Cannot Grant Plaintiff Injunctive Relief Prior to July 1, 2021, Plaintiff Should be Permitted to Take 'Step 3' After July 1, 2021 With Accommodations."

petition the state medical board to allow him to retake the Step 3 examination again. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 61, and therefore denies them, and further states that Plaintiff may petition the state medical board to allow him to retake the Step 3 examination after July 1, 2021. In response to the allegations in the third sentence of paragraph 61, NBME denies that Plaintiff is "faced with an emergency situation," and denies that Plaintiff is entitled to any relief.

62.    The only reason Plaintiff will be rendered ineligible on July 1, 2021 is because, by that time, he will have already sat for "Step 3" four times. However, two of his attempts – October 22-23, 2019 and June 29-30, 2020 - were made without accommodations at a time when Defendants had been notified that Plaintiff was a person with a disability, yet Defendants failed to accommodate Plaintiff. Those last two attempts were foisted onto Plaintiff under unlawful and discriminatory circumstances, and as more specifically pleaded herein, those attempts should not be counted toward the total number of times Plaintiff has attempted to pass "Step 3" of the USMLE.

**ANSWER:**

NBME denies the allegations in paragraph 62.

63.    If the Court cannot grant Plaintiff's request for injunctive relief as requested herein by July 1, 2021, Plaintiff should be granted injunctive relief ordering that he be permitted to re-take "Step 3" even after July 1, 2021, with accommodations, two, additional times.

**ANSWER:**

In response to the allegations in paragraph 63, NBME denies that Plaintiff is entitled to the relief he seeks or any relief in this action.

-25-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIRST CLAIM FOR RELIEF

**Violation of the Americans with Disabilities Act
(42 U.S.C. § 12181, *et seq.*)[12]**

64.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

**ANSWER:**

NBME incorporates by reference its responses to the prior paragraphs.

65.     The purpose of the ADA/ADAAA is to prevent discrimination against individuals with a disability in places of public accommodations, commercial facilities, and private entities that offer certain examination and courses related to educational and occupational certification. Defendants are entities subject to and covered by the requirements of Title III of the ADA/ADAAA.

**ANSWER:**

NBME denies that Plaintiff is fully and accurately paraphrasing the ADA or the ADAAA in the first sentence of paragraph 65, and therefore denies the allegations.  NBME denies the allegations in the second sentence of paragraph 65 as stated, and states that NBME is subject to a specific provision found in Title III of the ADA, 42 U.S.C. § 12189, as it relates to the USMLE, and denies that NBME is subject to the "public accommodation" provisions in Title III of the ADA.

66.     Congress provided a clear national mandate for the elimination of discrimination against individuals with disabilities when it enacted the ADA and when it amended it to expand its reach in 2008 with the passage of the ADAAA. Such discrimination includes barriers to full integration, independent living, and most significant to this case, equal opportunity for persons with disabilities.

**ANSWER:**

NBME denies the allegations in paragraph 66 as stated and refers to the text of the ADA and ADAAA for any statements of purpose, and further denies that "equal opportunity

---

[12] NBME denies that it violated the Americans with Disabilities Act.

for persons with disabilities" is "significant to this case," given that Plaintiff has not

demonstrated that he is disabled within the meaning of the ADA or ADAAA.

67.     In order to comply with the Title III of the ADA/ADAAA, covered entities like

Defendants must, among their many obligations:

- Provide goods and services in an integrated setting, unless separate or different measures are necessary to ensure equal opportunity;

- Eliminate unnecessary eligibility standards or rules that deny individuals with disabilities an equal opportunity to enjoy the goods and services of a place of public accommodation;

- Make reasonable modifications in policies, practices, and procedures that deny equal access to individuals with disabilities, unless a fundamental alteration would result in the nature of the goods and services provided;

- Furnish auxiliary aids when necessary to ensure effective communication, unless an undue burden or fundamental alteration would result.

**ANSWER:**

NBME denies that it is subject to the "public accommodation" provisions in Title III

of the ADA and therefore denies the allegations in paragraph 67.

