Maria A. Nugent, Bar No. 306074
MNugent@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA  94105-3204
Telephone:  415.344.7000
Facsimile:  415.344.7050

Attorneys for Defendants
NATIONAL BOARD OF MEDICAL EXAMINERS
and FEDERATION OF STATE MEDICAL BOARDS, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL WELLS, JR.,<br><br>                    Plaintiff,<br><br>        v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS, a not-for-profit corporation; FEDERATION OF STATE MEDICAL BOARDS, INC., a not-for-profit corporation,<br><br>                    Defendants. | Case No. 3:21-cv-01279-JSC<br><br>**FEDERATION OF STATE MEDICAL BOARDS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND STATUTORY PENALTIES; DECLARATORY AND INJUNCTIVE RELIEF; AND DEMAND FOR TRIAL BY JURY** |

Defendant Federation of State Medical Boards, Inc.  ("FSMB"), by and through its undersigned attorneys, hereby answers the Complaint for Damages and Statutory Penalties; Declaratory and Injunctive Relief; and Demand for Trial by Jury (Dkt. 4) ("Complaint") of Plaintiff Cornell Wells, Jr. ("Plaintiff" or "Mr. Wells").  FSMB denies that it has violated Mr. Wells's rights in any way and answers the allegations in the numbered paragraphs of the Complaint as follows.

**INTRODUCTION**

1.      This Action arises out of a violation of Title III of the federal Americans With Disabilities Act ("ADA"), as amended by the Americans With Disabilities Act Amendments Act ("ADAA") of 2008, P.L. 110-325, codified at 42 U.S.C. § 12181, *et seq.*; and violation of California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civil Code § 51, which also prohibits discrimination against any citizen of the State of California on the basis of disability.

**ANSWER:**

FSMB admits that Plaintiff purports to bring claims under Title III of the ADA and California's Unruh Civil Rights Act ("Unruh Act"), but it denies that it has violated either act.

2.      Plaintiff CORNELL WELLS, JR. ("Plaintiff") alleges that Defendants NATIONAL BOARD OF MEDICAL EXAMINERS ("NBME") and FEDERATION OF STATE MEDICAL BOARDS, INC. ("FSMB"), individually and in concert with each other, have discriminated against him on the basis of disability by failing to accommodate his disabilities in the provision or administration of the United States Medical Licensing Examination ("USMLE"), which Defendants jointly administer in the State of California and throughout the United States.

**ANSWER:**

FSMB admits that it owns the USMLE along with NBME.  FSMB denies the remaining allegations in paragraph 2 and states that the USMLE is administered by a third-party vendor.

3.      Plaintiff respectfully requests a preliminary and permanent injunction under the ADA/ADAAA ordering Defendants to take the following actions:

- Issue an order allowing Plaintiff to re-take "Step 3" of the USMLE by on or about July 1, 2021 with disability accommodations consisting of double time plus a private setting; and

- Issue an order expunging Plaintiff's prior attempts to pass "Step 3" of the USMLE without accommodations at any time after April 25, 2019, after which time Defendants were placed on actual notice that Plaintiff was a person with disabilities who was requesting and required accommodations (which were denied); and

- If injunctive relief cannot issue in time for Plaintiff to re-take "Step 3" of the USMLE by July 1, 2021, issue an order allowing Plaintiff to re-take "Step 3" at the next available opportunity after July 1, 2021 when "Step 3" is administered in California.

**ANSWER:**

FSMB admits that Plaintiff purports to seek the relief stated in paragraph 3 but denies that he is entitled to the relief sought or any relief in this action.

4.     Plaintiff further respectfully requests statutory penalties and compensatory damages in an amount according to proof pursuant to Cal. Civil Code § 52 as well as an award of attorney's fees pursuant to the ADA/ADAAA and Cal. Civil Code § 52

**ANSWER:**

FSMB admits that Plaintiff purports to seek the relief stated in paragraph 4 but denies that he is entitled to the relief sought or any relief in this action.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 for claims arising under the ADA/ADAAA. This Court also has supplemental jurisdiction over Plaintiff's state law claims arising under California's Unruh Civil Rights Act pursuant to 42 U.S.C. § 1367.

**ANSWER:**

The allegations in paragraph 5 are legal conclusions that FSMB is not required to admit or deny, but if so required, FSMB admits that the Court has federal question jurisdiction over Plaintiff's ADA claim and may choose to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.

6.     Venue is proper in this District, pursuant to 28 U.S.C. § 1391. The Defendants are private organizations that do business in the State of California and provide their services in this

1   District. Defendants have frequent, continuous, and systematic contacts with the State of

2   California and this District through the administration and provision of the USMLE in this

3   District sufficient to confer personal jurisdiction over Defendants. Moreover, a substantial part of

4   the acts or omissions giving rise to this Action occurred in this District by reason of the events

5   that occurred on June 29-30, 2020 as more specifically pleaded herein.

6   **ANSWER:**

7       The allegations in paragraph 6 constitute legal conclusions that FSMB is not required

8   to admit or deny, but if so required, FSMB denies that a substantial part of the acts or

9   omissions giving rise to this action occurred in this District and denies that it has frequent,

10  continuous, and systematic contacts with the State of California and this District through the

11  administration and provision of the USMLE in this District sufficient to subject FSMB to

12  general personal jurisdiction in California, but states that it is not contesting venue in this

13  action.

14                                     **INTRA-DISTRICT ASSIGNMENT**

15      7.      Pursuant to Civil Local Rule 3-2(c), (d), assignment of this action is proper to

16  either the San Francisco, California Division or Oakland, California Divisions.

17  **ANSWER:**

18      The allegations in paragraph 7 constitute legal conclusions that FSMB is not required

19  to admit or deny, but if so required, FSMB states that it is not challenging assignment of this

20  action to this Division.

21                                              **PARTIES**

22      8.      Plaintiff is, and at all times mentioned herein was, an individual with a disability

23  as more specifically pleaded herein residing within the County of Los Angeles, State of

24  California.

25  **ANSWER:**

26      FSMB is without knowledge or information specific to form a belief as to the truth of

27  the allegations in paragraph 8 regarding Plaintiff's residence and therefore denies them.

28  FSMB denies that Plaintiff is an individual with a disability.

9. Defendant NBME is a not-for-profit organization headquartered in Philadelphia, Pennsylvania and organized under the laws of the District of Columbia. NBME jointly administers the USMLE, a nationwide licensure examination for physicians and surgeons along with Defendant FSMB. NBME is responsible for processing requests for accommodations by disabled applicants such as Plaintiff who wish to take the USMLE in the State of California. In this capacity, NBME has frequent, continuous, and systematic contacts, and does business in, the State of California where the USMLE is administered.

**ANSWER:**

FSMB admits the allegations in the first sentence of paragraph 9 on information and belief. FSMB denies the allegations in the second sentence of paragraph 9, and states that it co-owns the USMLE with NBME, it jointly administers the USMLE program with NBME, and the USMLE exam at issue here (the USMLE Step 3 exam) is administered by a third-party vendor. In response to the allegations in the third sentence of paragraph 9, FSMB admits that NBME processes and decides requests for disability-based testing accommodations on the USMLE, including requests from individuals who test in California, but denies that Plaintiff is a "disabled applicant." FSMB admits that it does business in California but denies the remaining allegations in the fourth sentence of paragraph 9.

