Torryn Taylor Rodgers, Bar No. 319126
TRodgers@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: 415.344.7000
Facsimile: 415.344.7050

Robert A. Burgoyne (admitted *pro hac vice*)
RBurgoyne@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202.654.6200
Facsimile: 202.654.6211

Attorneys for Defendants
NATIONAL BOARD OF MEDICAL EXAMINERS,
and FEDERATION OF STATE MEDICAL BOARDS, INC.

Eric G. Young, Bar No. 190104
eyoung@younglawca.com
YOUNG LAW GROUP
411 Russell Avenue, Second Floor
Santa Rosa, California 95403
Telephone: 707.527.3637
Facsimile: 707.289.8059

Attorneys for Plaintiff
CORNELL WELLS, JR.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL WELLS, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS, a not-for-profit corporation, FEDERATION OF STATE MEDICAL BOARDS, INC., a not-for-profit corporation,<br><br>    Defendants. | Case No. 3:21-cv-01279-JSC<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:    September 30, 2021<br>Time:   1:30 p.m.<br>Judge:  Hon. Jacqueline Scott Corley |

## 1. JURISDICTION & SERVICE

The parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement.

## 2. FACTS

Subsequent to the initial Case Management Conference, Dr. Wells was granted a medical license in Colorado, on September 1, 2021, and he is awaiting decisions in two other states to which he has applied for licensure, one of which is California. Apart from this, the parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement. However, it should be noted that neither side has initiated discovery as of the date of this updated Joint Case Management Conference Statement, and both sides reserve the right to supplement factual details as they are learned through discovery.

## 3. LEGAL ISSUES

The legal issues remain the same as stated in the parties' initial Joint Case Management Statement.

## 4. MOTIONS

| | | |
|---|---|---|
| 2/23/2021 | Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. 5) | Granted 2/24/21 (Dkt. 10) |
| 4/9/2021 | NBME's Motion for Leave to Appear Pro Hac Vice (Robert Burgoyne) (Dkt. 22) | Granted 4/13/21 (Dkt. 23) |
| 5/4/21 | FSMB's Motion for Leave to Appear Pro Hac Vice (Robert Burgoyne) (Dkt. 30) | Granted 5/5/21 (Dkt. 31) |

Plaintiff's Position

Plaintiff will be filing a motion for leave to amend the Complaint prior to the deadline, which may expand the legal issues involved in this matter and to explain in detail the basis for Plaintiff's continued claims under the ADA and Unruh. Plaintiff also intends to move for injunctive relief under the ADA. Plaintiff will also file appropriate pre-trial motions in limine.

153331931.1

Defendants' Position

If not voluntarily dismissed by Plaintiff, Defendants may move to dismiss Plaintiff's ADA claim and requests for injunctive relief for lack of subject matter jurisdiction, on the grounds of mootness.

**5.   AMENDMENT OF PLEADINGS**

See Plaintiff's Position as stated in 4, above.

**6.   EVIDENCE PRESERVATION**

Plaintiff's/Defendants' Agreed Position

Counsel have agreed to conduct an updated Fed. R. Civ. P. Rule 26(f) conference in advance of the CMC on September 30, 2021 pursuant to the Court's Rule 26(f) Checklist, which will include a thorough discussion of issues pertaining to electronically stored information. Counsel will be prepared to report on discussions at the CMC.

**7.   DISCOVERY**

Plaintiff's Position:

Protective Order: The parties have not yet executed a stipulated protective order. To facilitate third-party discovery, Defense counsel provided a draft Disclosure Authorization Form to Plaintiff's counsel on August 17, 2021.  Due to unanticipated events, Plaintiff's counsel was not able to provide any comments on the draft until September 23, 2021.  It is anticipated that the issues pertaining to the Disclosure Authorization Form can be worked out cooperatively, but if not, counsel will be prepared to discuss the issues at the CMC.

Defendants' Position:

See above discussion, under "Plaintiff's Position."

**8.   CLASS ACTIONS**

Plaintiff's Position:

Once Plaintiff amends the Complaint, this matter may be one that should be certified as a class. Plaintiff intends to allege that Defendants have engaged in a pervasive pattern and practice of discriminating against disabled applicants wishing to take the USMLE by repeatedly and

willfully denying accommodations to the disabled applicants. The effect of these actions by Defendants is that Defendants are not offering the USMLE in a "manner accessible to persons with disabilities." 42. U.S.C. § 12189. Moreover, by not providing accommodations to disabled test takers, specifically including Dr. Wells, Defendants continue to violation the ADA by not "ensuring" that the test results "accurately reflect the individual's aptitude or achievement level" rather than reflecting the individual's impairment." 28 C.F.R. § 36.309(b)(1)(i). This pervasive pattern and practice is evidenced by the numerous lawsuits filed against Defendants, particularly NBME, alleging disability discrimination as well as a Consent Decree entered into by NBME and the U.S. Dept. of Justice.

According to a study reported in the Journal of the American Medical Association, March 12, 2021, only 3.1% of the medical profession is comprised of individuals with disabilities. Zakia, Nouri, et al. Estimated Prevalence of U.S. Physicians with Disabilities, JAMA Network Open, https://jama.jamanetwork.com/article.aspx?doi=10.1001/jamanetworkopen.2021.1254&utm_campaign=articlePDF%26utm_medium=articlePDFlink%26utm_source=articlePDF%26utm_content=jamanetworkopen.2021.1254. This statistic stands in stark comparison with 26% of the U.S. population as a whole, as reported by the Centers for Disease Control. Centers for Disease Control and Prevention. Disability and Health Data System (DHDS) [Internet]. [updated 2018 May 24; cited 2018 August 27]. Available from: http://dhds.cdc.gov. Dr. Wells contends this is due, in whole or in part, to systemic denial of disability accommodations on the USMLE, which is the key to opening the door to a medical career in every state in this country. Dr. Wells is confident that these allegations will be borne out through discovery, investigation, fact-gathering, statistical information, and expert witnesses.

