# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL WELLS, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS; FEDERATION OF STATE MEDICAL BOARDS,<br><br>    Defendants. | CASE NO. 3:21-cv-01279-JSC<br><br>**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT FOR DAMAGES; DECLARATORY AND INJUNCTIVE RELIEF; AND DEMAND FOR TRIAL BY JURY**<br><br>Date: November 18, 2021<br>Time: 9:00 a.m.<br>Location: Videoconference |

**TO ALL PARTIES AND THEIR COUNSEL:**

Plaintiff CORNELL WELLS, JR. ("Plaintiff"), respectfully submits the following Reply Memorandum in Support of Motion for Leave to File First Amended Complaint:

## I. LEGAL ARGUMENT

### A. Whether Plaintiff Can Ultimately Satisfy the Pre-requisites to Class Certification is Not the Issue Before the Court

Defendants concede in their Opposition, as their legal authority requires them to, that the issue before the Court is not whether Plaintiff can ultimately satisfy the pre-requisites to class certification. The Court in Barnett v. County of Contra Costa, No. 0404437 TEH, 2010 U.S. Dist. LEXIS 68864, 2010 WL 2528523 (June 18, 2010), cited on page 2, footnote 2, of Defendants' Opposition, made this point quite clear when it stated:

> "Defendants have cited no authority to support the proposition that, in deciding whether to grant leave to amend, a court should consider whether a proposed amendment stating a class claim satisfies the requirements of Rule 23. To the contrary, the Ninth Circuit long ago explained that compliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim…and it follows…that Rule 23 should also not be tested on a motion for leave to amend." Barnett, *supra,* 2010 U.S. Dist. LEXIS 68864, *11, citing Gillibeau v. City of Richmond, 417 F.2d 426, 432 (9th Cir. 1969).

Thus, any argument advanced by Defendants to the effect that Plaintiff's proposed class allegations will not ultimately prevail if certification is sought – which appear at various places throughout Defendants' Opposition - are inappropriate, and the Court should disregard them.

### B.  Defendants Have Failed to Demonstrate Undue Delay or Prejudice Sufficient to Warrant Denying Plaintiff's Motion

As noted in Plaintiff's moving papers, among the factors used in the 9th Circuit to determine whether to grant or deny leave to amend a complaint, prejudice is the most important factor. It is the "touchstone of the inquiry under Rule 15(a)" and "carries the greatest weight." *See,* Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2004).

In their Opposition, Defendants allot approximately one page to analyzing the "touchstone of the inquiry," demonstrating how little they have to argue on this important point. Moreover, the "prejudice" Defendants assert in opposition to leave to amend is not prejudice to themselves; but rather, the inconvenience to the Court that leave to amend would cause.[1]

---

[1] Plaintiff does not minimize this inconvenience; however, the showing of prejudice must be prejudice to the Defendants.

In support of this argument, Defendants cite Kesecker v. Marin Cmty. College Dist., No. C11-4048 JSC, 2012 U.S. Dist. LEXIS 109931 (August 6, 2012), a decision rendered by Your Honor in a case brought by a community college police officer alleging workplace retaliation, discrimination, and unlawful termination of employment in violation of the Americans with Disabilities Act (ADA) and the California Fair Employment & Housing Act (FEHA), among other claims.

The police officer's original complaint was filed in state court on April 21, 2011. Approximately four months later, on August 4, 2011, the police officer filed a first amended complaint, and the defendants removed the matter to federal court.

A case management conference (CMC) was held on March 30, 2012, approximately seven months after removal and eleven months after the original complaint was filed. At the CMC, the court ordered trial to commence on January 28, 2013, nearly twenty-one months after the original complaint was filed. Kesecker, *supra*, 2012 U.S. Dist. LEXIS 109931, *2

Two and one-half months later, on June 15, 2012,[2] the police officer sought leave to add a Section 1983 claim for deprivation of due process related to Defendants alleged denial of a concealed weapons permit without a hearing, which the police officer alleged violated California law. The police officer also sought to add two, new individual defendants. Kesecker, *supra*, 2012 U.S. Dist. LEXIS 109931, *2. Like the Defendants here, the Kesecker defendants argued undue delay and prejudice, and the Court agreed, denying the motion for leave to amend.

