Aaron Joseph Ver, Bar No. 295409
Aver@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: 415.344.7000
Facsimile:  415.344.7050

Robert A. Burgoyne (admitted *pro hac vice*)
RBurgoyne@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202.654.6200
Facsimile:  202.654.6211

Attorneys for Defendants
NATIONAL BOARD OF MEDICAL EXAMINERS,
and FEDERATION OF STATE MEDICAL BOARDS, INC.

Eric G. Young, Bar No. 190104
eyoung@younglawca.com
YOUNG LAW GROUP
411 Russell Avenue, Second Floor
Santa Rosa, California 95403
Telephone:  707.527.3637
Facsimile:  707.289.8059

Attorneys for Plaintiff
CORNELL WELLS, JR.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL WELLS, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS, a not-for-profit corporation, FEDERATION OF STATE MEDICAL BOARDS, INC., a not-for-profit corporation,<br><br>    Defendants. | Case No. 3:21-cv-01279-JSC<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   November 18, 2021<br>Time:   1:30 p.m.<br>Judge:  Hon. Jacqueline Scott Corley |

1. **JURISDICTION & SERVICE**

   The parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement or their prior Updated Joint Case Management Statement.

2. **FACTS**

   Subsequent to the initial Case Management Conference, Dr. Wells was granted a medical license in Colorado, on September 1, 2021, and in New York on September 14, 2021. He is awaiting decisions in two other states to which he has applied for licensure, one of which is California. Apart from this, the parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement or in the prior Updated Joint Case Management Statement. Both sides reserve the right to supplement factual details as they are learned through discovery.

3. **LEGAL ISSUES**

   The legal issues remain the same as stated in the parties' initial Joint Case Management Statement.

4. **MOTIONS**

| | | |
|---|---|---|
| 2/23/2021 | Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. 5) | Granted 2/24/21 (Dkt. 10) |
| 4/9/2021 | NBME's Motion for Leave to Appear Pro Hac Vice (Robert Burgoyne) (Dkt. 22) | Granted 4/13/21 (Dkt. 23) |
| 5/4/21 | FSMB's Motion for Leave to Appear Pro Hac Vice (Robert Burgoyne) (Dkt. 30) | Granted 5/5/21 (Dkt. 31) |
| 9/30/21 | Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. 43) | Fully briefed and pending -- Zoom hearing scheduled on motion for 11/18/21 |

**5.    AMENDMENT OF PLEADINGS**

See summary of motions in 4, above, discussing Plaintiff's pending motion to file an amended complaint.

**6.    EVIDENCE PRESERVATION**

<u>Plaintiff's/Defendants' Agreed Position</u>

Plaintiff believes that the parties need to confer further regarding electronically stored information, with specific reference to the Court's Rule 26(f) Checklist.  Defendants disagree that additional discussions are needed but have stated that they are willing to confer further. Plaintiff's counsel has not yet contacted Defendant's counsel to schedule a further discussion of issues pertaining to electronically stored information.

**7.    DISCOVERY**

<u>Plaintiff's Position</u>:

<u>Protective Order</u>: The parties have not yet executed a stipulated protective order.  The Order would apply to Plaintiff's confidential medical information and also to any confidential information of the Defendants that falls within the scope of the order.  Defendants' counsel has requested that Plaintiff's counsel provide a proposed Protective Order to review, and Plaintiffs' counsel  position is that the Court's approved form of Protective Order with some minor revisions should be sufficient. Plaintiff's counsel will provide the proposed Protective Order with any changes to Defendants' counsel in advance of the upcoming Case Management Conference

To facilitate third-party discovery, Defense counsel provided a draft Disclosure Authorization Form to Plaintiff's counsel on August 17, 2021.  Due to unanticipated events, Plaintiff's counsel was not able to provide any comments on the draft until September 23, 2021. It is anticipated that the issues pertaining to the Disclosure Authorization Form can be worked out cooperatively, but if not, counsel will be prepared to discuss the issues at the CMC.

<u>Defendants' Position</u>:

As noted above under "Plaintiff's Position," Defendants' counsel sent Plaintiff's counsel a

draft Disclosure Authorization Form on August 17, 2021.  The form was sent shortly after the initial case management conference, during which Plaintiff's counsel urged the Court to put a more expedited schedule in place than the schedule proposed by Defendants, and Defendants' counsel stated that third-party discovery would be greatly facilitated (and expedited) if Plaintiff executed a disclosure authorization form.

As also noted above under "Plaintiff's Position," Plaintiff's counsel did not respond to the draft Disclosure Authorization Form for roughly five weeks, sending feedback on September 23, 2021, in advance of a then-scheduled Case Management Conference on September 30, 2021.  The Court subsequently rescheduled that Case Management Conference to November 18, 2021.

