1   PERKINS COIE LLP

2   Aaron Joseph Ver, Bar No. 295409
    AVer@perkinscoie.com
3   505 Howard Street, Suite 1000
    San Francisco, CA  94105-3204
4   Telephone:  415.344.7000

5   Robert A. Burgoyne (admitted *pro hac vice*)
    RBurgoyne@perkinscoie.com
6   700 13th St., NW, Suite 800
    Washington, DC 20005
7   Telephone:  202.654.6200

8   Attorneys for Defendants
    NATIONAL BOARD OF MEDICAL EXAMINERS
9   AND FEDERATION OF STATE MEDICAL BOARDS

10              **UNITED STATES DISTRICT COURT**

11             **NORTHERN DISTRICT OF CALIFORNIA**

12

13
    CORNELL WELLS, JR.,                          Case No. 3:21-cv-01279-JSC
14
                    Plaintiff,                   **NATIONAL BOARD OF MEDICAL**
15                                               **EXAMINERS' ANSWER TO PLAINTIFF'S**
           v.                                    **FIRST AMENDED COMPLAINT FOR**
16                                               **DAMAGES AND STATUTORY**
    NATIONAL BOARD OF MEDICAL                    **PENALTIES; DECLARATORY AND**
17  EXAMINERS, a not-for-profit corporation;     **INJUNCTIVE RELIEF; AND DEMAND**
    FEDERATION OF STATE MEDICAL                  **FOR TRIAL BY JURY**
18  BOARDS, INC., a not-for-profit
    corporation,
19
                    Defendants.
20

21

22

23

24

25

26

27

28

Defendant National Board of Medical Examiners ("NBME"), by and through its undersigned attorneys, hereby answers the First Amended Complaint for Damages and Statutory Penalties; Declaratory and Injunctive Relief; and Demand for Trial by Jury (Dkt. 51) ("FAC") of Plaintiff Cornell Wells, Jr. ("Plaintiff" or "Dr. Wells"). NBME denies that it has violated Dr. Wells's rights in any way and answers the allegations in the numbered paragraphs of the FAC as follows.

## **INTRODUCTION**

1.       This Action arises out of a violation of Title III of the federal Americans With Disabilities Act ("ADA"), as amended by the Americans With Disabilities Act Amendments Act ("ADAA") of 2008, P.L. 110-325, codified at 42 U.S.C. § 12181, *et seq.*; and violation of California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civil Code § 51, which also prohibits discrimination against any citizen of the State of California on the basis of disability.

**ANSWER:**

NBME admits that Plaintiff purports to bring claims under Title III of the ADA and California's Unruh Civil Rights Act ("Unruh Act"), but it denies that it has violated either act.

2.       Plaintiff CORNELL WELLS, JR. ("Plaintiff") alleges that Defendants NATIONAL BOARD OF MEDICAL EXAMINERS ("NBME") and FEDERATION OF STATE MEDICAL BOARDS, INC. ("FSMB"), individually and in concert with each other, have engaged in a severe and pervasive pattern and practice of discrimination against Plaintiff on the basis of disability in violation of federal and California law by failing to accommodate his disabilities in the provision or administration of the United States Medical Licensing Examination ("USMLE"), which Defendants jointly administer in the State of California and throughout the United States.

**ANSWER:**

NBME admits that it owns the USMLE along with the FSMB. NBME denies the remaining allegations in paragraph 2 and states that the USMLE is administered by a third-party vendor.

3.      Plaintiff respectfully requests injunctive relief under the ADA/ADAAA.

**ANSWER:**

NBME admits that Plaintiff purports to seek the relief stated in paragraph 3 but denies that he is entitled to the relief sought or any relief in this action.

4.      Plaintiff further respectfully requests declaratory relief, statutory penalties and compensatory damages, including treble damages, in an amount according to proof pursuant to Cal. Civil Code § 52 as well as an award of attorney's fees pursuant to the ADA/ADAAA and Cal. Civil Code § 52.

**ANSWER:**

NBME admits that Plaintiff purports to seek the relief stated in paragraph 4 but denies that he is entitled to the relief sought or any relief in this action.

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12188 for claims arising under the ADA/ADAAA. This Court also has supplemental jurisdiction over Plaintiff's state law claims arising under California's Unruh Civil Rights Act pursuant to 42 U.S.C. § 1367.

**ANSWER:**

The allegations in paragraph 5 are legal conclusions that NBME is not required to admit or deny, but if so required, NBME denies that the Court has subject matter jurisdiction based on federal question jurisdiction because Plaintiff's ADA claim is moot, and states that Plaintiff has not alleged in the FAC either the existence of diversity jurisdiction under 28 U.S.C. § 1332 or facts sufficient to support diversity jurisdiction under 28 U.S.C. § 1332.

6.      Venue is proper in this District, pursuant to 28 U.S.C. § 1391. The Defendants are private organizations that do business in the State of California and provide their services in this District. Defendants have frequent, continuous, and systematic contacts with the State of California and this District through the administration and provision of the USMLE in this District sufficient to confer personal jurisdiction over Defendants. Moreover, a substantial part of

the acts or omissions giving rise to this Action occurred in this District by reason of the events that occurred on June 29-30, 2020 as more specifically pleaded herein.

**ANSWER:**

The allegations in paragraph 6 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME denies that a substantial part of the acts or omissions giving rise to this action occurred in this District and denies that it has frequent, continuous, and systematic contacts with the State of California and this District through the administration and provision of the USMLE in this District sufficient to subject NBME to general personal jurisdiction in California, but states that it is not contesting venue in this action.

**INTRA-DISTRICT ASSIGNMENT**

7.      Pursuant to Civil Local Rule 3-2(c), (d), assignment of this action is proper to either the San Francisco, California Division or Oakland, California Divisions.

**ANSWER:**

The allegations in paragraph 7 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME states that it is not challenging assignment of this action to this Division.

**PARTIES**

8.      Plaintiff is, and at all times mentioned herein was, an individual with one or more learning or developmental disabilities as more specifically pleaded herein who resides within the County of Los Angeles, State of California.

**ANSWER:**

NBME is without knowledge or information specific to form a belief as to the truth of the allegations in paragraph 8 regarding Plaintiff's residence and therefore denies them. NBME denies that Plaintiff is an individual with a disability.

9.      Defendant NBME is a not-for-profit organization headquartered in Philadelphia, Pennsylvania and organized under the laws of the District of Columbia. NBME jointly administers the USMLE, a nationwide licensure examination for physicians and surgeons along

1   with Defendant FSMB.  NBME is responsible for processing requests for accommodations by

2   disabled applicants such as Plaintiff who wish to take the USMLE in the State of California. In

3   this capacity, NBME has frequent, continuous, and systematic contacts, and does business in, the

4   State of California where the USMLE is administered.

5   **ANSWER:**

6          NBME admits the allegations in the first sentence of paragraph 9.  NBME denies the

7   allegations in the second sentence of paragraph 9, and states that it co-owns the USMLE

8   with FSMB, it jointly administers the USMLE program with FSMB, and the USMLE exam

9   at issue here (the USMLE Step 3 exam) is administered by a third-party vendor.  In response

10  to the allegations in the third sentence of paragraph 9, NBME admits that it processes and

11  decides requests for disability-based testing accommodations on the USMLE, including

12  requests from individuals who test in California, but denies that Plaintiff is a "disabled

13  applicant."  NBME admits that it does business in California but denies the remaining

14  allegations in the fourth sentence of paragraph 9.

