Aaron Joseph Ver, Bar No. 295409
Aver@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: 415.344.7000
Facsimile:  415.344.7050

Robert A. Burgoyne (admitted *pro hac vice*)
RBurgoyne@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202.654.6200
Facsimile:  202.654.6211

Attorneys for Defendants
NATIONAL BOARD OF MEDICAL EXAMINERS,
and FEDERATION OF STATE MEDICAL BOARDS, INC.

Eric G. Young, Bar No. 190104
eyoung@younglawca.com
YOUNG LAW GROUP
411 Russell Avenue, Second Floor
Santa Rosa, California 95403
Telephone:  707.527.3637
Facsimile:  707.289.8059

Attorneys for Plaintiff
CORNELL WELLS, JR.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL WELLS, JR.,<br><br>        Plaintiff,<br><br>        v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS, a not-for-profit corporation, FEDERATION OF STATE MEDICAL BOARDS, INC., a not-for-profit corporation,<br><br>        Defendants. | Case No. 3:21-cv-01279-JSC<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:     January 20, 2022<br>Time:     1:30 p.m.<br>Judge:    Hon. Jacqueline Scott Corley |

**1.     JURISDICTION & SERVICE**

The parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement or their prior Updated Joint Case Management Statement.

**2.     FACTS**

<u>Defendant's Position</u>:

Subsequent to the initial Case Management Conference, Dr. Wells has been granted a medical license in Colorado on September 1, 2021, in New York on September 14, 2021, and in the state of Washington on December 2, 2021.  He has also re-applied for licensure in California, where his application remains pending.  Apart from this, the parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement or in the prior Updated Joint Case Management Statement.  Both sides reserve the right to supplement factual details as they are learned through discovery.

<u>Plaintiff's Position</u>:

Plaintiff has received his licensure in the following states: Georgia, Washington, Virginia, New York, and Colorado on various dates. Plaintiff's counsel cannot confirm the dates set forth by Defendants for licensure, but has no reason to doubt the dates provided by Defendants are incorrect. Plaintiff has been able to secure a temporary employment position as a physician providing psychiatric care at a Kaiser-affiliated medical facility in Virginia. He has temporarily relocated to the D.C. area and works full time at the medical facility. Plaintiff's residence, however, remains in California. His home is here as are all of his personal belongings (which are in a storage facility) except for clothes, toiletries, and necessary items of personal use he took with him to Virginia. His social and personal connections are in California. Plaintiff has had no offers for permanent employment anywhere, either full or part-time, including at the Virginia medical facility.

1    Regarding Plaintiff's application for licensure in California, Plaintiff believes that while

2    his licensure may still be pending, he has received no indication from the California Medical

3    Board that he will ever be licensed in California.

4    **3.    LEGAL ISSUES**

5    The legal issues remain the same as stated in the parties' initial Joint Case Management

6    Statement.

7    **4.    MOTIONS**

| 2/23/2021 | Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. 5) | Granted 2/24/21 (Dkt. 10) |
|---|---|---|
| 4/9/2021 | NBME's Motion for Leave to Appear Pro Hac Vice (Robert Burgoyne) (Dkt. 22) | Granted 4/13/21 (Dkt. 23) |
| 5/4/21 | FSMB's Motion for Leave to Appear Pro Hac Vice (Robert Burgoyne) (Dkt. 30) | Granted 5/5/21 (Dkt. 31) |
| 9/30/21 | Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. 43) | Granted 11/18/21 (Dkt. 50) |

**5.    AMENDMENT OF PLEADINGS**

Plaintiff filed his First Amended Complaint on December 2, 2021.  (Dkt. 51)

**6.    EVIDENCE PRESERVATION**

Defendant's Position:

The parties conferred regarding electronically stored information, with specific reference

to the Court's Rule 26(f) Checklist.

Plaintiff's Position:

On November 17, 2021, the parties conferred regarding electronically stored information,

with specific reference to the Court's Rule 26(f) Checklist.  The parties do not anticipate

153331931.1
155500093.1

significant, future evidence preservation disputes; however, Plaintiff advises the Court there may be a small number of documents dating from the time when he first began communicating with Defendants and/or the California Medical Board about the need for accommodations that are stored electronically on an old laptop which is, itself, in storage in Southern California. Plaintiff's counsel does not have access to this laptop but believes it is sequestered and secure. Plaintiff is on the East Coast and cannot reasonably access the laptop either. Because of email communications between counsel, Plaintiff believes that further discussion by counsel will either be necessary, or will occur as a practical matter, regarding preservation of electronic evidence on this laptop, the format of production of electronically stored information from the laptop, how to collect the information from the laptop (including whether the information is available through other means, such as third parties), and the timing of production. There may be additional electronic evidence preservation discussions that will come up from time to time.

