March 1, 2022

**VIA ECF**

The Honorable Jacqueline Scott Corley
United States District Court for the
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

    **Re:**    **Cornell Wells, Jr. v. National Board of Medical Examiners and Federation of State Medical Boards, No. 3:21-cv-01279-JSC (N.D. Cal.)**

Dear Judge Corley:

This letter is submitted on behalf of both parties. Pursuant to your Civil Standing Order, we are writing with regard to a discovery dispute that the parties have been unable to resolve through the meet-and-confer process.

Per the Court's suggestion during the most recent case management conference, counsel met by videoconference on February 1 to discuss pending discovery issues. We resolved some issues and are continuing to work through others. There is one issue, however, on which the parties cannot reach agreement and therefore request a ruling from the Court.

Background

This lawsuit relates to requests by Plaintiff Cornell Wells, Jr. ("Plaintiff" or "Dr. Wells") for testing accommodations on the United States Medical Licensing Examination ("USMLE") based upon a claim that he is disabled within the meaning of the Americans with Disabilities Act and California's Unruh Act. Dr. Wells relied on a report from Gerald M. Baltz, DNP (Doctor of Nursing Practice) ("Mr. Baltz") in support of his request to NBME for accommodations. Defendants therefore seek discovery of Mr. Baltz's records relating to Dr. Wells.

Plaintiff believes that his attorney should be permitted to review Mr. Baltz's records before they are produced to the Defendants and redact information that he believes is of a private nature and irrelevant to this lawsuit. Defendants have agreed to allow such a review-and-redaction process with respect to certain other medical professionals consulted by Dr. Wells, subject to Defendants' right to contest the redactions and seek Court review. Those professionals, however, did not prepare reports that Dr. Wells relied upon in requesting USMLE accommodations, unlike Mr. Baltz. Based upon Mr. Baltz's different status, Defendants believe that it is inappropriate for Plaintiff or his counsel to determine or restrict the discovery that Defendants obtain from Mr. Baltz.

Defendants have not yet issued a third-party subpoena for Mr. Baltz's records.

Defendants' Position

Plaintiff submitted a July 20, 2019 letter report from Mr. Baltz in support of his request for testing accommodations on the USMLE. Mr. Baltz noted in the letter that he had been treating Dr. Wells for Attention-Deficit Hyperactivity Disorder ("ADHD") since May 2019 and then made this statement: "Based on my own findings and on his prior records, I can definitely state that Dr. Wells carries a diagnosis of ADHD, primarily inattentive presentation, and has carried this diagnosis from childhood." Mr. Baltz also referred to Dr. Wells' treatment for depression.

Plaintiff discusses Mr. Baltz's evaluation in his complaint, expressly noting that "Dr. Baltz reviewed Plaintiff's **full medical history**" in reaching his conclusions. *See* Dkt. 51 ¶ 31 (emphasis added). Plaintiff attached a copy of Mr. Baltz's letter to his complaint. *See* Dkt. 51 at Ex. C.

Plaintiff's Initial Disclosures list Mr. Baltz as an "individual likely to have discoverable information ... that the disclosing party may use to support [his] claims." Initial Disclosures (served on May 26, 2021). With regard to the subjects of Mr. Baltz's discoverable information, Plaintiff stated that "Dr. Baltz has knowledge of his evaluation and treatment of Dr. Wells as well as any and all reports he prepared regarding Dr. Wells and **any disabilities or impairments Dr. Wells has**, or which he concluded Dr. Wells has, and other subjects relating to Dr. Wells' claims or causes of action asserted herein." Initial Disclosures at p. 3 (emphasis added).

Plaintiff discussed Mr. Baltz again in the parties' initial Case Management Statement, when setting forth facts that he believes to be relevant in this case. Dkt. 36 at 4 ("On April 25, 2019, Dr. Wells applied to NBME the first time seeking testing accommodations for Step 3. Dr. Wells submitted ... a medical evaluation from Gerald Baltz recommending accommodations based on Dr. Wells' ADHD diagnosis."), 5 ("On July 20, 2019, Dr. Wells also submitted [an] ... additional letter of support from Dr. Baltz detailing pervasive pattern of disability impairment throughout Dr. Wells' life in a variety of areas."), *and* 5 ("On August 21, 2019, Dr. Baltz attempted to intercede and advocate for Dr. Wells' request for disability accommodations.").