68.     Here, Defendants, with full knowledge that Plaintiff was a person with a disability,

refused to provide reasonable accommodations for "Step 3" of the USMLE, placing Plaintiff at a

distinct and severe disadvantage in the provision and administration of the USMLE relative to

non-disabled persons. Defendants conduct violated the ADA/ADAAA, entitling Plaintiff to the

injunctive relief requested herein.

**ANSWER:**

NBME denies the allegations in paragraph 68.

69.     By reason of the clear violation of the ADA/ADAAA, Plaintiff has a strong

likelihood of success on the merits. Moreover, under the circumstances, Plaintiff will likely suffer

irreparable injury if injunctive relief is not granted. In addition, the balance of hardships favors

Plaintiff because Defendants will not be put to an undue burden or expense if accommodations

are given to Plaintiff. Finally, because of the clear Congressional intent to protect persons with

disabilities and provide them with equal opportunity, the public interest favors granting an

injunction. (*See, Winter v. Natural Res. Def. Council (Winter)* (2008) 129 S. Ct. 365, 370–87.)

1    WHEREFORE, Plaintiff prays for Judgment as set forth herein.

2  **ANSWER:**

3    NBME denies the allegations in paragraph 69 and denies that Plaintiff is entitled to

4  judgment in his favor.

5                    **SECOND CLAIM FOR RELIEF**

6            **Violation of California Unruh Civil Rights Act**
              **(Cal. Civil Code §§ 51, 52)[13]**
7

8    70.    Plaintiff incorporates by reference each and every allegation contained in the

9  foregoing paragraphs.

10 **ANSWER:**

11   NBME incorporates by reference its responses to the prior paragraphs.

12   71.    California's Unruh Civil Rights Act, Cal. Civil Code § 51, 52 ("Unruh") permits a

13 private cause of action for disability discrimination and provides that a plaintiff may obtain

14 statutory penalties, compensatory damages, and injunctive relief as well as attorneys' fees.

15 **ANSWER:**

16   NBME denies that Plaintiff has fully or accurately paraphrased the Unruh Civil

17 Rights Act in paragraph 71, and therefore denies the allegations.

18   72.    In answering a question certified to it by the 9th Circuit – whether disability

19 discrimination under Unruh must be intentional? – the California Supreme Court answered: No.

20 (*See, Munson v. Del Taco, Inc.* (2009) 46 Cal.4th 661.)

21 **ANSWER:**

22   NBME denies that Plaintiff is fully and accurately capturing the question certified to

23 the California Supreme Court in *Munson v. Del Taco*, and therefore denies the allegations in

24 paragraph 72.

25   73.    In reaching this conclusion, the *Munson* Court declared that Unruh is "preventive"

26 in nature and must be interpreted broadly so as to effect the intent of the California Legislature,

27 which is to "create and preserve a nondiscriminatory environment in California...by 'banishing' or

28 ───────────────
   [13] NBME denies that it violated the Unruh Civil Rights Act.

'eradicating' arbitrary, invidious discrimination by [business] establishments." (*Munson, supra,* 46 Cal.4th at 666.)

**ANSWER:**

NBME denies that Plaintiff is fully and accurately paraphrasing from the decision in *Munson v. Del Taco*, and therefore denies the allegations in paragraph 73.

74.     The *Munson* Court also recognized that it is "the intent of the Legislature in enacting [Unruh] to strengthen California law in areas where it is weaker than the Americans with Disabilities Act of 1990...and to retain California law when it provides more protection for individuals with disabilities than the Americans with Disabilities Act of 1990." (*Munson, supra,* 46 Cal.4th at 668.)

**ANSWER:**

NBME denies that Plaintiff is accurately paraphrasing from the decision in *Munson v. Del Taco*, and therefore denies the allegations in paragraph 74.

74.     Under California law, a violation of Unruh is *per se* injurious and harm is presumed. (*Koire v. Metro Car Wash* (1985) 40 Cal.3d 24, 33 [219 Cal.Rptr. 133, 707 P.2d 195].) Plaintiff is entitled to three times his actual damages, but in no case less than $4,000 per violation, even if there are no actual damages. (Cal. Civil Code, § 52(a).) "Actual damages" under Unruh includes both special and general damages. (Cal. Civil Code, § 52(h).)