10. Defendant FSMB is a national, not-for-profit organization headquartered in Euless, Texas. FSMB represents 71 state medical and osteopathic boards of the United States and its territories. Together with NBME, FSMB jointly sponsors and administers the USMLE in the State of California as well as establishes the general policies and guidelines for test-taking that state medical boards follow as "fellows" of the FSMB, including the number of times an applicant may take the USMLE as well as what constitutes a passing score for the USMLE. This includes the Medical Board. In this capacity, FSMB has frequent, continuous, and systematic contacts, and does business in, the State of California.

**ANSWER:**

In response to the allegations in the first sentence of paragraph 10, FSMB admits that its headquarters are located in Euless, Texas, and that FSMB is a not-for-profit organization.

In response to the allegations in the second sentence of paragraph 10, FSMB states that it represents the 71 state medical and osteopathic regulatory boards — commonly referred to as state medical boards — within the United States, its territories and the District of Columbia.  In response to the allegations in the third sentence of paragraph 10, FSMB admits that FSMB and NBME jointly sponsor the USMLE, denies that NBME or FSMB administer the USMLE in California, states that the USMLE exams are administered by a third-party vendor, and admits that FSMB and NBME jointly establish general policies and guidelines for the USMLE.  FSMB denies that state medical boards are required to follow all of the USMLE guidelines (such as the recommended guideline for passing scores). FSMB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence of paragraph 10 and therefore denies them.  The allegations in the fourth sentence of paragraph 10 are vague and therefore denied.  FSMB denies the allegations in the fifth sentence of paragraph 10.

## FACTUAL ALLEGATIONS

**A.**     **Plaintiff's Academic History & Career as a Psychiatrist[1]**

11.     Plaintiff CORNELL WELLS, JR. ("Plaintiff") is a 45-year-old, African-American male and resident of the State of California. He attended Albert Einstein College of Medicine from 2005-2012. He completed his medical residency at California Pacific Medical Center in psychiatry in 2016. In October 2018, Plaintiff was board certified as a psychiatrist.

**ANSWER:**

FSMB admits, on information and belief, that Plaintiff graduated from Albert Einstein College of Medicine in 2012 and that he was certified in psychiatry by the American Board of Psychiatry and Neurology.  FSMB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 and therefore denies them.

---

[1] FSMB is without knowledge or information sufficient to form a belief as to whether the allegations in Section A completely and accurately convey "Plaintiff's Academic History & Career as a Psychiatrist."

12.     From 2016-2018, Plaintiff worked as a staff psychiatrist at Kaiser Permanente, Southern California Medical Group, where he focused on patients who have been traditional underserved by mental health professionals.

**ANSWER:**

FSMB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies them.

13.     From 2018-December 2019, Plaintiff worked as a psychiatrist for Pacific Coast Psychiatric Associates, a private psychiatric practice.

**ANSWER:**

FSMB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies them.

14.     Plaintiff enjoyed serving his patients' needs. Plaintiff had no disciplinary record or negative marks of any kind against his medical license.

**ANSWER:**

FSMB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them.

**B.     Plaintiff is a Person With Disabilities That Substantially Limit Major Life Activities Such as Learning, Reading, Concentration, Visual Perception, and Executive Functioning[2]**

15.     Throughout his social and academic life, however, Plaintiff has struggled as a person with disabilities. He has a chronic history of reading comprehension, cognitive processing speed, and executive functioning problems. Plaintiff has been diagnosed by a board certified neuropsychologist with a neuro-developmental impairment resulting from being born prematurely and at a very low birth weight ("PT/VLBW"). (*See*, ***Exhibit "A,"*** attached hereto and incorporated herein.)

---

[2] On information and belief, FSMB denies that "Plaintiff is a Person With Disabilities That Substantially Limit Major Life Activities Such as Learning, Reading, Concentration, Visual Perception, and Executive Functioning."

1    **ANSWER:**

2        FSMB is without knowledge or information sufficient to form a belief as to the truth

3    of the allegations in the first two sentences of paragraph 15 and therefore denies them.  In

4    response to the allegations in the third sentence of paragraph 15, FSMB admits that Plaintiff

5    attached a 27-page neuropsychological report as Exhibit A to his complaint and that the

6    report reflects a diagnosis of neurodevelopmental disorder associated with preterm birth and

7    low birth rate.  FSMB is without knowledge or information sufficient to form a belief as to

8    the truth of the remaining allegations in paragraph 15 and therefore denies them.

9        16.    Secondarily, Plaintiff also has been diagnosed with ADHD, predominantly

10   inattentive type. This condition manifests as inattention when Plaintiff is presented with even

11   ordinary life activities. It is especially impairing when Plaintiff is presented with complex

12   material or information. (*See, **Exhibit "A."***) "Step 3" of the USMLE contains this type of

13   complex material.

14   **ANSWER:**

15       In response to the allegations in the first sentence of paragraph 16, FSMB admits that

16   Plaintiff attached a 27-page neuropsychological report as Exhibit A to his complaint and that

17   the report reflects a diagnosis of Attention Deficit Hyperactivity Disorder Predominantly

18   Inattentive Type.  FSMB is without knowledge or information sufficient to form a belief as

19   to the truth of the remaining allegations in paragraph 16 and therefore denies them.

20       17.    In addition, Plaintiff has been diagnosed with a learning disorder that impairs his

21   reading comprehension skills as compared to others, another condition that places him at a

22   disadvantage with tests like "Step 3" of the USMLE. (*See, **Exhibit "A."***)

23   **ANSWER:**

24       FSMB admits that Plaintiff attached a 27-page neuropsychological report as Exhibit

25   A to his complaint and that the report reflects a diagnosis of Specific Learning Disorder with

26   impairment in reading (reading comprehension).  FSMB denies the remaining allegations in

27   paragraph 17 on information and belief.

28

18.     Together, these disabilities substantially impair Plaintiff's language skills, attention to detail, visuo-perception, and higher order executive functioning abilities. (*See, Exhibit "A."*) These disabilities substantially limit major activities of Plaintiff's life; indeed, they impair every aspect of his life, even though he has learned to cope with some of the effects.

**ANSWER:**

FSMB denies the allegations in paragraph 18 on information and belief.

**C.     The California Medical Board Requires Plaintiff to Re-Take "Step 3" of the USMLE[3]**

19.     Through no fault of his own, and due to its own internal mistake, the Medical Board of California ("Medical Board") discovered in or about March 2019 as a result of a routine audit, that Plaintiff's medical license had been issued to him in error on July 8, 2014.

**ANSWER:**

FSMB denies that Plaintiff was issued a medical license in 2014 "through no fault of his own."  On information and belief, Plaintiff was aware that he had not achieved a passing score on the Step 3 exam and therefore was presumptively aware that he was not qualified for licensure in the State of California.  FSMB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19, which relate to the Medical Board of California, and therefore denies them.

20.     Plaintiff believed he had successfully met the criteria to practice medicine in the State of California because he was issued a medical license from the Medical Board. However, in March 2019, Plaintiff was informed by the Medical Board he had actually failed the final portion of the USMLE. The USMLE is a national physicians' and surgeons' standardized examination consisting of three parts, called "Steps." The final "step" is referred to as "Step 3." Successfully passing all three "steps" of the USMLE is a prerequisite to practicing medicine in California.

---

[3] FSMB is without knowledge or information sufficient to form a belief as to whether the allegations in Section C completely and accurately reflect Plaintiff's interactions with the California Medical Board.