Defendant's Position

Plaintiff's suggestion that the current action "may be one that should be certified as a class" is both vague and surprising, given the absence of any such suggestion previously. He does not state whether he actually intends to include class allegations in the amended complaint that he says he will be filing. If he does so, Defendant will vigorously oppose class certification. Under the Americans with Disabilities Act, decisions on accommodation requests must be made on a case-by-case basis and are, by definition, individualized. The fact that Plaintiff's request for accommodations was denied by Defendant in no way reflects a "pattern and practice" of discrimination and provides no basis for a class action lawsuit.   Defendant also notes that the schedule reflected in the Court's initial scheduling order would need to be revised considerably if Plaintiff purported to be proceeding on a class basis.

**9.    RELATED CASES**

The parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement.

**10.    RELIEF**

The parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement.

**11.    SETTLEMENT AND ADR**

Counsel have met and conferred regarding ADR and have agreed to informally attempt resolution of this matter on their own between now and November 15, 2021. If the matter has not been resolved by November 15, 2021, counsel have agreed the matter should be referred to a Magistrate Settlement Conference.

**12. CONSENT TO MAGISTRATE FOR ALL PURPOSES**

<u>Plaintiff's/Defendants' Agreed Position</u>:

The parties have already consented to a magistrate judge conducting all further proceedings.

**13. OTHER REFERENCES**

None.

**14. NARROWING ISSUES**

The parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement.

**15. EXPEDITED TRIAL PROCEDURE**

The parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement.

**16. SCHEDULING**

The Court has issued a Pre-Trial Order setting forth scheduling.

**17. TRIAL**

Trial of this matter may take longer than the current estimate, depending on the amendments Plaintiff makes to the Complaint.

**18. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement.

-7-

**19.    PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED:  August 6, 2021               **PERKINS COIE LLP**

By  /s/ Robert A. Burgoyne
     Torryn Taylor Rodgers
     Robert A. Burgoyne

Attorneys for Defendants
NATIONAL BOARD OF MEDICAL
EXAMINERS, and FEDERATION OF
STATE MEDICAL BOARDS, INC.

DATED:  August 6, 2021               **YOUNG LAW GROUP**

By  /s/ Eric G. Young*
     Eric G. Young

Attorneys for Plaintiff
CORNELL WELLS, JR.

# CERTIFICATE OF SERVICE

***Wells Jr. v. National Board of Medical Examiners, et al.***

**USDC-ND, Oakland Division, Case No. 3:21-cv-01279-JSC**

At the time of service, I was over 18 years of age and not a party to this action. My business address is 411 Russell Avenue, Santa Rosa, CA 95403. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On September 23, 2021, I served the following identified document(s):

**UPDATED JOINT CASE MANAGEMENT STATEMENT**

I served the document(s) on all interested parties as follows:

| Name of Party/Counsel Served: | Attorney For: |
|---|---|
| Torryn Taylor Rodgers<br>Robert Burgoyne<br>Perkins Coie LLP<br>505 Howard Street, Ste. 1000<br>San Francisco, CA 94105<br>Tel: 415-344-7000<br>TRodgers@perkinscoie.com<br>RBourgoyne@perkinscoie.com | Attorneys for National Board of Medical Examiners, and Federation of State Medical Boards, Inc. |

I served the above-named documents as follows:

_____**BY FACSIMILE TRANSMISSION** - pursuant to agreement of the parties, from fax number (707) 289-8059 to the fax number(s) set forth above. The facsimile machine I used complied with Rule 2.301(3) and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a transmission record, a copy of which is attached.

_____**BY MAIL** -

_____By personally depositing the documents in a sealed envelope addressed as set forth above with the U.S. Postal Service, postage fully prepaid, sent by regular mail and certified mail, return receipt requested

X   By placing documents enclosed in a sealed envelope addressed as set forth above for collection and mailing. I am readily familiar with my firm's practice of collection and processing correspondence for mailing. In the ordinary course of my firm's business, correspondence is deposited with U.S. postal service on the same day it is placed for collection, postage fully prepaid.

_____**BY PERSONAL SERVICE** - by delivering a copy of the document(s) by hand to the addressee.

_____**BY EXPRESS SERVICE** - by depositing in a box or other facility regularly maintained by the express service carrier or delivering to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served.

_____**BY ELECTRONIC TRANSMISSION** - pursuant to agreement of the parties, or by Court order, transmitting a PDF version of the document(s) by electronic mail to the party(ies) identified above using the e-mail address(es) indicated.

___X_____**BY ELECTRONIC TRANSMISSION ONLY DURING CORONAVIRUS/COVID-19 PANDEMIC** – The document(s) were emailed to the persons at email addresses listed based on notice previously provided that, during the Coronavirus (COVID-19) pandemic, this office will be primarily working remotely, unable to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

_____I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

___x____I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: September 23, 2021                    **YOUNG LAW GROUP**


                                            /S/Jackie Campbell
                                            Jackie Campbell