---

[2] And over one year from the date the original complaint was filed.

In reaching its conclusion, however, the Court correctly noted that "undue delay…cannot alone justify the denial of a motion to amend," and that "the most important factor is prejudice to the opposing party." Kesecker, *supra,* 2012 U.S. Dist. LEXIS 109931, *2. Instead, the Court did in Kesecker what Plaintiff asks it to do here - weigh the facts and reasons for the delay against the prejudice asserted by these Defendants. That is where this case becomes readily distinguishable from Kesecker, both in terms of the factual background as well as the reasoning underlying the Court's decision.

First, unlike Kesecker, Plaintiff sought leave to amend here only seven months since the original complaint was filed, not in excess of one year *and* after the original parties had already engaged in mediation. No settlement conference or other alternative dispute resolution procedure has occurred in this case.

Second, the "relatively weak reason" the police officer's counsel gave in Kesecker for the delay in seeking the amendment was that "he was not aware of 'the specific legal provisions' supporting Plaintiff's proposed § 1983 claim until…mediation in March 2012," even though he had known of the role the additional defendants had played. Kesecker, *supra,* 2012 U.S. Dist. LEXIS 109931, *6. That is not the same situation here. Plaintiff's counsel did not know from the inception of this case that other, specific individuals have been denied disability accommodations by Defendants or how widespread the problem is. Learning this fact required investigation *after* Plaintiff's original Complaint was filed and, indeed, continuing even after the initial CMC. Unlike

plaintiff's counsel in <u>Kesecker</u>, Plaintiff's counsel was not laboring under a "relatively weak," "ignorance of the law" excuse.

Finally, while it is true as noted above, leave to amend <u>*may*</u> require an adjustment to <u>*some*</u> of the dates set forth in the Court's initial Scheduling Order. However, that fact had particular significance in <u>Kesecker</u> precisely because, on balance, the police officer's counsel's reason for delaying seeking amendment was so weak.

It is also worth mentioning that when this case was filed on February 23, 2021, it was immediately subjected to Gen. Order 56 - Scheduling Order for Cases Asserting Denial of Right of Access Under Americans With Disabilities Act (Docket No. 9). This led to substantial, initial delays in processing the case (and some degree of confusion on both counsel's part). Defendants' counsel did not believe the case should be subject to this initial scheduling order. Plaintiff's counsel disagreed, but only in part. As a result, delays resulted while no compliance with the terms of the initial scheduling order occurred.[3]

These delays are regrettable, but Plaintiff has moved promptly and timely since then and since the initial CMC. Plaintiff's delay is not so significant as to warrant denying his motion, particularly in the face of such a weak showing of prejudice to these

---

[3] In their Opposition at page 8, line 19, Defendants state the parties have "participated in two case management conferences." This is not correct. The parties have participated in one case management conference. The follow up case management conference was continued on the Court's own motion after the parties submitted an updated Joint Case Management Statement (Docket No. 42). Defendants may be confused because there was an initial Gen. Order 56 Scheduling Order issued by the Court.

Defendants. Unlike the remaining cases cited by Defendants, no discovery has yet been propounded by either party. No depositions have yet been taken. This case can be looked at anew without Defendants having to re-litigate a single issue or re-depose any witnesses. Lastly, trial is still nearly one year away.

## II.   CONCLUSION

Delay alone does not justify disregarding the long-standing, liberal policy favoring amendments to pleadings. Prejudice is the most important factor the Court should consider, and in this case, Defendants have failed to articulate how *they* will be prejudiced if Plaintiff's motion is granted. Defendants may not want to face the prospect of a class action, but that, too, is no reason to deny Plaintiff leave to amend. For these reasons, as well as those set forth in Plaintiff's moving papers, the Court should grant Plaintiff's motion in its entirety.

Respectfully submitted,

Date: October 22, 2021                              **YOUNG LAW GROUP**

*/s/Eric G. Young, Esq.*
ERIC G. YOUNG, ESQ.
Attorneys for Plaintiff
CORNELL WELLS, JR.

,