On October 5, 2021, Defendants' counsel sent a revised draft of the Disclosure Authorization Form, under a covering email that stated as follows:   "Eric, I am forwarding a revised Disclosure Authorization Form which responds to the concerns you raised in your note below (redline and clean version attached).  Please review this as soon as possible, as we would like to begin sending out our third-party discovery requests.  Your note below also references getting a Stipulated Protective Order in place.  Please send me a draft as soon as you can and we will review and provide any comments."

On October 18, 2021, having had no response from Plaintiff's counsel, Defendants' counsel re-sent the October 5 email and revised Disclosure Authorization Form to Plaintiff's counsel, stating as follows:  "Eric, I am resending the message, below, as I have not yet had a response from you.  Please respond as soon as possible."

On October 27, 2021, having still had no response from Plaintiff's counsel, Defendants' counsel sent another email message to Plaintiff's counsel.  This message forwarded the Defendants' initial set of discovery requests directed to Plaintiff and again asked Plaintiff to return the signed Disclosure Authorization Form to facilitate Defendants' third-party discovery.

The email stated as follows:

> "Hello Eric,
>
> I have attached the defendants' initial requests for admissions, interrogatories, and requests for documents, all directed to Dr. Wells.
>
> As noted in prior emails, we would also like to begin our third-party discovery but have been waiting for an executed disclosure authorization form from Dr. Wells to facilitate that process.  Please send me the executed disclosure authorization form as soon as possible, or provide specific comments on the revised form that I sent to you on **October 5**.  The revised form reflected changes that I made in response to the concerns you expressed regarding the original draft form that I sent you on **August 17**.  You did not provide those concerns until **September 23**, which was more than a month after you received the initial draft of the disclosure authorization form.  We discussed our desire to obtain a disclosure authorization form from Dr. Wells during the last status conference with the Court, and my recollection is that you agreed to work with us in getting such a form executed by Dr. Wells.  More than two months have gone by since I sent you a proposed form, and we still don't have an executed form from Dr. Wells.
>
> Thank you.
>
> Bob"

Almost three months have now passed since Defendants' counsel sent Plaintiff's counsel the initial draft Disclosure Authorization Form which Plaintiff's counsel responded to roughly five weeks later.  Another month+ has passed since Defendants' counsel sent Plaintiff's counsel a revised draft of the Disclosure Authorization Form, in which changes were made to respond to the concerns he raised.  As of November 9, 2021, Defendants have had no written or oral response to their revised Disclosure Authorization Form, nor have they received a signed version of the Form.

Likewise, Defendants have not received a draft Protective Order from Plaintiff, despite asking that one be provided in an email message dated October 5, 2021.

**8.     CLASS ACTIONS**

Plaintiff's Position:

Plaintiff's pending, proposed First Amended Complaint seeks to pursue this litigation on a class-action basis for the reasons stated in Plaintiff's pending motion seeking leave to amend.

Defendants' Position:

If the Court grants Plaintiff's Motion for Leave to File a First Amended Complaint, Defendants will vigorously oppose class certification. Under the Americans with Disabilities Act, decisions on accommodation requests must be made on a case-by-case basis and are, by definition, individualized. Defendant also notes that the schedule reflected in the Court's initial scheduling order would need to be revised considerably if the Court grants Plaintiff's Motion for Leave to File a First Amended Complaint.

**9.     RELATED CASES**

The parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement.

**10.    RELIEF**

The parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement.

**11.  SETTLEMENT AND ADR**

Counsel have met and conferred regarding ADR and have agreed to informally attempt resolution of this matter on their own between now and November 15, 2021.  If the matter has not been resolved by November 15, 2021, counsel have agreed the matter should be referred to a Magistrate Settlement Conference.

**12.  CONSENT TO MAGISTRATE FOR ALL PURPOSES**

The parties have already consented to a magistrate judge conducting all further proceedings.

**13.  OTHER REFERENCES**

None.

**14.  NARROWING ISSUES**

The parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement.

**15.  EXPEDITED TRIAL PROCEDURE**

The parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement.

**16.  SCHEDULING**

The Court has issued a Pre-Trial Order setting forth scheduling.  The parties agree that this schedule will need to be revised, but they have not met and conferred regarding these revisions.

**17.  TRIAL**

Trial of this matter may take longer than the current estimate, if the Court grants Plaintiff's Motion for Leave to File a First Amended Complaint.

**18.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement.

**19.  PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional

1  Conduct for the Northern District of California.

2

3  DATED: November 10, 2021                     **PERKINS COIE LLP**

4

5                                               By  /s/ Robert A. Burgoyne
                                                     Aaron J. Ver
6                                                    Robert A. Burgoyne

7                                               Attorneys for Defendants
                                                NATIONAL BOARD OF MEDICAL
8                                               EXAMINERS, and FEDERATION OF
                                                STATE MEDICAL BOARDS, INC.
9

10 DATED: November 10, 2021                     **YOUNG LAW GROUP**

11

12                                              By   /s/ Eric G. Young
                                                     Eric G. Young

13                                              Attorneys for Plaintiff
                                                CORNELL WELLS, JR.
14