15         10.     Defendant FSMB is a national, not-for-profit organization headquartered in Euless,

16  Texas. FSMB represents 71 state medical and osteopathic boards of the United States and its

17  territories. Together with NBME, FSMB jointly sponsors and administers the USMLE in the

18  State of California as well as establishes the general policies and guidelines for test-taking that

19  state medical boards follow as "fellows" of the FSMB, including the number of times an

20  applicant may take the USMLE as well as what constitutes a passing score for the USMLE. This

21  includes the Medical Board. In this capacity, FSMB has frequent, continuous, and systematic

22  contacts, and does business in, the State of California.

23  **ANSWER:**

24         In response to the allegations in the first sentence of paragraph 10, NBME admits, on

25  information and belief, that FSMB's headquarters are located in Euless, Texas, and that

26  FSMB is a not-for-profit organization.   In response to the allegations in the second sentence

27  of paragraph 10, NBME states, on information and belief, that FSMB represents the 71 state

28  medical and osteopathic regulatory boards — commonly referred to as state medical boards

1   — within the United States, its territories and the District of Columbia.  In response to the

2   allegations in the third sentence of paragraph 10, NBME admits that FSMB and NBME

3   jointly sponsor the USMLE, denies that NBME or FSMB administer the USMLE in

4   California, states that the USMLE exams are administered by a third-party vendor, and

5   admits that FSMB and NBME jointly establish general policies and guidelines for the

6   USMLE.  NBME denies that state medical boards are required to follow all of the USMLE

7   guidelines (such as the recommended guideline for passing scores).  NBME is without

8   knowledge or information sufficient to form a belief as to the truth of the remaining

9   allegations in the third sentence of paragraph10 and therefore denies them.  The allegations

10   in the fourth sentence of paragraph 10 are vague and therefore denied.  NBME denies the

11   allegations in the fifth sentence of paragraph 10, on information and belief.

12   ## FACTUAL ALLEGATIONS

13   **A.     Plaintiff's Academic History & Career as a Psychiatrist[1]**

14         11.     Plaintiff CORNELL WELLS, JR. ("Plaintiff") is a 45-year-old, African-American

15   male and resident of the State of California. He attended Albert Einstein College of Medicine

16   from 2005-2012. He completed his medical residency at California Pacific Medical Center in

17   psychiatry in 2016. In October 2018, Plaintiff was board certified as a psychiatrist.

18   **ANSWER:**

19         NBME is without knowledge or information sufficient to form a belief as to the truth

20   of the allegations in paragraph 11 and therefore denies them.

21         12.     From 2016-2018, Plaintiff worked as a staff psychiatrist at Kaiser Permanente,

22   Southern California Medical Group, where he focused on patients who have been traditional

23   underserved by mental health professionals.

24

25

26

27   ───────────────
[1] NBME is without knowledge or information sufficient to form a belief as to whether the
28   allegations in Section A completely and accurately convey "Plaintiff's Academic History &
    Career as a Psychiatrist."

**ANSWER:**

NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies them.

13.     From 2018-December 2019, Plaintiff worked as a psychiatrist for Pacific Coast Psychiatric Associates, a private psychiatric practice.

**ANSWER:**

NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies them.

14.     Plaintiff enjoyed serving his patients' needs. Plaintiff had no disciplinary record or negative marks of any kind against his medical license.

**ANSWER:**

NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them.

**B.     Plaintiff is a Person With Disabilities That Substantially Limit Major Life Activities Such as Learning, Reading, Concentration, Visual Perception, and Executive Functioning[2]**

15.     Throughout his social and academic life, however, Plaintiff has struggled as a person with disabilities. He has a chronic history of reading comprehension, cognitive processing speed, and executive functioning problems. Plaintiff has been diagnosed by a board certified neuropsychologist with a neuro-developmental impairment resulting from being born prematurely and at a very low birth weight ("PT/VLBW"). (*See, **Exhibit "A,"** attached hereto and incorporated herein.)

**ANSWER:**

NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 15 and therefore denies them.  In response to the allegations in the third sentence of paragraph 15, NBME admits that Plaintiff

---

[2] NBME denies that "Plaintiff is a Person With Disabilities That Substantially Limit Major Life Activities Such as Learning, Reading, Concentration, Visual Perception, and Executive Functioning."

1   attached a 27-page neuropsychological report as Exhibit A to his FAC and that the report

2   reflects a diagnosis of neurodevelopmental disorder associated with preterm birth and low

3   birth rate.  NBME is without knowledge or information sufficient to form a belief as to the

4   truth of the remaining allegations in paragraph 15 and therefore denies them.

5          16.     Secondarily, Plaintiff also has been diagnosed with ADHD, predominantly

6   inattentive type. This condition manifests as inattention when Plaintiff is presented with even

7   ordinary life activities. It is especially impairing when Plaintiff is presented with complex

8   material or information. (*See, **Exhibit "A."***) "Step 3" of the USMLE contains this type of

9   complex material.

10  **ANSWER:**

11         In response to the allegations in the first sentence of paragraph 16, NBME admits

12  that Plaintiff attached a 27-page neuropsychological report as Exhibit A to his FAC and that

13  the report reflects a diagnosis of Attention Deficit Hyperactivity Disorder Predominantly

14  Inattentive Type.  NBME is without knowledge or information sufficient to form a belief as

15  to the truth of the remaining allegations in paragraph 16 and therefore denies them.

16         17.     In addition, Plaintiff has been diagnosed with a learning disorder that impairs his

17  reading comprehension skills as compared to others, another condition that places him at a

18  disadvantage with tests like "Step 3" of the USMLE. (*See, **Exhibit "A."***)

19  **ANSWER:**

20         NBME admits that Plaintiff attached a 27-page neuropsychological report as Exhibit

21  A to his FAC and that the report reflects a diagnosis of Specific Learning Disorder with

22  impairment in reading (reading comprehension).  NBME denies the remaining allegations in

23  paragraph 17.

24         18.     Together, these disabilities substantially impair Plaintiff's language skills,

25  attention to detail, visuo-perception, and higher order executive functioning abilities. (*See,*

26  ***Exhibit "A."***) These disabilities substantially limit major activities of Plaintiff's life; indeed, they

27  impair every aspect of his life, even though he has learned to cope with some of the effects.

28

**ANSWER:**

NBME denies the allegations in paragraph 18.

**C.     The California Medical Board Requires Plaintiff to Re-Take "Step 3" of the USMLE[3]**

19.     Through no fault of his own, and due to its own internal mistake, the Medical Board of California ("Medical Board") discovered in or about March 2019 as a result of a routine audit, that Plaintiff's medical license had been issued to him in error on July 8, 2014.

**ANSWER:**

NBME denies that Plaintiff was issued a medical license in 2014 "through no fault of his own."  On information and belief, Plaintiff was aware that he had not achieved a passing score on the Step 3 exam and therefore was presumptively aware that he was not qualified for licensure in the State of California.  NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and therefore denies them.

20.     Plaintiff believed he had successfully met the criteria to practice medicine in the State of California because he was issued a medical license from the Medical Board. However, in March 2019, Plaintiff was informed by the Medical Board he had actually failed the final portion of the USMLE. The USMLE is a national physicians' and surgeons' standardized examination consisting of three parts, called "Steps." The final "step" is referred to as "Step 3." Successfully passing all three "steps" of the USMLE is a prerequisite to practicing medicine in California.

**ANSWER**:

NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 20 and therefore denies them; NBME notes, however, on information and belief that Plaintiff was aware that he had not passed the Step 3 exam and therefore knew or should have known that he had not successfully met the criteria to

---

[3] NBME is without knowledge or information sufficient to form a belief as to whether the allegations in Section C completely and accurately reflect Plaintiff's interactions with the California Medical Board.

practice medicine in the State of California.  NBME denies the allegations in the third sentence of paragraph 20 as stated and states that the USMLE is a three-step examination for medical licensure in the United States.  NBME admits the allegations in the fourth sentence of paragraph 20 and admits the allegations in the fifth sentence of paragraph 20 on information and belief.