**7.    DISCOVERY**

Plaintiff's Position:

Defendants served interrogatories, requests for production of documents, and requests for admissions on October 27, 2021. This made the due date the day after Thanksgiving.

On November 17, 2021, in anticipation of a meet and confer teleconference scheduled for later that day, Plaintiff's counsel provided a "Stipulated Protective Order for Standard Litigation" (which was modeled after the form provided on the Court's website) to defense counsel. Plaintiff's counsel also provided a "Clawback and Presumptively Privileged Protocol Stipulation and FRE 502(D) and (E) Order," the Court's Rule 26(f) Checklist regarding electronically stored information, and a copy of the Disclosure Authorization form defense counsel had previously prepared with suggested revisions. Counsel discussed these documents during the meet and confer teleconference.

153331931.1
155500093.1

Counsel has signed the Stipulated Protective Order, which is submitted with this Joint Statement. Defense counsel requested modifications to the Clawback Agreement, which are acceptable to Plaintiff's counsel. *However, this document remains unsigned*. An agreement could not be reached on the terms of the Disclosure Authorization document, and counsel will be prepared to discuss the reasons at the Case Management Conference and suggestions for how to overcome the impasse. This issue may be moot for now because Defendants have issued subpoenas for documents that were, ostensibly, subject to the Disclosure Authorization form, and these subpoenas will be the subject of further meet and confer by counsel and possible motion proceedings.

Meanwhile, Plaintiff's counsel requested a 1-week extension of time to respond to Defendants' written discovery to December 4, 2021, which was granted. Afterwards, Plaintiff's counsel experienced a run of bad health issues caused by an ongoing, painful condition of which defense counsel is aware, and which flares from time to time. Towards the end of November, Plaintiff's counsel experienced a two-week long, significant pain flareup which preceded receipt of the COVID booster shot, which also resulted prolonged these pain symptoms. As a result, Plaintiff's counsel was unable to prepare Plaintiff's discovery responses by December 4, 2021.

On December 3, 2021, Plaintiff's counsel advised defense counsel of his health situation and requested an additional one week extension. That same day, defense counsel replied:

> "I have no objection to the additional requested extension, provided that you agree to send me the executed disclosure authorization form in advance of the new due date.  It should only take a few minutes to have Dr. Wells sign that form and return it to you as a pdf, to forward on to me."

Somewhat surprised that defense counsel conditioned a one-week extension on the acquiescence by Plaintiff in the terms of the Disclosure Authorization (because there were unresolved issues with that document), Plaintiff's counsel followed up with defense counsel by email, stating:

-5-

1
2

"I received your email regarding my request for an additional one-week extension. I have also reviewed the Disclosure Authorization form attached here. There are two, remaining issues I have with the form:

3
4
5

   1.   As you will see from the First Amended Complaint, I have reworded Dr. Wells' claim for emotional distress to be the general, "garden variety" type that was discussed by the judge at our Case Management Conference. In light of this amendment, you would not be entitled to discover mental health records.

6
7
8

   2.   At our last Case Management Conference, the judge suggested we agree to a "joint look" arrangement where the records would be for attorneys' eyes only. I would like language to that effect included so that I also receive a copy of what you receive. In addition, any records received pursuant to this authorization must be deemed "confidential" per the protective order I sent you."

9

In separate emails that same day, December 3, 2021, Plaintiff's counsel also sent the

10

Stipulated Protective Order for defense counsel's signature – again – as well as the Clawback

11

Agreement, revised according to defense counsel's recommendations.

12
13

   Further, subsequent email communications occurred wherein Plaintiff's counsel requested

14

an additional extension of time through December 16, 2021. This request was necessitated by

15

Plaintiff's counsel ongoing health issues, which included a severe case of the flu (initially thought

16

to be COVID) as well as the logistical difficulties of reaching Dr. Wells on the East Coast,

17

reviewing the discovery with him, and trying to obtain documents that neither Plaintiff nor

18

Plaintiff's counsel has immediate access to. On December 15, 2021, Plaintiff's counsel again

19
20

emailed defense counsel, advised him of the status of discovery, and recommended a further

21

extension:

22
23

"I am writing to you again regarding the discovery. I am mindful that you were not amenable to another extension. However, under the circumstances, I see no way to get you complete answers by tomorrow.