Mr. Baltz's diagnosis is thus an important component of Plaintiff's claims. Defendants have the right to see the "full medical history" relied on by Mr. Baltz in reaching his conclusions, as well as all other records relating to his review, evaluation, and treatment of Dr. Wells.

To the extent that Dr. Wells is concerned about certain information in Dr. Baltz's records, Dr. Baltz and/or Dr. Wells may designate this information as confidential pursuant to the protective order that the Court has entered in this case. *See* Dkt. 58. It would not be necessary, as Plaintiff suggests, to seal the case simply because Defendants obtain full disclosure of Mr. Baltz's records.

Defendants request a ruling that Dr. Wells does not have the right to review and redact Mr. Baltz's records before they are produced to Defendants, or to make redactions in any records relating to Mr. Baltz that are in Dr. Wells' custody before Dr. Wells produces his records to Defendants.

Plaintiff's Position

Plaintiff concurs with the Background section as stated by Mr. Burgoyne, except for the sentence that reads: "Based upon Dr. Baltz's different status, Defendants believe that it is inappropriate for Plaintiff or his counsel to determine or restrict the discovery that Defendants obtain from Dr.

Baltz." Plaintiff also would like to point out that Gerald Baltz is a certified nurse practitioner specializing in neurology, but is not a medical doctor. Thus, Plaintiff will refer to this gentleman as Mr. Baltz throughout the remainder of these proceedings unless and until a different designation is warranted.

While it is true Mr. Baltz prepared a writing recommending that Dr. Wells receive disability accommodations from Defendants on the USMLE, it does not necessarily follow that Defendants should be given carte blanche right to conduct a type of discovery that is considered among the most intrusive. As Plaintiff's counsel, Mr. Young, indicated at the last Case Management Conference, he has been made aware that Plaintiff has certain physical health conditions that pre-date the incident complained of and have no bearing whatsoever on any issue in this action.

Moreover, Plaintiff's health condition is of an exceedingly private and confidential nature. The 9th Circuit and California's District Courts have repeatedly recognized a constitutional right of privacy with respect to this particular health condition. It is of such a private and stigmatizing nature that the current protective order is inadequate to protect Plaintiff.

In short, the only way to protect Plaintiff's right of privacy with respect to this health condition is to permit Mr. Young a "first look" to redact any references to this health condition from Plaintiff's records that are in the possession of Mr. Baltz or his clinic. Mr. Young has already agreed to provide Mr. Burgoyne with a privilege log in sufficient detail to allow Mr. Burgoyne and this Court to determine the general nature of the redacted information and the basis for the redaction. Moreover, as Your Honor stated at the CMC, if Mr. Burgoyne feels that an "over-redaction" has occurred, Your Honor can review the entirety of the records to determine if the information should be disclosed to Defendants. Mr. Young will preserve a master, unredacted copy of Mr. Baltz's records for this purpose.

Because this information is of no relevance to any of Plaintiff's claims – or even Defendants' defenses – the only possible prejudice Defendants might encounter would be a brief delay in receiving Mr. Baltz's records while Mr. Young reviews them for redaction. Separately, counsel has agreed that this period should be 14 days. Such a short review period results in virtually no prejudice to Defendants, particularly when weighed against the significant privacy interest involved.

Finally, it should also be emphasized that Defendants have already agreed to this "first look" arrangement at the CMC and with respect to other health care providers who have treated Plaintiff. Defendants sole reason for drawing a distinction with Mr. Baltz is that Mr. Baltz prepared a letter to Defendants recommending that Plaintiff be granted disability accommodations. This is a distinction without a difference. Plaintiff urges the Court to err on the side of protecting Plaintiff's privacy interests in this instance. If the Court is not prepared to grant the "first look" revise and redact arrangement, then this matter may need to be sealed to prevent this information from becoming a matter of public record.

The parties appreciate the Court's consideration of this issue.

155770762.1

Respectfully submitted,

/s/ Robert Burgoyne (admitted *pro hac vice*)

Counsel for Defendants

/s/ Eric Young

Counsel for Plaintiff