**ANSWER:**

NBME denies that Plaintiff is entitled to any relief, including damages, under the Unruh Act and therefore denies the allegations in paragraph 74.  NBME further notes there are two paragraph 74s in Plaintiff's complaint.

75.     In this case, as more specifically pleaded herein, Defendants have denied Plaintiff reasonable disability accommodations in the taking of "Step 3" of the USMLE, which constitutes disability discrimination. Alternatively or in addition to, Defendants have aided each other, in an unlawful practice, pattern or scheme of denying reasonable accommodations to Plaintiff, which is ongoing and continues to the present day. Finally, Defendants have made an unlawful distinction

about the nature and extent of Plaintiff's disability that led to a denial of reasonable accommodations in the taking "Step 3" of the USMLE.

**ANSWER:**

NBME denies the allegations in paragraph 75.

76.     In so doing, Defendants have discriminated against Plaintiff based on disability, which is conduct prohibited by Unruh.

**ANSWER:**

NBME denies the allegations in paragraph 76.

77.     As pleaded above, Defendants conduct need not be intentional to constitute a violation of Unruh, although Plaintiff alleges that, at all pertinent times, Defendants' conduct was, in fact, intentional.

**ANSWER:**

NBME denies that it violated the Unruh Act and denies the allegations in paragraph 77.

78.     Moreover, Defendants have no legitimate grounds for engaging in such unlawful conduct. Defendants have no rational basis upon which to deny Plaintiff reasonable disability accommodations in taking "Step 3" of the USMLE. Defendants have only their own unlawful and discriminatory perceptions of Plaintiff and his disabilities, and the equally unlawful conclusion emanating from those perceptions, which are not based on any empirical evidence.

**ANSWER:**

NBME denies that it engaged in unlawful conduct, denies that Plaintiff is entitled to testing accommodations, and denies the allegations in paragraph 78.

79.     Without ever having examined, tested, or evaluated Plaintiff, Defendants concluded that Plaintiff is not a disabled person entitled to reasonable accommodations under either federal or California law when, in fact, Plaintiff is a person with disabilities entitled to protection under both the ADA/ADAAA and Unruh.

1    **ANSWER:**

2          NBME admits that it did not personally examine, test, or evaluate Plaintiff and states

3    that it is not required to do so, admits that it concluded that the documentation submitted by

4    Plaintiff did not show that he is disabled, and denies the remaining allegations in paragraph

5    79.

6          80.    Finally, Plaintiff has on two, prior occasions provided Defendants with sufficient

7    proof his disability by providing Defendants with copies of evaluations, reports, and diagnoses of

8    mental health professionals. Despite this proof, and without articulating any undue burden

9    Plaintiff's request for reasonable accommodations would cause, Defendants have persisted, and

10   will continue to persist, in denying reasonable accommodations to Plaintiff in taking "Step 3" of

11   the USMLE, warranting injunctive relief.

12   **ANSWER:**

13         NBME denies the allegations in paragraph 80.

14         81.    Defendants conduct directly and proximately prevents Plaintiff from restoring his

15   medical license and returning to the practice of psychiatric medicine. In essence, Defendants'

16   unlawful conduct has erected a discriminatory barrier requiring Plaintiff to take "Step 3" of the

17   USMLE on terms and under conditions that are *different from* or *not substantially similar* to the

18   terms and conditions under which a nondisabled person would take "Step 3" of the USMLE.

19   Both the ADA/ADAAA and Unruh forbid this outcome.

20   **ANSWER:**

21         NBME denies the allegations in paragraph 81.

22         82.    As a direct and proximate result of Defendants' refusal to grant reasonable

23   accommodations to Plaintiff, Plaintiff has suffered, and will continue to suffer, economic and

24   noneconomic damages in the form of lost income from the practice of psychiatric medicine as

25   well as severe emotional distress, humiliation, embarrassment, worry, anxiety, and general

26   damages to his psyche, all in an amount to be proven at the time of trial.

27         WHEREFORE, Plaintiff prays for Judgment as set forth herein.

28

-31-

1

**ANSWER:**

2       NBME denies the allegations in paragraph 82 and denies that Plaintiff is entitled to

3   judgment in his favor.