1

**ANSWER**:

2          FSMB is without knowledge or information sufficient to form a belief as to the truth of

3   the allegations in the first two sentences of paragraph 20 and therefore denies them; FSMB notes,

4   however, on information and belief that Plaintiff was aware that he had not passed the Step 3

5   exam and therefore knew or should have known that he had not successfully met the criteria to

6   practice medicine in the State of California.  FSMB denies the allegations in the third sentence of

7   paragraph 20 as stated and states that the USMLE is a three-step examination for medical

8   licensure in the United States.  FSMB admits the allegations in the fourth sentence of paragraph

9   20 and admits the allegations in the fifth sentence of paragraph 20 on information and belief.

10          21.     Until July 1, 2021, an applicant may have six attempts to pass "Step 3" of the

11   USMLE. On July 1, 2021, FSMB will institute a policy where applicants may only attempt "Step

12   3" four times in total. When Plaintiff was advised by the Medical Board in March 2019 that he

13   did not pass "Step 3," he had already attempted "Step 3" on two, prior occasions: April 15, 2014

14   and June 1, 2014.

15   **ANSWER:**

16          FSMB admits the allegations in the first sentence of paragraph 21.  FSMB denies the

17   allegations in the second sentence of paragraph 21 as stated, and states that, effective July 1,

18   2021, the USMLE program is reducing the total number of times an examinee may attempt

19   the same Step examination, from six (6) to four (4) attempts.  FSMB admits that Plaintiff sat

20   for Step 3 on April 15, 2014 and June 1, 2014.  FSMB is without knowledge or information

21   sufficient to form a belief as to the truth of the remaining allegations in the third sentence of

22   paragraph 21 and therefore denies them; FSMB also notes, on information and belief, that

23   Plaintiff was aware that he did not pass the Step 3 exam in 2014, well in advance of

24   allegedly being "advised" of this fact by the California Medical Board in 2019.

25          22.     Plaintiff was further informed by the Medical Board that his license would remain

26   active, pending Plaintiff successfully re-taking "Step 3" as soon as possible.

27

28

**ANSWER:**

FSMB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies them.

23.     On April 15, 2019, Plaintiff notified the Medical Board in writing that he would need to request accommodations to take "Step 3" because of ADHD from NBME. After some back and forth communications, it was agreed that Plaintiff could re-take "Step 3" on October 23, 2019.

**ANSWER:**

FSMB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies them.

**D.     Plaintiff's Requests for Reasonable Accommodations[4]**

*1.     Plaintiff's First Request for Reasonable Accommodations is Denied by NBME and FSMB[5]*

24.     On April 25, 2019, Plaintiff submitted documentation to NBME requesting disability accommodations, including a personal statement, testing scores, and a neuropsychological testing report.

**ANSWER:**

FSMB admits on information and belief that Plaintiff submitted documentation to NBME, which included an accommodation request form, a document entitled Psychoeducational Evaluation Report, a personal statement, and certain testing scores, but denies on information and belief that his accommodation request was initially submitted on April 25.

25.     On May 2, 2019, Dr. Mary S. Kelly, clinical psychologist, and Director of Academic Support and Counseling at Albert Einstein School of Medicine, submitted

---

[4]  FSMB denies on information and belief that Plaintiff is entitled to accommodations on the USMLE.

[5]  FSMB denies on information and belief that Plaintiff is entitled to accommodations on the USMLE and denies that the FSMB was involved in the accommodation decision.

-11-

1  documentation demonstrating Plaintiff had received disability accommodations for test taking

2  while he was in medical school.

3  **ANSWER:**

4    FSMB admits on information and belief that NBME received a Certification of Prior

5  Test Accommodations dated May 2, 2019, over the name and typed signature of Mary S.

6  Kelly, Ph.D., reporting that Plaintiff received 50% extra testing time and a private location

7  for all exams and quizzes.  FSMB is without knowledge or information sufficient to form a

8  belief as to the truth of the remaining allegations in paragraph 25, and therefore denies them.

9    26. On May 10, 2019, Plaintiff was informed that his request was under review by

10  Jennifer Cohen, secretary at NBME's Disability Services department.

11  **ANSWER:**

12    FSMB denies the allegations in paragraph 26 on information and belief.

13    27. On July 9, 2019, Dr. Lucia McGeehan, Ph.D. and NBME's Disability Assessment

14  Analyst, denied Plaintiff's request for accommodations, stating:

15
16  > *"Your documentation does not reflect a record of chronic and pervasive problems managing daily demands for attention, concentration, or organization that has substantially impacted your functioning in school, work, social, or other domains." (See,*
17  > ***Exhibit "B,"*** *attached hereto and incorporated herein, emphasis added.)*

18  **ANSWER:**

19
20    FSMB admits on information and belief that NBME denied Plaintiff's request for

21  testing accommodations by letter dated July 9, 2019, and admits on information and belief

22  that Plaintiff accurately quotes one sentence from the two-page, single-spaced letter in

23  paragraph 27.

24    28. This statement, of course, does not apply the correct standard for determining

25  whether a person is a person with a disability as required under the ADA/ADAAA or California's

26  Unruh Civil Rights Act, both of which apply to Defendants.

27

28

1

**ANSWER:**

2      The allegations in paragraph 28 are based on incorrect characterizations and are

3  denied.

4      29.    Ms. McGeehan goes on to write:

5          *"We will advise the Federation of State Medical Boards (FSMB)*
           *Assessment Services to process your exam application without test*
6          *accommodations." (See,* ***Exhibit "B,"*** *emphasis added.)*

7  **ANSWER**:

8      FSMB admits on information and belief that Plaintiff accurately quotes one sentence from

9  the two-page, single-spaced letter in paragraph 29.

10      2.   *Plaintiff Requests an Appeal of the Denial of Reasonable Accommodations, But His*
           *Second Request is Also Denied*[6]
11

12      30.    Plaintiff timely requested an appeal to review the denial of disability

13  accommodations.

14  **ANSWER:**

15      In response to the allegations in paragraph 30, FSMB admits on information and

16  belief that Plaintiff timely sought reconsideration of the decision denying his request for

17  testing accommodation.

18      31.    On July 20, 2019, Plaintiff submitted a new personal statement to NBME and a

19  letter of diagnosis from Dr. Gerald Baltz, a certified psychiatric nurse practitioner with over 10

20  years of experience. Dr. Baltz's letter demonstrated a pervasive pattern of disability impairment

21  throughout Plaintiff's life across multiple domains of living. Dr. Baltz's based this diagnosis on

22  his expertise as well as the fact he had been treating Plaintiff for ADHD since May 2019. In

23  reaching his conclusions, Dr. Baltz reviewed Plaintiff's full medical history as well as the

24  psychometric testing conducted by Dr. Kelly when Plaintiff was in medical school. Dr. Baltz

25  wrote to NBME:

26  _____

27  [6] On information and belief, FSMB denies that NBME has an "appeals" process for
   accommodation decisions, admits that Plaintiff sought reconsideration of NBME's decision
   denying his request for accommodations, admits that NBME denied the reconsideration request,
28  and denies that Plaintiff is entitled to testing accommodations.

1
2

> *"I can definitively state that Dr. Wells carries a diagnosis of*
> *ADHD, primarily inattentive presentation, and has carried this*
> *diagnosis since childhood." (See, **Exhibit "C,"** attached hereto and*
> incorporated herein, emphasis added.)