21.     Until July 1, 2021, an applicant may have six attempts to pass "Step 3" of the USMLE. On July 1, 2021, FSMB will institute a policy where applicants may only attempt "Step 3" four times in total. When Plaintiff was advised by the Medical Board in March 2019 that he did not pass "Step 3," he had already attempted "Step 3" on two, prior occasions: April 15, 2014 and June 1, 2014.

**ANSWER:**

NBME admits the allegations in the first sentence of paragraph 21.  NBME denies the allegations in the second sentence of paragraph 21 as stated, and states that, effective July 1, 2021, the USMLE program is reducing the total number of times an examinee may attempt the same Step examination, from six (6) to four (4) attempts.  NBME admits that Plaintiff sat for Step 3 on April 15, 2014 and June 1, 2014.  NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence of paragraph 21 and therefore denies them; NBME also notes, on information and belief, that Plaintiff was aware that he did not pass the Step 3 exam in 2014, well in advance of allegedly being "advised" of this fact by the California Medical Board in 2019.

22.     Plaintiff was further informed by the Medical Board that his license would remain active, pending Plaintiff successfully re-taking "Step 3" as soon as possible.

**ANSWER:**

NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies them.

23.     On April 15, 2019, Plaintiff notified the Medical Board in writing that he would need to request accommodations to take "Step 3" because of ADHD from NBME. After some back and forth communications, it was agreed that Plaintiff could re-take "Step 3" on October 23, 2019.

**ANSWER:**

NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies them.

**D.      Plaintiff's Requests for Reasonable Accommodations[4]**

*1.     Plaintiff's First Request for Reasonable Accommodations is Denied by NBME and FSMB[5]*

24.      On April 25, 2019, Plaintiff submitted documentation to NBME requesting disability accommodations, including a personal statement, testing scores, and a neuropsychological testing report.

**ANSWER:**

NBME admits that Plaintiff submitted documentation to NBME, which included an accommodation request form, a document entitled Psychoeducational Evaluation Report, a personal statement, and certain testing scores, but denies that his accommodation request was initially submitted on April 25.  NBME further states Plaintiff's request for accommodations was considered complete and ready for review on May 13, 2019, after he completed his registration for the test.

25.      On May 2, 2019, Dr. Mary S. Kelly, clinical psychologist, and Director of Academic Support and Counseling at Albert Einstein School of Medicine, submitted documentation demonstrating Plaintiff had received disability accommodations for test taking while he was in medical school.

**ANSWER:**

NBME admits that it received a Certification of Prior Test Accommodations dated May 2, 2019, over the name and typed signature of Mary S. Kelly, Ph.D., reporting that Plaintiff received 50% extra testing time and a private location for all exams and quizzes.

---

[4] NBME denies that Plaintiff is entitled to accommodations on the USMLE.

[5] NBME denies that Plaintiff is entitled to accommodations on the USMLE and denies that the FSMB was involved in the accommodation decision.

1   NBME is without knowledge or information sufficient to form a belief as to the truth of the

2   remaining allegations in paragraph 25, and therefore denies them.

3         26.     On May 10, 2019, Plaintiff was informed that his request was under review by

4   Jennifer Cohen, secretary at NBME's Disability Services department.

5   **ANSWER:**

6         NBME denies the allegations in paragraph 26, and states that Jennifer Cohen,

7   Disability Services Specialist for NBME, informed Plaintiff on May 13, 2019 that his

8   registration was showing as complete and that his request for test accommodations had been

9   submitted for review.

10        27.     On July 9, 2019, Dr. Lucia McGeehan, Ph.D. and NBME's Disability Assessment

11  Analyst, denied Plaintiff's request for accommodations, stating:

12              *"Your documentation does not reflect a record of chronic and*
               *pervasive problems managing daily demands for attention,*
13              *concentration, or organization that has substantially impacted your*
               *functioning in school, work, social, or other domains." (See,*
14              ***Exhibit "B,"** attached hereto and incorporated herein, emphasis
               added.)
15
    **ANSWER:**
16
          NBME admits that it denied Plaintiff's request for testing accommodations by letter
17
    dated July 9, 2019, and admits that Plaintiff accurately quotes one sentence from the two-
18
    page, single-spaced letter in paragraph 27.  NBME denies the characterization of Dr.
19
    McGeehan as "NBME's Disability Assessment Analyst," and states that Dr. McGeehan's
20
    title is Disability Assessment Analyst, Disability Services.
21
          28.     This statement, of course, does not apply the correct standard for determining
22
    whether a person is a person with a disability as required under the ADA/ADAAA or California's
23
    Unruh Civil Rights Act, both of which apply to Defendants.
24
    **ANSWER:**
25
          The allegations in paragraph 28 are based on incorrect characterizations and are
26
    denied.
27

28

1

29.     Ms. McGeehan goes on to write:

2

*"We will advise the Federation of State Medical Boards (FSMB)*
*Assessment Services to process your exam application without test*
3       *accommodations." (See, **Exhibit "B,"** emphasis added.)*

4       **ANSWER**:

5       NBME admits that Plaintiff accurately quotes one sentence from the two-page, single-

6       spaced letter in paragraph 29.

7       *2.   Plaintiff Requests an Appeal of the Denial of Reasonable Accommodations, But His*
        *Second Request is Also Denied*[6]
8

9       30.     Plaintiff timely requested an appeal to review the denial of disability

10      accommodations.

11      **ANSWER:**

12      In response to the allegations in paragraph 30, NBME admits that Plaintiff timely

13      sought reconsideration of the decision denying his request for testing accommodation.

14      31.     On July 20, 2019, Plaintiff submitted a new personal statement to NBME and a

15      letter of diagnosis from Dr. Gerald Baltz, a certified psychiatric nurse practitioner with over 10

16      years of experience. Dr. Baltz's letter demonstrated a pervasive pattern of disability impairment

17      throughout Plaintiff's life across multiple domains of living. Dr. Baltz's based this diagnosis on

18      his expertise as well as the fact he had been treating Plaintiff for ADHD since May 2019. In

19      reaching his conclusions, Dr. Baltz reviewed Plaintiff's full medical history as well as the

20      psychometric testing conducted by Dr. Kelly when Plaintiff was in medical school. Dr. Baltz

21      wrote to NBME:

22      *"I can definitively state that Dr. Wells carries a diagnosis of*
        *ADHD, primarily inattentive presentation, and has carried this*
23      *diagnosis since childhood." (See, **Exhibit "C,"** attached hereto and*
        *incorporated herein, emphasis added.)*

24

25

26

27      ───────────────
        [6] NBME denies that it has an "appeals" process for accommodation decisions, admits that
        Plaintiff sought reconsideration of NBME's decision denying his request for accommodations,
        admits that NBME denied the reconsideration request, and denies that Plaintiff is entitled to
28      testing accommodations.