24
25
26

I spent nearly 2 hours on the phone with Dr. Wells last night who is now on the East Coast, and we were able to get through the RFAs. That is the most uninterrupted time I have had with him in quite some time, due to his schedule but also my having flu. I am speaking with him again tonight, and I hope we can get through the interrogatories.

27
28

As for the request for production, Dr. Wells put a lot of documents as well as an older computer into storage. These are responsive, but neither he nor I can get to them. We can

-6-

153331931.1
155500093.1

reconstruct some documents that are or were electronic, but other documents, we cannot. There are some key documents going back several years that I, too, would like to see. None of this can happen by tomorrow.

This situation is complicated by the fact that I am getting married out of state on 12/18, so in addition to everything else, I am knee-deep in trying to get ready to leave town on 12/16, organizing, etc. I won't return to my office until - at the earliest - 12/27.

I will get the RFA responses to you, and I will try to get ROG responses as well, although I don't know how quickly that can come together. Bear in mind that Dr. Wells does have disabilities that are making the process of answering discovery even slower. However, getting responses to your document request is not workable under these time limits.

Under these circumstances, I would request that you reconsider and afford a further extension on the discovery. I am willing, subject to limits the Court might impose, to extend any deadlines you have. I would suggest that, regarding the doc production, we meet and confer when I return to discuss the types of docs Dr. Wells has, the format they are stored in, and where they are located.

I appreciate your consideration. Thanks."

Defense counsel replied:

"At some point I hope that Dr. Wells will step back and consider whether he really wants to continue with this litigation, as he appears to find it disruptive.  In the meantime, however, he needs to comply with his obligations as a litigant, and that includes complying in a timely manner with discovery requests.

As a professional courtesy, I have already granted you three extensions on the  discovery due date.  You are now requesting a fourth extension, of what appears to be an indeterminate length.   You also asking to be allowed to produce some number of documents in some sort of "reconstructed" format rather than providing copies of documents in their original format, apparently because of difficulties Dr. Wells has accessing the originals.   That is not acceptable, and we insist on production of all responsive documents that he has in his custody or control, including those that he has in storage.

You suggest that we meet and confer at some point after December 27 regarding what discovery responses you can get to us and when.  Again, this is not acceptable.  The Federal Rules govern Dr. Wells' discovery obligations, and he should comply with those rules in responding to our requests.

Regarding your request for a further extension:  We will agree to push Dr. Wells' response time to January 10, 2022, provided you send to me by COB on this Friday a signed version of the disclosure authorization form, which I am again attaching to this email. I am also attaching the fully executed Protective Order, which you may file with the Court.  In combination, these documents give Dr. Wells ample protection regarding

any sensitive medical information that he or third parties might disclose in discovery in this case.  We revised the disclosure authorization form following the last status conference with the Court, to address your then-remaining concerns, and further revisions are neither needed nor warranted.

If I don't have a signed disclosure authorization from you by COB this Friday (12/18), we will view your discovery responses to be untimely, and we reserve our right to move to compel, seeking reimbursement of our fees."

Plaintiff's counsel was scheduled to get married out of state on December 18, 2021, which defense counsel knew, and therefore, he also knew there was no way Plaintiff could possibly comply with his demand. Having no other alternative, Plaintiff served discovery responses on December 16, 2021, providing as much information as Plaintiff's counsel had been able to obtain up to that point.

Defense counsel has initiated meet and confer efforts, and Plaintiff's counsel will continue to meet and confer with defense counsel, prior to and after the upcoming CMC, to provide further, more detailed discovery responses. However, counsel's relationship is significantly strained, which is causing miscommunications and misunderstandings. Furthermore, counsel needs to produce some reasonable plan for obtaining the documents that are in Southern California. Plaintiff's counsel continues to work with Plaintiff to come up with a solution.