4                              **THIRD CLAIM FOR RELIEF**

5                                   **Declaratory Relief**

6       83.     Plaintiff incorporates by reference each and every allegation contained in the

7   foregoing paragraphs.

8   **ANSWER:**

9       NBME incorporates by reference its responses to the prior paragraphs.

10      84.     An actual controversy has arisen and now exists between the parties in that

11  Plaintiff contends, and is informed and believes that Defendants deny or will deny, that by

12  refusing to grant Plaintiff reasonable accommodations in taking "Step 3" of the USMLE,

13  Defendants have failed to comply with all applicable laws protecting the rights of disabled

14  persons like Plaintiff, including but not limited to Title III of the ADA, 42 U.S.C. §§ 12181, *et*

15  *seq.* and California's Unruh Civil Right Act.

16      A judicial declaration is necessary and appropriate at this time in order that each of the

17  parties may know their respective rights and duties and act accordingly.

18      WHEREFORE, Plaintiff prays for Judgment as set forth herein.

19  **ANSWER:**

20      NBME admits that it denied Plaintiff's request for testing accommodations but denies that

21  Plaintiff is entitled to declaratory relief or any relief, denies the remaining allegations in

22  paragraph 84, and denies that Plaintiff is entitled to judgment in his favor.

23      The remaining allegations in Plaintiff's Complaint constitute a Prayer for Relief as to

24  which no responsive pleading is required, but NBME denies that Plaintiff is entitled to the relief

25  sought or any relief in this action.

26      **ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED HEREIN ARE**

27  **DENIED.**

28

**AFFIRMATIVE DEFENSES**

1.      Plaintiff's claims are barred by the statute of limitations to the extent they are based on any actions taken by NBME outside the limitations period.

2.      Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. On information and belief, Plaintiff was aware that he had not passed Step 3 at the time he was granted a license to practice in California, but he failed to raise this fact with the California Medical Board and proceeded to practice medicine, knowing that he had not satisfied all criteria for licensure.  Plaintiff now seeks injunctive relief requiring NBME to "expunge" two of his prior Step 3 results to enable him to test additional times after July 1, 2021, contrary to testing policies that were put into place to protect the integrity of the exam and support medical licensing authorities.

3.      Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.  On information and belief, Plaintiff was aware that he had not passed Step 3 after he tested in 2014. Plaintiff could have retaken the test at that time and sought testing accommodations, but instead, he proceeded to practice medicine despite knowing that he had not satisfied all criteria for licensure.  He is now retaking the test seven years later and is seeking injunctive relief requiring NBME to provide him with all of his testing accommodations and to "expunge" two of his prior Step 3 results to enable him to test additional times after July 1, 2021, contrary to testing policies that were put into place to protect the integrity of the exam and support medical licensing authorities.  Plaintiff unreasonably delayed in asserting his alleged right to test with accommodations, to the prejudice of NBME.

4.      Plaintiff's request for compensatory damages is barred or limited by his failure to mitigate damages by promptly notifying the California Medical Board that he was not, in fact, entitled to be licensed to practice medicine in California because of his failure to pass the Step 3 exam; and by other actions or inactions after his license was suspended.

NBME presently has insufficient knowledge or information on which to form a belief as to whether it may have additional affirmative defenses available.  NBME reserves the right to

-33-

1   assert additional affirmative defenses in the event discovery or further analysis indicates that

2   additional unknown or unstated affirmative defenses are applicable.

3       WHEREFORE, NBME prays for judgment as follows:

4       1.      That Plaintiff take nothing and be denied all relief requested in his Complaint;

5       2.      That Plaintiff's Complaint be dismissed with prejudice on the merits;

6       3.      That NBME recover its fees and costs incurred herein; and

7       4.      That NBME be awarded such other and further relief as the Court deems just and

8   proper.

9   DATED:  April 9, 2021                         **PERKINS COIE LLP**

10

11                                      By:/s/Maria A. Nugent
                                            Maria A. Nugent
12                                          Robert A. Burgoyne (*pro hac vice*
                                            application pending)
13
                                        Attorneys for Defendant
14                                      NATIONAL BOARD OF MEDICAL
                                        EXAMINERS

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-34-