3

**ANSWER:**

4
5
6
7
8
9
10
11
12
13
14
15

In response to the allegations in the first sentence of paragraph 31, FSMB denies on information and belief that NBME received any communication from Dr. Wells on July 20, 2019, and admits on information and belief that Plaintiff submitted a letter to NBME dated July 20, 2019, over the name Gerald Baltz, DNP, PMHNP-BC, Doctor of Nursing Practice, Board Certified Psychiatric & Mental Health Nurse Practitioner. FSMB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 31, and therefore denies them. FSMB denies the allegations in the second sentence of paragraph 31, on information and belief. FSMB admits that, in the fifth sentence of paragraph 31, Plaintiff accurately quotes from the document attached as Exhibit C to the Complaint. FSMB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31, and therefore denies them.

16
17
18
19
20

32.    On August 19, 2019, Catherine Farmer, Psy.D. and Director of Disability Services for NBME, wrote to Plaintiff denying his request for disability accommodations for a second time. This time, instead of applying a "chronic and pervasive" standard, NBME claimed it undertook "an individualized review of [Plaintiff's] request, but took issue with Dr. Baltz's qualifications, writing:

21
22
23
24
25
26

> *"Supporting documentation submitted from qualified professionals*
> *is a necessary part of any request for accommodations and is*
> *carefully reviewed by NMBE. Though not required to defer to the*
> *conclusions or recommendations of an applicant's supporting*
> *professional, we carefully consider the recommendation of*
> *qualified professionals made in accordance with generally accepted*
> *diagnostic criteria and supported by reasonable documentation."*
> *(See, **Exhibit "D,"** attached hereto and incorporated herein,*
> emphasis added.)

27
28

1   **ANSWER:**

2         FSMB admits on information and belief that NBME denied Plaintiff's request for

3   reconsideration by letter dated August 19, 2019, signed by Catherine Farmer, Psy.D.,

4   Director, Disability Services and that Plaintiff accurately quotes two sentences from this

5   letter, except that he omits the word "the" before NBME in the first sentence.  FSMB denies

6   the characterizations of this letter and NBME's prior decision letter in paragraph 32 on

7   information and belief, and therefore denies the remaining allegations in paragraph 32.

8         33.    Put in plain terms, NBME concluded Dr. Baltz was merely a "supporting

9   professional," not a "qualified professional," and NBME is not required to defer to a "supporting

10  professional" simply because he concludes an applicant has a disability warranting

11  accommodations.

12  **ANSWER:**

13        FSMB denies the allegations in paragraph 33, on information and belief.

14        34.    Of course, at no point during this process, did NBME actually interview Plaintiff,

15  nor was Plaintiff examined or tested by any "qualified professional" affiliated or associated with

16  NBME or FSMB to determine if Plaintiff had ADHD or any other disabilities that might warrant

17  accommodations, despite the supposed "individualized review" NBME claims it conducted.

18  Moreover, in the second denial, NBME did not specify how it was that Plaintiff's documents was

19  not "reasonable."

20  **ANSWER:**

21        In response to the allegations in the first sentence of paragraph 34, FSMB admits on

22  information and belief that NBME did not interview Plaintiff and admits that Plaintiff was

23  not examined or tested by anyone "affiliated or associated" with FSMB or, on information

24  and belief, NBME, but denies that an interview, examination, or testing by NBME or FSMB

25  was required and therefore denies the remaining allegations in the first sentence of

26  paragraph 34.  FSMB denies the allegations in the second sentence of paragraph 34.

27        35.    NBME is already subject to a Settlement Agreement with the United States

28  Department of Justice ("DOJ") in a matter involving USMLE applicant Frederick Romberg (the

1  "Settlement Agreement"). The Settlement Agreement is referenced on the USMLE website. (*See,*

2  ***Exhibit "E,"*** attached hereto and incorporated herein.)

3  **ANSWER:**

4      FSMB admits the allegations in paragraph 35 on information and belief, except it

5  denies the characterization that NBME "is already subject" to the referenced settlement

6  agreement, on the grounds that this allegation is vague.

7      36.    Under the terms of the Settlement Agreement, which is public record in DJ #202-

8  16-181, the DOJ found that NBME had wrongfully denied disability test-taking accommodations

9  on Step 1 and Step 2 of the USMLE to application Frederick Romberg. Among other terms,

10  NBME agreed as follows:

11          *"12. NBME shall provide reasonable testing accommodations to*
        *persons with disabilities who seek to take the USMLE, in*

12          *accordance with the requirements of 42 U.S.C. § 12189 and the*
        *implementing regulations, 28 C.F.R. § 36.309." (See,* ***Exhibit "F,"***

13          attached hereto and incorporated herein, emphasis added.)

14  **ANSWER:**

15      FSMB admits that the Settlement Agreement states that the Department of Justice

16  concluded that the examinee in that case had submitted sufficient documentation to

17  demonstrate that he is a person with a disability within the meaning of the ADA and that he

18  was entitled to reasonable testing accommodations to take the USMLE, but FSMB denies

19  the characterization of this statement in the Settlement Agreement in the first sentence of

20  paragraph 36.  FSMB admits that Plaintiff accurately quotes paragraph 12 of the Settlement

21  Agreement in the second sentence of paragraph 36.

22      37.    Moreover, the Settlement Agreement provides:

23          *"13. NBME's requests for documentation shall be reasonable and*
        *limited to documentation that establishes (a) the existence of a*

24          *physical or mental impairment; (b) whether the applicant's*
        *impairment substantially limits one or more major life activities*

25          *within the meaning of the ADA; and (c) whether and how the*
        *impairment limits the applicant's ability to take the USMLE under*

26          *standard conditions. See, 28 C.F.R. Part 36, App. B, at 737*
        *(2010)." (See,* ***Exhibit "F,"*** *emphasis added.)*

27

28

1    **ANSWER:**

2         FSMB admits that Plaintiff accurately quotes from paragraph 13 of the Settlement

3    Agreement in paragraph 37.

4         38.    The Settlement Agreement goes on to state:

5              *"14. NBME will carefully consider the recommendation of*
               *qualified professionals who have personally observed the applicant*
6              *in a clinical setting and have determined – in their clinical*
               *judgment and in accordance with generally accepted diagnostic*
7              *criteria, as supported by reasonable documentation – that the*
               *individual is substantially limited in one or more major life*
8              *activities within the meaning of the ADA..."* (*See,* **Exhibit "F,"**
               emphasis added.)

9    **ANSWER**:

10        FSMB admits that Plaintiff accurately quotes from part of paragraph 14 of the Settlement

11
     Agreement in paragraph 38, but states that he omits the following language: "and needs the
12
     requested test accommodations in order to demonstrate his or her ability and achievement level."
13
          39.    Finally, and significantly, the Settlement Agreement makes clear that while
14
     NBME is "not required to defer to the conclusions or recommendations of an applicant's
15
     supporting professional":
16
               *"[NBME must provide an explanation for declining to accept those*
17             *conclusions or recommendations. (See,* **Exhibit "F,"** ¶ 17, lines 5-
               8.)*
18   **ANSWER**:

19
          FSMB denies that Plaintiff accurately quotes from part of a sentence in paragraph 17 of
20
     the Settlement Agreement in paragraph 39, and states that Plaintiff's characterization of this
21
     language as "significant" is vague and FSMB therefore denies that allegation.
22
          40.    At no point did NBME abide by its obligations under either the ADA or the
23
24   Unruh Civil Rights Act with regard to Plaintiff's request for disability accommodations, nor did

25   it comply with the terms of the Settlement Agreement with the DOJ. It rejected, not once but

26   twice, documentation from qualified professionals demonstrating prior disability

27   accommodations as well as a disability entitled to accommodations under the ADA/ADAAA. On

28

-17-

the second rejection, NBME failed to provide a sufficient explanation for why it was denying

Plaintiff's second request for disability accommodations, other than stating its right not to have

to defer to Plaintiff's "supporting professional." NBME failed to provide Plaintiff with any

indication for why his documentation was not "reasonable."