-13-

1    **ANSWER:**

2          In response to the allegations in the first sentence of paragraph 31, NBME denies it

3    received any communication from Dr. Wells on July 20, 2019, states that it received an

4    email from Plaintiff on July 22, 2019, and admits that Plaintiff submitted a letter dated July

5    20, 2019, over the name Gerald Baltz, DNP, PMHNP-BC, Doctor of Nursing Practice,

6    Board Certified Psychiatric & Mental Health Nurse Practitioner.  NBME is without

7    knowledge or information sufficient to form a belief as to the truth of the remaining

8    allegations in the first sentence of paragraph 31, and therefore denies them.  NBME denies

9    the allegations in the second sentence of paragraph 31.  NBME admits that, in the fifth

10   sentence of paragraph 31, Plaintiff accurately quotes from the document attached as Exhibit

11   C to the FAC. NBME is without knowledge or information sufficient to form a belief as to

12   the truth of the remaining allegations in paragraph 31, and therefore denies them.

13         32.    On August 19, 2019, Catherine Farmer, Psy.D. and Director of Disability Services

14   for NBME, wrote to Plaintiff denying his request for disability accommodations for a second

15   time. This time, instead of applying a "chronic and pervasive" standard, NBME claimed it

16   undertook "an individualized review of [Plaintiff's] request, but took issue with Dr. Baltz's

17   qualifications, writing:

18              *"Supporting documentation submitted from qualified professionals*
                *is a necessary part of any request for accommodations and is*
19              *carefully reviewed by NMBE. Though not required to defer to the*
                *conclusions or recommendations of an applicant's supporting*
20              *professional, we carefully consider the recommendation of*
                *qualified professionals made in accordance with generally accepted*
21              *diagnostic criteria and supported by reasonable documentation."*
                *(See,* **Exhibit "D,"** *attached hereto and incorporated herein,*
22              *emphasis added.)*

23   **ANSWER:**

24         NBME admits that it denied Plaintiff's request for reconsideration by letter dated

25   August 19, 2019, signed by Catherine Farmer, Psy.D., Director, Disability Services and that

26   Plaintiff accurately quotes two sentences from this letter, except that he omits the word "the"

27   before NBME in the first sentence.  NBME denies the characterizations of this letter and

28

1    NBME's prior decision letter in paragraph 32, and therefore denies the remaining allegations

2    in paragraph 32.

3          33.    Put in plain terms, NBME concluded Dr. Baltz was merely a "supporting

4    professional," not a "qualified professional," and NBME is not required to defer to a "supporting

5    professional" simply because he concludes an applicant has a disability warranting

6    accommodations.

7    **ANSWER:**

8          NBME denies the allegations in paragraph 33.

9          34.    Of course, at no point during this process, did NBME actually interview Plaintiff,

10   nor was Plaintiff examined or tested by any "qualified professional" affiliated or associated with

11   NBME or FSMB to determine if Plaintiff had ADHD or any other disabilities that might warrant

12   accommodations, despite the supposed "individualized review" NBME claims it conducted.

13   Moreover, in the second denial, NBME did not specify how it was that Plaintiff's documents was

14   not "reasonable."

15   **ANSWER:**

16         In response to the allegations in the first sentence of paragraph 34, NBME admits

17   that it did not interview Plaintiff and admits that Plaintiff was not examined or tested by

18   anyone "affiliated or associated" with NBME or FSMB, but denies that an interview,

19   examination, or testing by NBME or FSMB was required and therefore denies the remaining

20   allegations in the first sentence of paragraph 34.  NBME denies the allegations in the second

21   sentence of paragraph 34.

22         35.    NBME is already subject to a Settlement Agreement with the United States

23   Department of Justice ("DOJ") in a matter involving USMLE applicant Frederick Romberg (the

24   "Settlement Agreement"). The Settlement Agreement is referenced on the USMLE website. (*See,*

25   ***Exhibit "E,"*** attached hereto and incorporated herein.)

26   **ANSWER:**

27         In response to the allegations in paragraph 35, NBME admits that it entered into a

28   settlement agreement relating to Frederick Romberg with the United States, acting through

-15-

1   the United States Department of Justice, and that the agreement was accessible by way of

2   the USMLE website.  NBME denies the remaining allegations in paragraph 35.

3        36.     Under the terms of the Settlement Agreement, which is public record in DJ #202-

4   16-181, the DOJ found that NBME had wrongfully denied disability test-taking accommodations

5   on Step 1 and Step 2 of the USMLE to application Frederick Romberg. Among other terms,

6   NBME agreed as follows:

7                    *"12. NBME shall provide reasonable testing accommodations to*
       *persons with disabilities who seek to take the USMLE, in*
8                    *accordance with the requirements of 42 U.S.C. § 12189 and the*
       *implementing regulations, 28 C.F.R. § 36.309."* (See, **Exhibit "F,"**
9                    attached hereto and incorporated herein, emphasis added.)

10  **ANSWER:**

11       NBME admits that the Settlement Agreement states that the Department of Justice

12  concluded that the examinee in that case had submitted sufficient documentation to

13  demonstrate that he is a person with a disability within the meaning of the ADA and that he

14  was entitled to reasonable testing accommodations to take the USMLE, but NBME denies

15  the characterization of this statement in the Settlement Agreement in the first sentence of

16  paragraph 36.  NBME admits that Plaintiff accurately quotes paragraph 12 of the Settlement

17  Agreement in the second sentence of paragraph 36.

18       37.     Moreover, the Settlement Agreement provides:

19                   *"13. NBME's requests for documentation shall be reasonable and*
       *limited to documentation that establishes (a) the existence of a*
20                   *physical or mental impairment; (b) whether the applicant's*
       *impairment substantially limits one or more major life activities*
21                   *within the meaning of the ADA; and (c) whether and how the*
       *impairment limits the applicant's ability to take the USMLE under*
22                   *standard conditions. See, 28 C.F.R. Part 36, App. B, at 737*
       *(2010)."* (See, **Exhibit "F,"** emphasis added.)
23

24  **ANSWER:**

     NBME admits that Plaintiff accurately quotes from paragraph 13 of the Settlement
25

26  Agreement in paragraph 37.

27

28

38.     The Settlement Agreement goes on to state:

> *"14. NBME will carefully consider the recommendation of qualified professionals who have personally observed the applicant in a clinical setting and have determined – in their clinical judgment and in accordance with generally accepted diagnostic criteria, as supported by reasonable documentation – that the individual is substantially limited in one or more major life activities within the meaning of the ADA..."* (*See, **Exhibit "F,"*** emphasis added.)

**ANSWER**:

NBME admits that Plaintiff accurately quotes from part of paragraph 14 of the Settlement Agreement in paragraph 38, but states that he omits the following language: "and needs the requested test accommodations in order to demonstrate his or her ability and achievement level."

39.     Finally, and significantly, the Settlement Agreement makes clear that while NBME is "not required to defer to the conclusions or recommendations of an applicant's supporting professional":

> *"[NBME must provide an explanation for declining to accept those conclusions or recommendations. (See, **Exhibit "F,"*** ¶ 17, lines 5-8.)

**ANSWER**:

NBME denies that Plaintiff accurately quotes from part of a sentence in paragraph 17 of the Settlement Agreement in paragraph 39, and states that Plaintiff's characterization of this language as "significant" is vague and NBME therefore denies that allegation.

40.     At no point did NBME abide by its obligations under either the ADA or the Unruh Civil Rights Act with regard to Plaintiff's request for disability accommodations, nor did it comply with the terms of the Settlement Agreement with the DOJ. It rejected, not once but twice, documentation from qualified professionals demonstrating prior disability accommodations as well as a disability entitled to accommodations under the ADA/ADAAA. On the second rejection, NBME failed to provide a sufficient explanation for why it was denying Plaintiff's second request for disability accommodations, other than stating its right not to have

-17-

to defer to Plaintiff's "supporting professional." NBME failed to provide Plaintiff with any indication for why his documentation was not "reasonable."

**ANSWER:**

NBME denies the allegations in paragraph 40.