Defendants' Position:

Protective Order.  In an email dated October 5, 2021, Defendants' counsel asked the Plaintiff's counsel to send a draft protective order to address Plaintiff's concerns regarding the disclosure of medical records in this case.  Six weeks later, on November 17, 2021, Plaintiff's counsel sent a draft Protective Order to Defendants' counsel.  Defendants' counsel responded in a timely manner and, following additional communications between counsel, returned a fully executed Protective Order to Plaintiff's counsel on December 15, 2021, with authorization to file

-8-

153331931.1
155500093.1

1  the Protective Order.  As of January 12, 2022, Plaintiff's counsel has not filed the Protective

2  Order.

3      Disclosure Authorization Form.  Defendants' counsel sent Plaintiff's counsel a draft

4  Disclosure Authorization Form on August 17, 2021.  The form was sent shortly after the initial

5  case management conference, during which Plaintiff's counsel urged the Court to put a more

6  expedited schedule in place than the schedule proposed by Defendants, and Defendants' counsel

7  stated that third-party discovery would be greatly facilitated (and expedited) if Plaintiff executed

8  a disclosure authorization form.

9      Plaintiff's counsel did not respond to the draft Disclosure Authorization Form for roughly

10  five weeks, sending feedback on September 23, 2021.

11      On October 5, 2021, Defendants' counsel sent a revised draft of the Disclosure

12  Authorization Form, under a covering email that stated as follows:  "Eric, I am forwarding a

13  revised Disclosure Authorization Form which responds to the concerns you raised in your note....

14  Please review this as soon as possible, as we would like to begin sending out our third-party

15  discovery requests."

16      On October 18, 2021, having had no response from Plaintiff's counsel, Defendants'

17  counsel re-sent revised Disclosure Authorization Form to Plaintiff's counsel.

18      On October 27, 2021, having still had no response from Plaintiff's counsel, Defendants'

19  counsel sent another email message asking to have the signed Disclosure Authorization Form

20  returned in order to facilitate Defendants' third-party discovery.

21      Defendants' counsel brought up the issue of the Disclosure Authorization Form during the

22  status conference held on November 18, 2021.  The Court offered a suggestion for resolving the

23  concerns raised by Plaintiff's counsel and, immediately after the conference, Defendants' counsel

24  sent Plaintiff's counsel a revised draft Form reflecting the Court's suggestion.

-9-

153331931.1
155500093.1

On November 29, 2021, having had no response to the November 18th email, Defendants' counsel sent another email to Plaintiff's counsel, "resending the revised Disclosure Authorization Form" from November 18th and again asking Plaintiff's counsel to have it signed by Dr. Wells.

Defendants' counsel sent Plaintiff's counsel additional emails on December 3rd and December 15th, requesting the executed Disclosure Authorization Form.

As of January 12, 2022, Plaintiff's counsel still has not returned an executed Disclosure Authorization Form -- almost five months after receiving an initial draft of the Form.

Discovery Requests to Plaintiff.  Defendants served an initial set of discovery requests on Plaintiff on October 27, 2021, consisting of a set of interrogatories, requests for admissions, and document requests.

In mid-November Plaintiff's counsel requested an extension on the discovery response date from "11/26/2021 to 12/3/2021."  Defendants agreed to the requested extension.

On December 3, 2021, Plaintiff's counsel requested "a further extension on the discovery responses ... to 12/10."  Defendants agreed to the further requested extension.

On December 10, 2021, Plaintiff's counsel requested another extension for Plaintiff's discovery responses.  Defendants again agreed, moving the response date to December 16, 2021.

On December 15, 2021, Plaintiff's counsel requested a fourth extension.   Defendants' counsel responded the same day, stating that Defendants would agree to move Dr. Wells' response time to January 10, 2022, so long as Defendants received a signed Disclosure Authorization Form by the end of the day on December 17, 2021.

Plaintiff's counsel was not willing to return the signed Disclosure Authorization Form as requested (as noted above, he still has not done so).  Instead, on December 16, 2021, Plaintiff sent discovery responses that were plainly deficient, thereby imposing on Defendants an obligation to

-10-

meet and confer and giving Plaintiff, indirectly, another extension on his discovery responses. Plaintiff did not provide a substantive response to any of the interrogatories that Defendants had propounded two months earlier.  Instead, he provided what appear to be identical form objections to each interrogatory, as follows:

> Plaintiff objects to this request on the grounds the request is overly broad, vague, ambiguous and compound. Plaintiff also objects on the grounds this request is unduly burdensome and oppressive. Plaintiff further objects on the grounds this request is overly costly and not proportional to the case. Plaintiff further objects to this request on the grounds it is repetitive or already in Defendant's possession, custody, or control. Plaintiff further objects to this request on the grounds it violates the attorney-client privilege and/or the work product doctrine. Plaintiff objects to this request on the grounds it violates the of right of privacy. Plaintiff further objects to this request on the grounds the request seeks information or documents that that is not within its Plaintiff's possession, custody or control. Plaintiff further objects to this request on the grounds it seeks information or documents that are not relevant to the subject matter of the action.