**ANSWER:**

FSMB denies the allegations in paragraph 40.

**E.      Plaintiff Attempts to Re-Take "Step 3" Without Accommodations on October 22-23, 2019 But Fails to Pass**

41.     Feeling he had no other alternative and exhausted his ability to obtain disability

accommodations, needing to study for "Step 3" of the USMLE, and with the October 22-23, 2019

test-taking date rapidly approaching, Plaintiff reluctantly decided he would attempt to take "Step

3" without any accommodations. Plaintiff sat for "Step 3" of the USMLE on October 22-23,

2019, his third attempt.

**ANSWER:**

FSMB is without knowledge or information sufficient to form a belief as to the truth

of the allegations in the first sentence of paragraph 41, and therefore denies them.  FSMB

admits the allegations in the second sentence of paragraph 41.

42.     On November 13, 2019, Plaintiff was notified that he failed "Step 3" of the

USMLE. He was further notified that his license had to be placed on inactive status by December

24, 2019. The Medical Board was also notified, and on November 25, 2019, Christina Thomas,

Licensing Manager, emailed a letter to Plaintiff dated November 25, 2019 outlining his options.

(*See, Exhibit "G,"* attached hereto and incorporated herein.)

**ANSWER:**

FSMB admits, on information and belief, that Plaintiff was sent a letter dated November

25, 2019, from Christina Thomas, Licensing Manager for the Medical Board of the State of

California, and that a copy of this letter is attached to Plaintiff's complaint.  FSMB is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

paragraph 42, and therefore denies them.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

43.     According to rules promulgated by FSMB, Plaintiff could not take "Step 3" before a six-month waiting period. The Medical Board's Interim Executive Director, Christine J. Lally, wrote a letter on Plaintiff's behalf to FSMB requesting Plaintiff be permitted to re-take "Step 3" of the USMLE prior to the end of the six-month waiting period. (*See, **Exhibit "H,"*** attached hereto and incorporated herein.)

**ANSWER:**

The allegations in the first sentence of paragraph 43 are vague, but FSMB admits that Plaintiff was required to wait at least six months to retake the Step 3 examination pursuant to a USMLE program policy, given that he had already failed the test three times. FSMB admits the allegations in the second sentence of paragraph 43, on information and belief.

44.     The Medical Board's letter was forwarded to the USMLE Secretariat. On December 23, 2019, the Secretariat's office, a division of NBME, refused by email communication to the Medical Board and Plaintiff to permit Plaintiff to sit for "Step 3" of the USMLE prior to the end of the six-month waiting period. (*See, **Exhibit "I,"*** attached hereto and incorporated herein.)

**ANSWER:**

FSMB admits the allegations in the first sentence of paragraph 44 on information and belief.  FSMB denies the allegations in the second sentence of paragraph 44 as stated, and states that the December 23, 2019 email from Nicole Miller, Program Manager, USMLE Secretariat, indicated that the USMLE Secretariat was unable to approve the California Medical Board's request for an exemption from the policy regarding the timing of retakes.

**F.     Plaintiff Places His License on Inactive Status & Loses His Job[7]**

45.     On December 24, 2019, Plaintiff placed his medical license on inactive status. This made Plaintiff ineligible for employment as a psychiatrist. Plaintiff took a leave of absence from

---

[7] FSMB admits, on information and belief, that Plaintiff voluntarily cancelled his license, and is without knowledge or information sufficient to form a belief as to whether Plaintiff lost his job.

his job and was ultimately let go from his employment. He has been unemployed in his chosen field of psychiatry ever since Christmas Day of 2019.

**ANSWER:**

In response to the allegations in the first sentence of paragraph 45, FSMB admits on information and belief that Plaintiff does not currently have an active medical license in California and that Plaintiff voluntarily cancelled his license.  FSMB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 and therefore denies them.

**G.     Plaintiff Sits Again for "Step 3" on June 29-30, 2020, Again Without Accommodations, and Again Fails "Step 3"**

46.     Plaintiff attempted again to re-take "Step 3" of the USMLE at the next opportunity on June 29-30, 2020. This attempt was, once again, without accommodations from either NBME or FSMB.

**ANSWER:**

In response to the allegations in paragraph 46, FSMB admits that Plaintiff took the Step 3 examination on June 29-30, 2020, and tested without accommodations.  The allegation regarding "the next opportunity" is vague and therefore denied.

47.     Due to COVID19 restrictions, the "Step 3" exam was offered in San Francisco, California, which is within this Judicial District. Plaintiff traveled from Los Angeles to San Francisco in order to re-take "Step 3" in a room along with approximately 15 other people, not all of whom were necessarily taking the USMLE. The room was set up for proctored examinations of various kinds, and it constituted a highly distracting and disabling atmosphere for taking a test by someone with Plaintiff's particular disabilities.

**ANSWER:**

In response to the allegations in the first sentence of paragraph 47, FSMB admits that San Francisco, California is within the Northern District of California.  The remaining allegations in the first sentence of paragraph 47 are vague and denied on that basis.  FSMB is without knowledge or information sufficient to form a belief as to the truth of the

allegations in the second sentence of paragraph 47, and therefore denies them.  FSMB

denies the allegations in the third sentence of paragraph 47.

48.     Plaintiff was informed on July 15, 2020 that he failed "Step 3" again. This was

Plaintiff's fourth attempt at passing "Step 3."

**ANSWER:**

FSMB is without knowledge or information sufficient to form a belief as to the truth

of the allegations in the first sentence of paragraph 48, and therefore denies them.  FSMB

admits the allegations in the second sentence of paragraph 48 on information and belief.

**H.     Plaintiff Submits a Third Request to NBME for Accommodations to Take "Step 3"
of the USMLE[8]**

49.     On January 20, 2021, Plaintiff submitted the Comprehensive Neuropsychological

Evaluation and Report prepared by Dr. Annette Swain, Ph.D., and board certified

neuropsychologist, which is also attached hereto as ***Exhibit "A."*** Plaintiff also submitted a

personal statement. Receipt of these materials was acknowledged by "Molly," a Disability

Services Specialist at NBME.

**ANSWER:**

FSMB admits on information and belief that Plaintiff submitted a document entitled

Comprehensive Neuropsychological Evaluation Report over the name and typed signature

of Annette Swain, Ph.D., ABPP-CN on or about January 20, 2021, and admits that a copy of

this document is attached as Exhibit A to the Complaint.  FSMB is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in the first

sentence of paragraph 49, and therefore denies them.  In response to the allegations in the

second sentence of paragraph 49, FSMB denies on information and belief that Plaintiff

submitted a "personal statement" in support of this request.  In response to the allegations in

the third sentence of paragraph 49, FSMB admits on information and belief that Molly, an

---

[8] FSMB admits on information and belief that Plaintiff submitted another request for testing
accommodations to NBME on or about January 20, 2021.

NBME Disability Services Specialist, acknowledged receipt of the evaluation report, but

denies on information and belief that she acknowledged receipt of any personal statement.

50.     To date, Plaintiff has not received a reply from NBME to his third request for

disability accommodations. Based on the reaction to his prior submissions, Plaintiff has no reason

to believe Defendants will grant this third request either. Thus, Defendants' discriminatory

conduct is continuous and ongoing.