**E.     Plaintiff Attempts to Re-Take "Step 3" Without Accommodations on October 22-23, 2019 But Fails to Pass**

41.     Feeling he had no other alternative and exhausted his ability to obtain disability accommodations, needing to study for "Step 3" of the USMLE, and with the October 22-23, 2019 test-taking date rapidly approaching, Plaintiff reluctantly decided he would attempt to take "Step 3" without any accommodations. Plaintiff sat for "Step 3" of the USMLE on October 22-23, 2019, his third attempt.

**ANSWER:**

NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 41, and therefore denies them.  NBME admits the allegations in the second sentence of paragraph 41.

42.     On November 13, 2019, Plaintiff was notified that he failed "Step 3" of the USMLE. He was further notified that his license had to be placed on inactive status by December 24, 2019. The Medical Board was also notified, and on November 25, 2019, Christina Thomas, Licensing Manager, emailed a letter to Plaintiff dated November 25, 2019 outlining his options. (*See, **Exhibit "G,"** attached hereto and incorporated herein.)

**ANSWER:**

NBME admits, on information and belief, that Plaintiff was sent a letter dated November 25, 2019, from Christina Thomas, Licensing Manager for the Medical Board of the State of California, and that a copy of this letter is attached to Plaintiff's FAC.  NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42, and therefore denies them.

43.     According to rules promulgated by FSMB, Plaintiff could not take "Step 3" before a six-month waiting period. The Medical Board's Interim Executive Director, Christine

J. Lally, wrote a letter on Plaintiff's behalf to FSMB requesting Plaintiff be permitted to re-take "Step 3" of the USMLE prior to the end of the six-month waiting period. (*See, **Exhibit "H,"*** attached hereto and incorporated herein.)

**ANSWER:**

The allegations in the first sentence of paragraph 43 are vague, but NBME admits that Plaintiff was required to wait at least six months to retake the Step 3 examination pursuant to a USMLE program policy, given that he had already failed the test three times. NBME admits the allegations in the second sentence of paragraph 43, on information and belief.

44.     The Medical Board's letter was forwarded to the USMLE Secretariat. On December 23, 2019, the Secretariat's office, a division of NBME, refused by email communication to the Medical Board and Plaintiff to permit Plaintiff to sit for "Step 3" of the USMLE prior to the end of the six-month waiting period. (*See, **Exhibit "I,"*** attached hereto and incorporated herein.)

**ANSWER:**

NBME admits the allegations in the first sentence of paragraph 44.  NBME denies the allegations in the second sentence of paragraph 44 as stated, and states that the December 23, 2019 email from Nicole Miller, Program Manager, USMLE Secretariat, indicated that the USMLE Secretariat was unable to approve the California Medical Board's request for an exemption from the policy regarding the timing of retakes.

**F.     Plaintiff Places His License on Inactive Status & Loses His Job[7]**

45.     On December 24, 2019, Plaintiff placed his medical license on inactive status. This made Plaintiff ineligible for employment as a psychiatrist. Plaintiff took a leave of absence from his job and was ultimately let go from his employment. He has been unemployed in his chosen field of psychiatry ever since Christmas Day of 2019.

---

[7] NBME is without knowledge or information sufficient to form a belief as to whether Plaintiff placed his license on inactive status and lost his job.

-19-

1

2  **ANSWER:**

3         NBME is without knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 45 and therefore denies them.

4  **G.     Plaintiff Sits Again for "Step 3" on June 29-30, 2020, Again Without
           Accommodations, and Again Fails "Step 3"**

5         46.     Plaintiff attempted again to re-take "Step 3" of the USMLE at the next opportunity

6  on June 29-30, 2020. This attempt was, once again, without accommodations from either NBME

7  or FSMB.

8  **ANSWER:**

9         In response to the allegations in paragraph 46, NBME admits that Plaintiff took the

10  Step 3 examination on June 29-30, 2020, and tested without accommodations.  The

11  allegation regarding "the next opportunity" is vague and therefore denied.

12         47.     Due to COVID19 restrictions, the "Step 3" exam was offered in San Francisco,

13  California, which is within this Judicial District. Plaintiff traveled from Los Angeles to San

14  Francisco in order to re-take "Step 3" in a room along with approximately 15 other people, not all

15  of whom were necessarily taking the USMLE. The room was set up for proctored examinations

16  of various kinds, and it constituted a highly distracting and disabling atmosphere for taking a test

17  by someone with Plaintiff's particular disabilities.

18  **ANSWER:**

19         In response to the allegations in the first sentence of paragraph 47, NBME admits

20  that San Francisco, California is within the Northern District of California.  The remaining

21  allegations in the first sentence of paragraph 47 are vague and denied on that basis.  NBME

22  is without knowledge or information sufficient to form a belief as to the truth of the

23  allegations in the second sentence of paragraph 47, and therefore denies them.  NBME

24  denies the allegations in the third sentence of paragraph 47.

25         48.     Plaintiff was informed on July 15, 2020 that he failed "Step 3" again. This was

26  Plaintiff's fourth attempt at passing "Step 3."

27

28

1

**ANSWER:**

2      NBME is without knowledge or information sufficient to form a belief as to the truth

3   of the allegations in the first sentence of paragraph 48, and therefore denies them.  NBME

4   admits the allegations in the second sentence of paragraph 48.

5   **H.     Plaintiff Submits a Third Request to NBME for Accommodations to Take "Step 3"
             of the USMLE[8]**

6

7      49.     Subsequently, at the cost of several thousand dollars, on January 20, 2021,

8   Plaintiff submitted a Comprehensive Neuropsychological Evaluation and Report, which is also

    attached hereto as ***Exhibit "A,"*** prepared by Dr. Annette Swain, Ph.D. a board certified

9   neuropsychologist who has qualified to testify as an expert witness in numerous courts and

10  jurisdictions on psychological issues and disabilities. Plaintiff also submitted a personal

11  statement.

12  **ANSWER:**

13     NBME admits that Plaintiff submitted a document entitled Comprehensive

14  Neuropsychological Evaluation Report over the name and typed signature of Annette Swain,

15  Ph.D., ABPP-CN on or about January 20, 2021, and admits that a copy of this document is

16  attached as Exhibit A to the FAC.  NBME is without knowledge or information sufficient to

17  form a belief as to the truth of the remaining allegations in the first sentence of paragraph

18  49, and therefore denies them.  In response to the allegations in the second sentence of

19  paragraph 49, NBME denies that Plaintiff submitted a "personal statement" in support of

20  this request, but states that Plaintiff submitted a substantive email to NBME.

21     50.     Dr. Swain concluded (based on extensive testing and meeting with Plaintiff) that,

22  in addition to ADHD, Plaintiff had a developmental disability that impaired his ability to

23  concentrate as well as executive functioning.  Dr. Swain recommended that Plaintiff be

24  accommodated by double testing time and a separate testing room.  A Disability Services

25

26

27
    ───────────────
[8] NBME admits that Plaintiff submitted another request for testing accommodations to NBME on
28  or about January 20, 2021.

1   "Specialist" at NBME acknowledged receipt of Dr. Swain's report.