Likewise, Plaintiff did not provide any documents in response to the Defendants' initial document requests or state that the requested documents would be provided by a specified date. Instead, in response to each requested category of documents, he set forth what appears to be the identical form objections that were provided in response to each interrogatory, as quoted above. Plaintiff did provide substantive responses to the Defendants' requests for admissions.

On January 6, 2022, Defendants' counsel sent a letter to Plaintiff's counsel, by email, regarding Plaintiff's discovery responses, stating, in part, as follows:  "Please provide complete, specific written responses to Defendants' First Request for Production of Documents and

-11-

1    Defendants' First Set of Interrogatories, which were served on October 27, 2021, by **January 14,**

2    **2022**.  Please produce responsive documents no later than **January 28, 2022.**   If you are not

3    prepared to agree to these dates, we would like to meet and confer with you promptly regarding

4    Plaintiff's discovery responses.  We are available any time between 8 a.m. and 4 p.m. PST on

5    January 7 or on January 10, or between 8 a.m. and 2 p.m. PST on January 11."  As of January 12,

6    2022, Plaintiff's counsel has not responded to this letter.

7    **8.       CLASS ACTIONS**

8           This is not a class action lawsuit.  Following the last status conference, Plaintiff removed

9    the class-based claims from his proposed First Amended Complaint, and the Court granted him

10   leave to file the First Amended Complaint as so revised.

11

12   **9.       RELATED CASES**

13          The parties have no new, additional information to provide to the Court that was not

14   included in their initial Joint Case Management Statement.

15   **10.      RELIEF**

16          The parties have no new, additional information to provide to the Court that was not

17   included in their initial Joint Case Management Statement.

18   **11.      SETTLEMENT AND ADR**

19          Counsel have met and conferred regarding settlement and ADR and have agreed to

20   continue working to informally resolve this matter on their own.  If the matter has not been

21   resolved by April 1, 2022, counsel have agreed the matter should be referred to a Magistrate

22   Settlement Conference.

23   **12.      CONSENT TO MAGISTRATE FOR ALL PURPOSES**

24          The parties have already consented to a magistrate judge conducting all further

25   proceedings.

26   **13.      OTHER REFERENCES**

27          None.

28
                                                  -12-

153331931.1
155500093.1

**14.     NARROWING ISSUES**

The parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement.

**15.     EXPEDITED TRIAL PROCEDURE**

The parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement.

**16.     SCHEDULING**

The Court set aside its initial Pre-Trial Order following the filing of Plaintiff's motion to file an amended complaint with class-based allegations and the briefing and discussions related to that motion (as noted, Plaintiff subsequently filed a First Amended Complaint that does not contain any class allegations).   The parties propose the following revised schedule:

Deadline to amend pleadings:  Passed and closed.

Close of fact discovery:   June 30, 2022

Expert disclosure/reports due: July 30, 2022

Expert rebuttal/reports due: August 31, 2022

Expert discovery cut off September 30, 2022

Last day to file motions for summary judgment:  October 31, 2022

Last day to oppose summary judgment motions:  December 1, 2022

Last day to submit summary judgment reply:  December 16, 2022

Pre-trial conference: January 31, 2023

**17.     TRIAL**

If the case proceeds to trial, the parties estimate that the trial would last three to five full days.

**18.     DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement.

**19.    PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED:  January 13, 2022                                  **PERKINS COIE LLP**

By    /s/ Robert A. Burgoyne
      Aaron J. Ver Robert A. Burgoyne

Attorneys for Defendants
NATIONAL BOARD OF MEDICAL
EXAMINERS, and FEDERATION OF
STATE MEDICAL BOARDS, INC.

DATED:  January 14, 2022                                  **YOUNG LAW GROUP**

By    /s/ Eric G. Young
      Eric G. Young

Attorneys for Plaintiff
CORNELL WELLS, JR.

-14-

3:21-CV-01279-JSC
UPDATED JOINT CASE MANAGEMENT STATEMENT

153331931.1
155500093.1