**ANSWER:**

FSMB admits on information and belief that the allegations in the first sentence of

paragraph 50 were correct as of the date of Plaintiff's filing, and states on information and

belief that NBME provided a response to Plaintiff's request on March 26, 2021.  FSMB is

without knowledge or information sufficient to form a belief as to the truth of the allegations

in the second sentence of paragraph 50, and therefore denies them.  FSMB denies the

allegations in the third sentence of paragraph 50.

**I.      Plaintiff is Eligible to Re-Take "Step 3" before July 1, 2021, but Plaintiff Requires Accommodations for His Disability, Which Continue to be Denied by Defendants[9]**

51.     Until July 1, 2021, Plaintiff is eligible to attempt to re-take "Step 3" of the

USMLE because the current policy promulgated by FSMB allows applicants six attempts.

Plaintiff is scheduled to re-take "Step 3" by June 30, 2021. This will be Plaintiff's fifth attempt to

pass "Step 3."

**ANSWER:**

In response to the allegations in the first sentence of paragraph 51, FSMB denies that the

referenced policy is "promulgated by FSMB," states that this is a USMLE program policy, and

admits the remaining allegations in the sentence.  FSMB denies the remaining allegations in

paragraph 51 because, on information and belief, Plaintiff is not currently scheduled to test.

---

[9] FSMB admits that Plaintiff is eligible to re-take the Step 3 exam before July 1, 2021, but denies on information and belief that he is entitled to disability-based testing accommodations and denies that FSMB is responsible for evaluating or deciding requests for accommodations on the USMLE.

52.     By reason of the disabilities more specifically pleaded herein, Plaintiff requires disability accommodations to permit him to pass "Step 3," and respectfully requests a preliminary and permanent injunction ordering Defendants to permit Plaintiff to complete a re-take of "Step 3" of the USMLE by June 30, 2021 and to provide the disability accommodations set forth herein.

**ANSWER:**

In response to the allegations in paragraph 52, FSMB denies on information and belief that Plaintiff "requires" disability accommodations or is entitled to disability accommodations under the ADA, and denies that Plaintiff is entitled to the relief sought or any relief in this action.

**J.     Plaintiff's Prior Two Attempts to Re-Take "Step 3" Without Accommodations Should be Expunged[10]**

53.     Plaintiff was subjected to disability discrimination and a failure to accommodate on each occasion he was required to re-take "Step 3" with accommodations after April 25, 2019; i.e., October 22-23, 2019 and June 29-30, 2020.

**ANSWER:**

FSMB admits on information and belief that Plaintiff did not receive testing accommodations when he tested in October 2019 and June 2020 and denies the remaining allegations in paragraph 53.

54.     On April 25, 2019, Plaintiff notified Defendants that he is a person with a disability, and despite Plaintiff providing more than adequate documentation of his disability, Defendants denied Plaintiff's request for disability accommodations.

**ANSWER:**

FSMB admits on information and belief that NBME received a request for testing accommodations from Plaintiff, denies on information and belief that the request was sent or complete on April 25, 2019, and admits on information and belief that NBME denied this

---

[10] FSMB denies that "Plaintiff's Prior Two Attempts to Re-Take 'Step 3' Without Accommodations Should be Expunged."

1   request.  FSMB denies the remaining allegations in paragraph 54, including the allegation

2   that FSMB is involved in any decisions regarding the provision of testing accommodations.

3          58.      Plaintiff should never have been forced to sit for "Step 3" of the USMLE without

4   accommodations once Defendants became aware of his disability. In effect, Defendants'

5   discriminatory conduct caused Plaintiff to unnecessarily waste two attempts at passing "Step 3"

6   when they knew "Step 3" can only be taken a finite number of times.

7   **ANSWER:**

8          FSMB denies the allegations in paragraph 58.

9          59.      In so doing, Defendants placed Plaintiff at a disadvantage relative to non-disabled

10  test takers because Plaintiff was forced to sit for "Step 3" on two occasions without any

11  accommodations or even a reasonable explanation or communication for why Plaintiff was

12  denied accommodations.

13  **ANSWER:**

14         FSMB denies the allegations in paragraph 59.

15  **K.     If The Court Cannot Grant Plaintiff Injunctive Relief Prior to July 1, 2021, Plaintiff
        Should be Permitted to Take "Step 3" After July 1, 2021 With Accommodations[11]**

16         60.      On July 1, 2021, the FSMB's change to the rule regarding the number of times an

17  applicant can take "Step 3" of the USMLE will go into effect. The number of times an applicant

18  can take "Step 3" will be reduced from six times to four times. This rule change will apply to the

19  Medical Board.

20  **ANSWER:**

21         FSMB denies the allegations in the first sentence of paragraph 60 as stated, and

22  states that the USMLE program policy change regarding the number of times an examinee

23  can take Step 3 of the USMLE program becomes effective July 1, 2021.  FSMB admits the

24  allegations in the second sentence of paragraph 60.  The allegations in the third sentence of

25  paragraph 60 are vague and therefore denied.

26

27  _____

28  [11] FSMB denies that "If The Court Cannot Grant Plaintiff Injunctive Relief Prior to July 1, 2021,
    Plaintiff Should be Permitted to Take 'Step 3' After July 1, 2021 With Accommodations."

61.     When this rule change goes into effect, Plaintiff will no longer be eligible to take "Step 3." He has already surrendered his medical license, and after July 1, 2021, he will be forever barred from regaining licensure and practicing psychiatry. Plaintiff is faced with an emergency situation for which monetary damages will not provide him with a complete and adequate remedy.

**ANSWER:**

FSMB denies the allegations in the first sentence of paragraph 61 as stated, and states that although Plaintiff will no longer be eligible to register for Step 3 after July 1, 2021, Plaintiff retains the ability to petition the state medical board to sponsor him to retake the Step 3 examination.  FSMB is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 61, and therefore denies them, and further states that Plaintiff may petition the state medical board to allow him to retake the Step 3 examination after July 1, 2021.  In response to the allegations in the third sentence of paragraph 61, FSMB denies that Plaintiff is "faced with an emergency situation," and denies that Plaintiff is entitled to any relief.

62.     The only reason Plaintiff will be rendered ineligible on July 1, 2021 is because, by that time, he will have already sat for "Step 3" four times. However, two of his attempts – October 22-23, 2019 and June 29-30, 2020 - were made without accommodations at a time when Defendants had been notified that Plaintiff was a person with a disability, yet Defendants failed to accommodate Plaintiff. Those last two attempts were foisted onto Plaintiff under unlawful and discriminatory circumstances, and as more specifically pleaded herein, those attempts should not be counted toward the total number of times Plaintiff has attempted to pass "Step 3" of the USMLE.

**ANSWER:**

FSMB denies the allegations in paragraph 62.

63.     If the Court cannot grant Plaintiff's request for injunctive relief as requested herein by July 1, 2021, Plaintiff should be granted injunctive relief ordering that he be permitted to re-take "Step 3" even after July 1, 2021, with accommodations, two, additional times.

1

2

3

**ANSWER:**

In response to the allegations in paragraph 63, FSMB denies that Plaintiff is entitled to the relief he seeks or any relief in this action.

4

### FIRST CLAIM FOR RELIEF

5

6

### Violation of the Americans with Disabilities Act
### (42 U.S.C. § 12181, *et seq.*)[12]

7

8

64.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

9

**ANSWER:**

10

FSMB incorporates by reference its responses to the prior paragraphs.