2   **ANSWER**:

3       NBME is without knowledge or information sufficient to form a belief as to the truth of

4   the allegations in the first sentence of paragraph 50, and therefore denies them.  NBME denies the

5   allegations in the second sentence of paragraph 50 and states that the written report speaks for

6   itself.  In response to the allegations in the third sentence of paragraph 50, NBME admits that an

7   NBME Disability Services Specialist acknowledged receipt of the evaluation report.

8       51.     On March 26, 2021, despite having gone to great lengths and expense to prove his

9   disability, NBME denied Plaintiff's request for accommodations yet again.  In her rejection letter,

10  which is attached hereto as ***Exhibit "J,"*** Catherine Farmer, Psy.D. and Director of Disability

11  Services for NBME, again indicated that an "individual review" had been performed.  However,

12  Plaintiff was never interviewed; neither was Dr. Swain.

13  **ANSWER**:

14      NBME admits that a copy of a March 26, 2021 letter from Catherine Farmer, Psy.D., who

15  was Director of Disability Services for NBME, is attached as Exhibit J to Plaintiff's FAC, and

16  that in this letter, Dr. Farmer explained that Plaintiff's request for testing accommodations was

17  denied.  NBME denies the remaining allegations in paragraph 51.

18      52.     Farmer insinuated that Plaintiff had provided misleading information to NBME

19  about the disability accommodations he had received while in medical school.  Farmer also seized

20  on certain details to criticize and undermine Dr. Swain's thorough neuropsychological evaluation,

21  which had included a battery of over 21 different tests performed on Plaintiff.  Farmer concluded

22  by writing:

23          "Accommodations are provided when there is documentation of substantial functional
            impairment as compared to most people, and a rationale to demonstrate that the requested
24          accommodation is appropriate to the setting and circumstance.  Your documentation does
            not demonstrate a substantial limitation in a major life activity as compared to most
25          people in the general population, or that the requested accommodations are an appropriate
            modification of your USMLE Step 3 test administration."
26

27

28

**ANSWER:**

In response to the allegations in paragraph 52, NBME admits that Plaintiff accurately quotes from Dr. Farmer's March 26, 2021 letter and admits that the March 26, 2021 letter discusses inconsistences in Plaintiff's reporting of accommodations received in medical school. NBME denies the remaining allegations in paragraph 52, and states that the March 26, 2021 letter speaks for itself.

I.    **Plaintiff Sat for "Step 3" on June 22, 2021 Without Accommodations and Barely Passed, But This Does Not Undermine His Claims in This Lawsuit[9]**

53.    Until July 1, 2021, Plaintiff was eligible to attempt to re-take "Step 3" of the USMLE because the current policy promulgated by FSMB allows test applicants six attempts. FSMB changed this policy on July 1, 2021 to reduce the number of exam attempts to four.

**ANSWER:**

In response to the allegations in the first sentence of paragraph 53, NBME denies that the referenced policy is "promulgated by FSMB," states that this is a USMLE program policy, and admits the remaining allegations in the sentence.  NBME denies the allegations in the second sentence of paragraph 53, which, among other things, are vaguely worded, and states that pursuant to USMLE program policy, effective July 1, 2021, the total number of attempts allowed per Step examination is four.

54.    On June 22, 2021, before the new policy limiting the number of test attempts, Plaintiff again sat for Step 3 of the USMLE without accommodations.  The minimum passing score for Step 3 was 198.  Plaintiff scored exactly 198, even though he scored the same or lower overall in all categories save one.

---

[9] NBME admits that Plaintiff sat for the Step 3 examination on June 22, 2021 without accommodations and passed the test, and states that Plaintiff's claim under the ADA is therefore moot..

1

**ANSWER:**

2

NBME admits the allegations in the first two sentences of paragraph 54.  In response to

3

the allegations in the third sentence of paragraph 54, NBME admits that Plaintiff received a score

4

of 198 and denies the remaining allegations in the sentence, which are vague.

5

55.      The score report Plaintiff received bears the following notation:

6

"If you tested repeatedly under the same conditions on a different set of items covering the same

7

content, your score would fall within one standard error of the estimate (SEE) of your current

8

score two-thirds of the time.  The SEE on this exam is 8 points."

**ANSWER**:

9

NBME denies that Plaintiff accurately quotes from the score report and therefore denies

10

the allegations in paragraph 55.

11

56.      Stated another way, if Plaintiff tested over and over without accommodations on

12

the same Step 3 content, he would likely fail two-thirds of the time.  Put bluntly, Plaintiff got

13

lucky on June 22, 2021, but his bare-minimum passing score of 198 does not "accurately reflect

14

[Plaintiff's] aptitude or achievement level."  Instead, it reflects his disability impairment, which is

15

forbidden by ADAAA regulations.  *See*, 28 C.F.R. § 36.309(b)(1)(i).

16

**ANSWER**:

17

NBME denies the allegations in paragraph 56.

18

57.      Moreover, the mere fact Plaintiff barely passed Step 3 does not render his

19

ADAAA claim moot.  In the medical profession, unlike the law, applicants for licensure are

20

required to disclose the number of times they took Step 3 of the USMLE and explain

21

circumstances where it took considerable time to pass Step 3.

22

**ANSWER**:

23

NBME denies the allegations in the first sentence of paragraph 57.  NBME is without

24

knowledge or information sufficient to form a belief as to the truth of the allegations in the second

25

sentence of paragraph 57, which are generalized across all applicants for medical licensure.

26

58.      In addition, even though Plaintiff was able to sit for the USMLE in June 2021

27

before FSMB's policy change on test attempts went into effect, Plaintiff had already exceeded the

28

-24-

number of attempts allowed by the California Medical Board.  California only allows four attempts on the USMLE for licensure.  Had Plaintiff been granted accommodations when he first requested them, it is highly likely he would have passed Step 3 in time to recover his California medical license.

**ANSWER**:

In response to the allegations in paragraph 58, NBME admits that Plaintiff was able to sit for Step 3 of the USMLE in June 2021, admits this was Plaintiff's fifth attempt at taking the Step 3 examination, and admits, on information and belief, that the California Medical Board limits applicants to four attempts at passing the Step 3 examination.  NBME denies the remaining allegations in paragraph 58.

**J.     Plaintiff's Prior Two Attempts to Re-Take "Step 3" Without Accommodations Should be Expunged Because Plaintiff Was Entitled to Accommodations on Those Occasions[10]**

59.     Plaintiff was subjected to disability discrimination and a failure to accommodate on each occasion he was required to re-take "Step 3" with accommodations after April 25, 2019; i.e., October 22-23, 2019 and June 29-30, 2020.

**ANSWER:**

NBME admits that Plaintiff did not receive testing accommodations when he tested in October 2019 and June 2020 and denies the remaining allegations in paragraph 59.

60.     On April 25, 2019, Plaintiff notified Defendants that he is a person with a disability, and despite Plaintiff providing more than adequate documentation of his disability, Defendants denied Plaintiff's request for disability accommodations.

**ANSWER:**

NBME admits that it received a request for testing accommodations from Plaintiff, denies the request was sent or complete on April 25, 2019, and admits that NBME denied this request.  NBME denies the remaining allegations in paragraph 60.

---

[10] NBME denies that "Plaintiff's Prior Two Attempts to Re-Take 'Step 3' Without Accommodations Should be Expunged Because Plaintiff Was Entitled to Accommodations on Those Occasions."

61.     Plaintiff should never have been forced to sit for "Step 3" of the USMLE without accommodations once Defendants became aware of his disability. In effect, Defendants' discriminatory conduct caused Plaintiff to unnecessarily waste two attempts at passing "Step 3" when they knew "Step 3" can only be taken a finite number of times.

**ANSWER:**

NBME denies the allegations in paragraph 61.

62.     In so doing, Defendants placed Plaintiff at a disadvantage relative to non-disabled test takers because Plaintiff was forced to sit for "Step 3" on two occasions without any accommodations or even a reasonable explanation or communication for why Plaintiff was denied accommodations.

**ANSWER:**

NBME denies the allegations in paragraph 62.