11

12

13

14

15

65.     The purpose of the ADA/ADAAA is to prevent discrimination against individuals with a disability in places of public accommodations, commercial facilities, and private entities that offer certain examination and courses related to educational and occupational certification. Defendants are entities subject to and covered by the requirements of Title III of the ADA/ADAAA.

16

**ANSWER:**

17

18

19

20

21

22

FSMB denies that Plaintiff is fully and accurately paraphrasing the ADA or the ADAAA in the first sentence of paragraph 65, and therefore denies the allegations.  FSMB denies the allegations in the second sentence of paragraph 65 as stated, and states that FSMB is subject to a specific provision found in Title III of the ADA, 42 U.S.C. § 12189, as it relates to the USMLE, and denies that FSMB is subject to the "public accommodation" provisions in Title III of the ADA.

23

24

25

26

27

66.     Congress provided a clear national mandate for the elimination of discrimination against individuals with disabilities when it enacted the ADA and when it amended it to expand its reach in 2008 with the passage of the ADAAA. Such discrimination includes barriers to full integration, independent living, and most significant to this case, equal opportunity for persons with disabilities.

28

---

[12] FSMB denies that it violated the Americans with Disabilities Act.

**ANSWER:**

FSMB denies the allegations in paragraph 66 as stated and refers to the text of the ADA and ADAAA for any statements of purpose, and further denies that "equal opportunity for persons with disabilities" is "significant to this case," given that Plaintiff has not demonstrated that he is disabled within the meaning of the ADA or ADAAA.

67.     In order to comply with the Title III of the ADA/ADAAA, covered entities like Defendants must, among their many obligations:

- Provide goods and services in an integrated setting, unless separate or different measures are necessary to ensure equal opportunity;

- Eliminate unnecessary eligibility standards or rules that deny individuals with disabilities an equal opportunity to enjoy the goods and services of a place of public accommodation;

- Make reasonable modifications in policies, practices, and procedures that deny equal access to individuals with disabilities, unless a fundamental alteration would result in the nature of the goods and services provided;

- Furnish auxiliary aids when necessary to ensure effective communication, unless an undue burden or fundamental alteration would result.

**ANSWER:**

FSMB denies that it is subject to the "public accommodation" provisions in Title III of the ADA and therefore denies the allegations in paragraph 67.

68.     Here, Defendants, with full knowledge that Plaintiff was a person with a disability, refused to provide reasonable accommodations for "Step 3" of the USMLE, placing Plaintiff at a distinct and severe disadvantage in the provision and administration of the USMLE relative to non-disabled persons. Defendants conduct violated the ADA/ADAAA, entitling Plaintiff to the injunctive relief requested herein.

**ANSWER:**

FSMB denies the allegations in paragraph 68.

69.     By reason of the clear violation of the ADA/ADAAA, Plaintiff has a strong likelihood of success on the merits. Moreover, under the circumstances, Plaintiff will likely suffer irreparable injury if injunctive relief is not granted. In addition, the balance of hardships favors Plaintiff because Defendants will not be put to an undue burden or expense if accommodations

are given to Plaintiff. Finally, because of the clear Congressional intent to protect persons with disabilities and provide them with equal opportunity, the public interest favors granting an injunction. (*See, Winter v. Natural Res. Def. Council (Winter)* (2008) 129 S. Ct. 365, 370–87.)

WHEREFORE, Plaintiff prays for Judgment as set forth herein.

**ANSWER:**

FSMB denies the allegations in paragraph 69 and denies that Plaintiff is entitled to judgment in his favor.

## SECOND CLAIM FOR RELIEF

### Violation of California Unruh Civil Rights Act (Cal. Civil Code §§ 51, 52)[13]

70.    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

**ANSWER:**

FSMB incorporates by reference its responses to the prior paragraphs.

71.    California's Unruh Civil Rights Act, Cal. Civil Code § 51, 52 ("Unruh") permits a private cause of action for disability discrimination and provides that a plaintiff may obtain statutory penalties, compensatory damages, and injunctive relief as well as attorneys' fees.

**ANSWER:**

FSMB denies that Plaintiff has fully or accurately paraphrased the Unruh Civil Rights Act in paragraph 71, and therefore denies the allegations.

72.    In answering a question certified to it by the 9th Circuit – whether disability discrimination under Unruh must be intentional? – the California Supreme Court answered: No. (*See, Munson v. Del Taco, Inc.* (2009) 46 Cal.4th 661.)

**ANSWER:**

FSMB denies that Plaintiff is fully and accurately capturing the question certified to the California Supreme Court in *Munson v. Del Taco*, and therefore denies the allegations in paragraph 72.

---

[13] FSMB denies that it violated the Unruh Civil Rights Act.

73.     In reaching this conclusion, the *Munson* Court declared that Unruh is "preventive" in nature and must be interpreted broadly so as to effect the intent of the California Legislature, which is to "create and preserve a nondiscriminatory environment in California...by 'banishing' or 'eradicating' arbitrary, invidious discrimination by [business] establishments." (*Munson, supra,* 46 Cal.4th at 666.)

**ANSWER:**

FSMB denies that Plaintiff is fully and accurately paraphrasing from the decision in *Munson v. Del Taco*, and therefore denies the allegations in paragraph 73.

74.     The *Munson* Court also recognized that it is "the intent of the Legislature in enacting [Unruh] to strengthen California law in areas where it is weaker than the Americans with Disabilities Act of 1990...and to retain California law when it provides more protection for individuals with disabilities than the Americans with Disabilities Act of 1990." (*Munson, supra,* 46 Cal.4th at 668.)

**ANSWER:**

FSMB denies that Plaintiff is accurately paraphrasing from the decision in *Munson v. Del Taco*, and therefore denies the allegations in paragraph 74.

74.     Under California law, a violation of Unruh is *per se* injurious and harm is presumed. (*Koire v. Metro Car Wash* (1985) 40 Cal.3d 24, 33 [219 Cal.Rptr. 133, 707 P.2d 195].) Plaintiff is entitled to three times his actual damages, but in no case less than $4,000 per violation, even if there are no actual damages. (Cal. Civil Code, § 52(a).) "Actual damages" under Unruh includes both special and general damages. (Cal. Civil Code, § 52(h).)

**ANSWER:**

FSMB denies that Plaintiff is entitled to any relief, including damages, under the Unruh Act and therefore denies the allegations in paragraph 74.  FSMB further notes there are two paragraph 74s in Plaintiff's complaint.

75.     In this case, as more specifically pleaded herein, Defendants have denied Plaintiff reasonable disability accommodations in the taking of "Step 3" of the USMLE, which constitutes disability discrimination. Alternatively or in addition to, Defendants have aided each other, in an

1   unlawful practice, pattern or scheme of denying reasonable accommodations to Plaintiff, which is

2   ongoing and continues to the present day. Finally, Defendants have made an unlawful distinction

3   about the nature and extent of Plaintiff's disability that led to a denial of reasonable

4   accommodations in the taking "Step 3" of the USMLE.

5   **ANSWER:**

6       FSMB denies the allegations in paragraph 75.

7       76.     In so doing, Defendants have discriminated against Plaintiff based on disability,

8   which is conduct prohibited by Unruh.

9   **ANSWER:**

10      FSMB denies the allegations in paragraph 76.

11      77.     As pleaded above, Defendants conduct need not be intentional to constitute a

12  violation of Unruh, although Plaintiff alleges that, at all pertinent times, Defendants' conduct was,

13  in fact, intentional.

14  **ANSWER:**

15      FSMB denies that it violated the Unruh Act and denies the allegations in paragraph

16  77.