## FIRST CLAIM FOR RELIEF

### Violation of the Americans with Disabilities Act
### (42 U.S.C. § 12181, *et seq.*)[11]

63.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

**ANSWER:**

NBME incorporates by reference its responses to the prior paragraphs.

64.     The purpose of the ADA/ADAAA is to prevent discrimination against individuals with a disability in places of public accommodations, commercial facilities, and private entities that offer certain examination and courses related to educational and occupational certification. Defendants are entities subject to and covered by the requirements of Title III of the ADA/ADAAA.

**ANSWER:**

NBME denies that Plaintiff is fully and accurately paraphrasing the ADA or the ADAAA in the first sentence of paragraph 64, and therefore denies the allegations.  NBME

---

[11] NBME denies that it violated the Americans with Disabilities Act.

1   denies the allegations in the second sentence of paragraph 64 as stated, and states that

2   NBME is subject to a specific provision found in Title III of the ADA, 42 U.S.C. § 12189,

3   as it relates to the USMLE, and denies that NBME is subject to the "public accommodation"

4   provisions in Title III of the ADA.

5   65.   Congress provided a clear national mandate for the elimination of discrimination

6   against individuals with disabilities when it enacted the ADA and when it amended it to expand

7   its reach in 2008 with the passage of the ADAAA. Such discrimination includes barriers to full

8   integration, independent living, and most significant to this case, equal opportunity for persons

9   with disabilities.

10   **ANSWER:**

11   NBME denies the allegations in paragraph 65 as stated and refers to the text of the

12   ADA and ADAAA for any statements of purpose, and further denies that "equal opportunity

13   for persons with disabilities" is "significant to this case," given that Plaintiff has not

14   demonstrated that he is disabled within the meaning of the ADA or ADAAA.

15   66.   In order to comply with the Title III of the ADA/ADAAA, covered entities like

16   Defendants must, among their many obligations:

17   • Provide goods and services in an integrated setting, unless separate or different
      measures are necessary to ensure equal opportunity;

18

19   • Eliminate unnecessary eligibility standards or rules that deny individuals with
      disabilities an equal opportunity to enjoy the goods and services of a place of
      public accommodation;

20

21   • Make reasonable modifications in policies, practices, and procedures that deny
      equal access to individuals with disabilities, unless a fundamental alteration would
      result in the nature of the goods and services provided;

22

23   • Furnish auxiliary aids when necessary to ensure effective communication, unless
      an undue burden or fundamental alteration would result.

24   **ANSWER:**

25   NBME denies that it is subject to the "public accommodation" provisions in Title III

26   of the ADA and therefore denies the allegations in paragraph 66.

27   67.   Here, Defendants, with full knowledge that Plaintiff was, and is, a person with

28   disabilities, refused to provide reasonable accommodations for "Step 3" of the USMLE, placing

-27-

1  Plaintiff at a distinct and severe disadvantage in the provision and administration of the USMLE

2  relative to non-disabled persons. Defendants conduct violated the ADA/ADAAA, entitling

3  Plaintiff to the injunctive and declaratory relief requested herein, and Plaintiff invokes his

4  statutory right to attorney's fees and costs.

5  **ANSWER:**

6      NBME denies the allegations in paragraph 67 and denies that Plaintiff is entitled to

7  the relief sought.

8      68.    By reason of the clear violation of the ADA/ADAAA, Plaintiff has a strong

9  likelihood of success on the merits. Moreover, under the circumstances, Plaintiff will likely suffer

10  irreparable injury if injunctive relief is not granted. In addition, the balance of hardships favors

11  Plaintiff because Defendants will not be put to an undue burden or expense if accommodations

12  are given to Plaintiff. Finally, because of the clear Congressional intent to protect persons with

13  disabilities and provide them with equal opportunity, the public interest favors granting an

14  injunction. (*See, Winter v. Natural Res. Def. Council (Winter)* (2008) 129 S. Ct. 365, 370–87.)

15      WHEREFORE, Plaintiff prays for Judgment as set forth herein.

16  **ANSWER:**

17      NBME denies the allegations in paragraph 68 and denies that Plaintiff is entitled to

18  judgment in his favor.

19  **SECOND CLAIM FOR RELIEF**

20  **Violation of California Unruh Civil Rights Act**

21  **(Cal. Civil Code §§ 51, 52)[12]**

22      69.    Plaintiff incorporates by reference each and every allegation contained in the

23  foregoing paragraphs.

24  **ANSWER:**

25      NBME incorporates by reference its responses to the prior paragraphs.

26      70.    California's Unruh Civil Rights Act, Cal. Civil Code § 51, 52 ("Unruh") permits a

27  private cause of action for disability discrimination and provides that a plaintiff may obtain

28  _____

[12] NBME denies that it violated the Unruh Civil Rights Act.

-28-

1    statutory penalties, compensatory damages, treble damages, and injunctive relief as well as

2    attorneys' fees.

3    **ANSWER:**

4         NBME denies that Plaintiff has fully or accurately paraphrased the Unruh Civil

5    Rights Act in paragraph 70, and therefore denies the allegations.

6         71.    In answering a question certified to it by the 9th Circuit – whether disability

7    discrimination under Unruh must be intentional? – the California Supreme Court answered: No.

8    (*See, Munson v. Del Taco, Inc.* (2009) 46 Cal.4th 661.)

9    **ANSWER:**

10        NBME denies that Plaintiff is fully and accurately capturing the question certified to

11   the California Supreme Court in *Munson v. Del Taco*, and therefore denies the allegations in

12   paragraph 71.

13        72.    In reaching this conclusion, the *Munson* Court declared that Unruh is "preventive"

14   in nature and must be interpreted broadly so as to effect the intent of the California Legislature,

15   which is to "create and preserve a nondiscriminatory environment in California...by 'banishing' or

16   'eradicating' arbitrary, invidious discrimination by [business] establishments." (*Munson, supra,* 46

17   Cal.4th at 666.)

18   **ANSWER:**

19        NBME denies that Plaintiff is fully and accurately paraphrasing from the decision in

20   *Munson v. Del Taco*, and therefore denies the allegations in paragraph 72.

21        73.    The *Munson* Court also recognized that it is "the intent of the Legislature in

22   enacting [Unruh] to strengthen California law in areas where it is weaker than the Americans with

23   Disabilities Act of 1990...and to retain California law when it provides more protection for

24   individuals with disabilities than the Americans with Disabilities Act of 1990." (*Munson, supra,*

25   46 Cal.4th at 668.)

26   **ANSWER:**

27        NBME denies that Plaintiff is accurately paraphrasing from the decision in *Munson*

28   *v. Del Taco*, and therefore denies the allegations in paragraph 73.

74.     Under California law, a violation of Unruh is *per se* injurious and harm is presumed. (*Koire v. Metro Car Wash* (1985) 40 Cal.3d 24, 33 [219 Cal.Rptr. 133, 707 P.2d 195].) Plaintiff is entitled to three times his actual damages, but in no case less than $4,000 per violation, even if there are no actual damages. (Cal. Civil Code, § 52(a).) "Actual damages" under Unruh includes both special and general damages. (Cal. Civil Code, § 52(h).)

**ANSWER:**

NBME denies that Plaintiff is entitled to any relief, including damages, under the Unruh Act and therefore denies the allegations in paragraph 74.

75.     In this case, as more specifically pleaded herein, Defendants have denied Plaintiff reasonable disability accommodations in the taking of "Step 3" of the USMLE, which constitutes disability discrimination. Alternatively or in addition to, Defendants have aided each other, in an unlawful practice, pattern or scheme of denying reasonable accommodations to Plaintiff, which is ongoing and continues to the present day. Finally, Defendants have made an unlawful distinction about the nature and extent of Plaintiff's disability that led to a denial of reasonable accommodations in the taking "Step 3" of the USMLE.