17      78.     Moreover, Defendants have no legitimate grounds for engaging in such unlawful

18  conduct. Defendants have no rational basis upon which to deny Plaintiff reasonable disability

19  accommodations in taking "Step 3" of the USMLE. Defendants have only their own unlawful and

20  discriminatory perceptions of Plaintiff and his disabilities, and the equally unlawful conclusion

21  emanating from those perceptions, which are not based on any empirical evidence.

22  **ANSWER:**

23      FSMB denies that it engaged in unlawful conduct, denies that Plaintiff is entitled to

24  testing accommodations, and denies the allegations in paragraph 78.

25      79.     Without ever having examined, tested, or evaluated Plaintiff, Defendants

26  concluded that Plaintiff is not a disabled person entitled to reasonable accommodations under

27  either federal or California law when, in fact, Plaintiff is a person with disabilities entitled to

28  protection under both the ADA/ADAAA and Unruh.

-30-

1   **ANSWER:**

2        FSMB admits that it did not personally examine, test, or evaluate Plaintiff, admits on

3   information and belief that NBME did not personally examine, test, or evaluate Plaintiff and

4   states that neither FSMB nor NBME were required to do so, admits on information and

5   belief that NBME concluded that the documentation submitted by Plaintiff did not show that

6   he is disabled, and denies the remaining allegations in paragraph 79.

7        80.    Finally, Plaintiff has on two, prior occasions provided Defendants with sufficient

8   proof his disability by providing Defendants with copies of evaluations, reports, and diagnoses of

9   mental health professionals. Despite this proof, and without articulating any undue burden

10  Plaintiff's request for reasonable accommodations would cause, Defendants have persisted, and

11  will continue to persist, in denying reasonable accommodations to Plaintiff in taking "Step 3" of

12  the USMLE, warranting injunctive relief.

13  **ANSWER:**

14       FSMB denies the allegations in paragraph 80.

15       81.    Defendants conduct directly and proximately prevents Plaintiff from restoring his

16  medical license and returning to the practice of psychiatric medicine. In essence, Defendants'

17  unlawful conduct has erected a discriminatory barrier requiring Plaintiff to take "Step 3" of the

18  USMLE on terms and under conditions that are *different from* or *not substantially similar* to the

19  terms and conditions under which a nondisabled person would take "Step 3" of the USMLE.

20  Both the ADA/ADAAA and Unruh forbid this outcome.

21  **ANSWER:**

22       FSMB denies the allegations in paragraph 81.

23       82.    As a direct and proximate result of Defendants' refusal to grant reasonable

24  accommodations to Plaintiff, Plaintiff has suffered, and will continue to suffer, economic and

25  noneconomic damages in the form of lost income from the practice of psychiatric medicine as

26  well as severe emotional distress, humiliation, embarrassment, worry, anxiety, and general

27  damages to his psyche, all in an amount to be proven at the time of trial.

28       WHEREFORE, Plaintiff prays for Judgment as set forth herein.

1

**ANSWER:**

2          FSMB denies the allegations in paragraph 82 and denies that Plaintiff is entitled to

3    judgment in his favor.

4                              **THIRD CLAIM FOR RELIEF**

5                                    **Declaratory Relief**

6          83.     Plaintiff incorporates by reference each and every allegation contained in the

7    foregoing paragraphs.

8    **ANSWER:**

9          NBME incorporates by reference its responses to the prior paragraphs.

10         84.     An actual controversy has arisen and now exists between the parties in that

11   Plaintiff contends, and is informed and believes that Defendants deny or will deny, that by

12   refusing to grant Plaintiff reasonable accommodations in taking "Step 3" of the USMLE,

13   Defendants have failed to comply with all applicable laws protecting the rights of disabled

14   persons like Plaintiff, including but not limited to Title III of the ADA, 42 U.S.C. §§ 12181, *et*

15   *seq.* and California's Unruh Civil Right Act.

16         A judicial declaration is necessary and appropriate at this time in order that each of the

17   parties may know their respective rights and duties and act accordingly.

18         WHEREFORE, Plaintiff prays for Judgment as set forth herein.

19   **ANSWER:**

20         FSMB denies the allegations in paragraph 84 and denies that Plaintiff is entitled to

21   judgment in his favor.

22         The remaining allegations in Plaintiff's Complaint constitute a Prayer for Relief as to

23   which no responsive pleading is required, but FSMB denies that Plaintiff is entitled to the relief

24   sought or any relief in this action.

25         **ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED HEREIN ARE**

26   **DENIED.**

27

28

**AFFIRMATIVE DEFENSES**

1.     Plaintiff does not have Article III standing to pursue his claims against FSMB, and this Court therefore lacks subject matter jurisdiction over Plaintiff's claims against FSMB.  As Plaintiff admits in paragraph 9 of his complaint, NBME is responsible for processing requests for accommodations by individuals seeking accommodations on the USMLE.  Plaintiff was not injured by FSMB and his alleged injuries are not redressable by FSMB.

2.     Plaintiff's claims are barred by the statute of limitations to the extent they are based on any actions taken by NBME and/or FSMB outside the limitations period.

3.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.  On information and belief, Plaintiff was aware that he had not passed Step 3 at the time he was granted a license to practice in California, but he failed to raise this fact with the Medical Board of California and proceeded to practice medicine, knowing that he had not satisfied all criteria for licensure.  Plaintiff now seeks injunctive relief requiring NBME and FSMB to "expunge" two of his prior Step 3 results to enable him to test additional times after July 1, 2021, contrary to testing policies that were put into place to protect the integrity of the exam and support medical licensing authorities.

4.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.  On information and belief, Plaintiff was aware that he had not passed Step 3 after he tested in 2014.  Plaintiff could have retaken the test at that time and sought testing accommodations, but instead, he proceeded to practice medicine despite knowing that he had not satisfied all criteria for licensure.  He is now retaking the test seven years later and is seeking injunctive relief requiring NBME  to provide him with all of his testing accommodations and to "expunge" two of his prior Step 3 results to enable him to test additional times after July 1, 2021, contrary to testing policies that were put into place to protect the integrity of the exam and support medical licensing authorities.  Plaintiff unreasonably delayed in asserting his alleged right to test with accommodations, to the prejudice of NBME and, to the extent that he is improperly pursuing his testing accommodation-related claim against FSMB, to the prejudice of FSMB.

1    5.      Plaintiff's request for compensatory damages is barred or limited by his failure to

2 mitigate damages by promptly notifying the Medical Board of California that he was not, in fact,

3 entitled to be licensed to practice medicine in California because of his failure to pass the Step 3

4 exam; and by other actions or inactions after his license was suspended.

5        FSMB presently has insufficient knowledge or information on which to form a belief as to

6 whether it may have additional affirmative defenses available.  FSMB reserves the right to assert

7 additional affirmative defenses in the event discovery or further analysis indicates that additional

8 unknown or unstated affirmative defenses are applicable.

9        WHEREFORE, FSMB prays for judgment as follows:

10    1.      That Plaintiff take nothing and be denied all relief requested in his Complaint;

11    2.      That Plaintiff's Complaint be dismissed with prejudice on the merits;

12    3.      That FSMB recover its fees and costs incurred herein; and

13    4.      That FSMB be awarded such other relief as the Court deems just and proper.

14 DATED:  May 3, 2021                          **PERKINS COIE LLP**

15

16                                              By: /s/Maria A. Nugent
                                                     Maria A. Nugent

17                                              Attorneys for Defendants NBME and FSMB

18

19

20

21

22

23

24

25

26

27

28

-34-