**ANSWER:**

NBME denies the allegations in paragraph 75.

76.     In so doing, Defendants have discriminated against Plaintiff based on disability, which is conduct prohibited by Unruh.

**ANSWER:**

NBME denies the allegations in paragraph 76.

77.     As pleaded above, Defendants conduct need not be intentional to constitute a violation of Unruh, although Plaintiff alleges that, at all pertinent times, Defendants' conduct was, in fact, intentional.

**ANSWER:**

NBME denies that it violated the Unruh Act and denies the allegations in paragraph 77.

1    78.    Moreover, Defendants have no legitimate grounds for engaging in such unlawful

2  conduct. Defendants have no rational basis upon which to deny Plaintiff reasonable disability

3  accommodations in taking "Step 3" of the USMLE. Defendants have only their own unlawful and

4  discriminatory perceptions of Plaintiff and his disabilities, and the equally unlawful conclusion

5  emanating from those perceptions, which are not based on any empirical evidence.

6  **ANSWER:**

7    NBME denies that it engaged in unlawful conduct, denies that Plaintiff is entitled to

8  testing accommodations, and denies the allegations in paragraph 78.

9    79.    Without ever having examined, tested, or evaluated Plaintiff, Defendants

10  concluded that Plaintiff is not a disabled person entitled to reasonable accommodations under

11  either federal or California law when, in fact, Plaintiff is a person with disabilities entitled to

12  protection under both the ADA/ADAAA and Unruh.  Plaintiff is informed and believes, and

13  thereon alleges, that this is Defendants' routine course of conduct.

14  **ANSWER:**

15    NBME admits that it did not personally examine, test, or evaluate Plaintiff and states

16  that it is not required to do so, admits that it concluded that the documentation submitted by

17  Plaintiff did not show that he is disabled, and denies the remaining allegations in paragraph

18  79.

19    80.    Finally, Plaintiff has on two, prior occasions provided Defendants with sufficient

20  proof his disability by providing Defendants with copies of evaluations, reports, and diagnoses of

21  mental health professionals. Despite this proof, and without articulating any undue burden

22  Plaintiff's request for reasonable accommodations would cause, Defendants have persisted, and

23  will continue to persist, in denying reasonable accommodations to Plaintiff in taking "Step 3" of

24  the USMLE, warranting injunctive relief.

25  **ANSWER:**

26    NBME denies the allegations in paragraph 80.

27    81.    Defendants' conduct directly and proximately prevents Plaintiff from restoring his

28  medical license and returning to the practice of psychiatric medicine in the State of California. In

essence, Defendants' unlawful conduct has erected a discriminatory barrier requiring Plaintiff to take "Step 3" of the USMLE on terms and under conditions that are *different from* or *not substantially similar* to the terms and conditions under which a nondisabled person would take "Step 3" of the USMLE. Both the ADA/ADAAA and Unruh forbid this conduct and the outcome.

**ANSWER:**

NBME denies the allegations in paragraph 81.

82.     As a direct and proximate result of Defendants' refusal to grant reasonable accommodations to Plaintiff, Plaintiff has suffered, and will continue to suffer, economic and noneconomic damages in the form of lost income from the practice of psychiatric medicine as well as severe emotional distress, humiliation, embarrassment, worry, and general damages, all in an amount to be proven at the time of trial.

WHEREFORE, Plaintiff prays for Judgment as set forth herein.

**ANSWER:**

NBME denies the allegations in paragraph 82 and denies that Plaintiff is entitled to judgment in his favor.

### THIRD CLAIM FOR RELIEF

### Declaratory Relief

83.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

**ANSWER:**

NBME incorporates by reference its responses to the prior paragraphs.

84.     An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendants deny or will deny, that by refusing to grant Plaintiff reasonable accommodations in taking "Step 3" of the USMLE, Defendants have failed to comply with all applicable laws protecting the rights of disabled

persons like Plaintiff, including but not limited to Title III of the ADA, 42 U.S.C. §§ 12181, *et seq.* and California's Unruh Civil Right Act.

**ANSWER**:

NBME admits that it denied Plaintiff's request for testing accommodations, admits that it complied with all applicable laws in doing so, denies that Plaintiff is entitled to declaratory relief or any relief, and denies the remaining allegations in paragraph 84.

85.    A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff prays for Judgment as set forth herein.

**ANSWER:**

NBME denies that Plaintiff is entitled to declaratory relief or any relief, denies the remaining allegations in paragraph 85, and denies that Plaintiff is entitled to judgment in his favor.

The remaining allegations in Plaintiff's FAC constitute a Prayer for Relief as to which no responsive pleading is required, but NBME denies that Plaintiff is entitled to the relief sought or any relief in this action.

**ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED HEREIN ARE DENIED.**

### AFFIRMATIVE DEFENSES

1.    Plaintiff's claims are barred by the statute of limitations to the extent they are based on any actions taken by NBME and/or FSMB outside the limitations period.

2.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. On information and belief, Plaintiff was aware that he had not passed Step 3 at the time he was granted a license to practice in California, but he failed to raise this fact with the Medical Board of California and proceeded to practice medicine, knowing that he had not satisfied all criteria for licensure.  Plaintiff now seeks injunctive relief requiring "expungement" of two of his prior Step 3 results, contrary to testing policies that were put into place to protect the integrity of the exam and support medical licensing authorities.

1        3.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.  On

2   information and belief, Plaintiff was aware that he had not passed Step 3 after he tested in 2014.

3   Plaintiff could have retaken the test at that time and sought testing accommodations, but instead,

4   he proceeded to practice medicine despite knowing that he had not satisfied all criteria for

5   licensure.  He is now seeking injunctive relief requiring "expungement" of two of his prior Step 3

6   results, contrary to testing policies that were put into place to protect the integrity of the exam and

7   support medical licensing authorities.  Plaintiff unreasonably delayed in asserting his alleged right

8   to test with accommodations, to the prejudice of NBME.

9        4.     Plaintiff's request for compensatory damages is barred or limited by his failure

10   to mitigate damages by promptly notifying the California Medical Board that he was not, in fact,

11   entitled to be licensed to practice medicine in California because of his failure to pass the Step 3

12   exam; and by other actions or inactions after his license was suspended.

13        5.     Plaintiff's claim under Title III of the ADA is moot, and the Court therefore lacks

14   subject matter jurisdiction over this claim, given that Plaintiff has now passed Step 3 of the

15   USMLE and there is no preventive relief that the Court can properly award under the statute.

16        NBME presently has insufficient knowledge or information on which to form a belief as

17   to whether it may have additional affirmative defenses available.  NBME reserves the right to

18   assert additional affirmative defenses in the event discovery or further analysis indicates that

19   additional unknown or unstated affirmative defenses are applicable.

20        WHEREFORE, NBME prays for judgment as follows:

21        1.     That Plaintiff take nothing and be denied all relief requested in his FAC;

22        2.     That Plaintiff's FAC be dismissed with prejudice on the merits;

23        3.     That NBME recover its fees and costs incurred herein; and

24        4.     That NBME be awarded such other and further relief as the Court deems just and

25   proper.

26

27

28

1

2
     DATED:  January 7, 2022                   **PERKINS COIE LLP**

3
                                       By:/s/ Robert A. Burgoyne

4
                                       Aaron Ver
                                     Robert A. Burgoyne (admitted *pro hac vice*)

5

6
                                   Attorneys for Defendants
                                   National Board of Medical Examiners and
                                 Federation of State Medical Boards

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28