Aaron Joseph Ver, Bar No. 295409
Aver@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: 415.344.7000
Facsimile:  415.344.7050

Robert A. Burgoyne (admitted *pro hac vice*)
RBurgoyne@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202.654.6200
Facsimile:  202.654.6211

Attorneys for Defendants
NATIONAL BOARD OF MEDICAL EXAMINERS,
and FEDERATION OF STATE MEDICAL BOARDS, INC.

Eric G. Young, Bar No. 190104
eyoung@younglawca.com
YOUNG LAW GROUP
411 Russell Avenue, Second Floor
Santa Rosa, California 95403
Telephone:  707.527.3637
Facsimile:  707.289.8059

Attorneys for Plaintiff
CORNELL WELLS, JR.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL WELLS, JR.,<br><br>             Plaintiff,<br><br>    v.<br><br>NATIONAL BOARD OF MEDICAL<br>EXAMINERS, a not-for-profit corporation,<br>FEDERATION OF STATE MEDICAL<br>BOARDS, INC., a not-for-profit corporation,<br><br>             Defendants. | Case No. 3:21-cv-01279-JSC<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:      March 10, 2022<br>Time:     1:30 p.m.<br>Judge:    Hon. Jacqueline Scott Corley |

**1.     JURISDICTION & SERVICE**

The parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement or their prior Updated Joint Case Management Statement.

**2.     FACTS**

<u>Defendant's Position</u>:

Subsequent to the initial Case Management Conference, Dr. Wells has been granted a medical license in Colorado on September 1, 2021, in New York on September 14, 2021, in Virginia on November 17, 2021, in Georgia on November 23, 2021, and in the state of Washington on December 2, 2021.  He has also re-applied for licensure in California, where his application remains pending.  Apart from this, the parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement or in the prior Updated Joint Case Management Statement.  Both sides reserve the right to supplement factual details as they are learned through discovery.

<u>Plaintiff's Position</u>:

Plaintiff has received his licensure in the following states: Georgia, Washington, Virginia, New York, and Colorado on the dates listed above by Mr. Burgoyne. Plaintiff has been able to secure a temporary employment position as a physician providing psychiatric care at a Kaiser-affiliated medical facility in Virginia. He has temporarily relocated to the D.C. area and works full time at the medical facility. Plaintiff's residence, however, remains in California. His home is here as are all of his personal belongings (which are in a storage facility) except for clothes, toiletries, and necessary items of personal use he took with him to Virginia. His social and personal connections are in California. Plaintiff has had no offers for permanent employment anywhere, either full or part-time, including at the Virginia medical facility.

Regarding Plaintiff's application for licensure in California, Plaintiff believes that while his licensure may still be pending, he has received no indication from the California Medical Board that he will ever be licensed in California.

156059951.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**3.     LEGAL ISSUES**

The legal issues remain the same as stated in the parties' initial Joint Case Management

Statement.

**4.     MOTIONS**

| 2/23/2021 | Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. 5) | Granted 2/24/21 (Dkt. 10) |
|-----------|-------------------------------------------------------------------|---------------------------|
| 4/9/2021 | NBME's Motion for Leave to Appear Pro Hac Vice (Robert Burgoyne) (Dkt. 22) | Granted 4/13/21 (Dkt. 23) |
| 5/4/21 | FSMB's Motion for Leave to Appear Pro Hac Vice (Robert Burgoyne) (Dkt. 30) | Granted 5/5/21 (Dkt. 31) |
| 9/30/21 | Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. 43) | Granted 11/18/21 (Dkt. 50) |
| 3/1/22 | Joint Discovery Dispute Letter (Dkt. 61) | Pending |

**5.     AMENDMENT OF PLEADINGS**

Plaintiff filed his First Amended Complaint on December 2, 2021.  (Dkt. 51)

**6.     EVIDENCE PRESERVATION**

Defendant's Position:

The parties conferred regarding electronically stored information, with specific reference

to the Court's Rule 26(f) Checklist.

Plaintiff's Position:

On November 17, 2021, the parties conferred regarding electronically stored information,

with specific reference to the Court's Rule 26(f) Checklist.  The parties do not anticipate

significant, future evidence preservation disputes; however, Plaintiff advises the Court there may

be a small number of documents dating from the time when he first began communicating with

Defendants and/or the California Medical Board about the need for accommodations that are stored electronically on an old laptop which is, itself, in storage in Southern California. Plaintiff's counsel does not have access to this laptop but believes it is sequestered and secure. Plaintiff is on the East Coast and cannot reasonably access the laptop either. Because of email communications between counsel, Plaintiff believes that further discussion by counsel will either be necessary, or will occur as a practical matter, regarding preservation of electronic evidence on this laptop, the format of production of electronically stored information from the laptop, how to collect the information from the laptop (including whether the information is available through other means, such as third parties), and the timing of production. There may be additional electronic evidence preservation discussions that will come up from time to time.

**7.     DISCOVERY**

Plaintiff's Position:

Pursuant to the Court's order, counsel met and conferred via Zoom videoconference to discuss outstanding discovery issues, including issues regarding written discovery and third-party subpoenas. Specifically, Defendants served request for admissions, interrogatories, and a request for production of documents on Plaintiff. Defendants have also issued several third-party subpoenas.

(A) Resolution of Issues Related to Third-Party Subpoenas

Regarding the subpoenas, Mr. Young and Mr. Burgoyne were able to come to an agreement regarding the issues discussed at the last Case Management Conference concerning Plaintiff's privacy and relevancy concerns regarding certain medical information. This agreement contemplated that Mr. Young would request records on Plaintiff's behalf from certain health care providers and would have a 14-day "first look" opportunity to redact and then provide the records to Mr. Burgoyne along with a privilege log. Mr. Young's office has requested the records from the agreed-upon health care providers, but they have not yet arrived. Mr. Young will advise Mr. Burgoyne when they are received for purposes of calculating the 14-day first look period.

1    Mr. Young and Mr. Burgoyne could not reach an agreement regarding one health care

2 provider, Mr. Baltz, and counsel submitted a joint letter to the Court, which is currently pending.

3    (B) Plaintiff's Responses to Defendants' Discovery

4    Regarding Defendants' written discovery, Plaintiff fully responded to the request for

5 admissions on December 16, 2021. However, Plaintiff served objections to Defendants'

6 interrogatories and request for production of document. At the videoconference, counsel

7 discussed Plaintiff's initial responses and agreed upon a further extension to provide amended

8 responses to the interrogatories (February 15, 2022) and the document request (February 22,

9 2022).

10    Despite diligent efforts by Mr. Young, Plaintiff was unable to serve his First Amended

11 Response to Defendants' Interrogatories, Set One until February 24, 2022. Further explanation is

12 set forth below. As to the substances of Plaintiff's First Amended Response, Plaintiff contends

13 that the number of interrogatories propounded by Defendants, including subparts, far exceeds

14 twenty-five. Thus, Plaintiff provided partial responses in as much detail as Plaintiff is able to

15 provide. Plaintiff is continuing to work on providing a response to the request for documents,

16 which is also extensive.

17    Reasons exist for the delay in responding to Defendants' discovery. First, and foremost,

18 the delay is due primarily to Plaintiff's new work schedule. Plaintiff now works full time at a

19 psychiatric facility in Virginia. Plaintiff is unavailable throughout most of the day. Due to his

20 disabilities as identified by Dr. Swain and others, Plaintiff has incredible difficulty keeping on top

21 of some work-related responsibilities, primarily patient charting. Plaintiff's method of mitigating

22 his functional limitation is to arrive at work hours earlier than he is scheduled to work, and he

23 stays 2-3 hours later than he is scheduled.

24    Consequently, the earliest Mr. Young is ever able to speak with Plaintiff by telephone is

25 6-7 p.m. PT, which is already 9-10 p.m. where Plaintiff is located. The time available for

26 productive conversation is substantially limited for both Plaintiff and Mr. Young, and as a

27 practical matter, these telephone conferences are difficult to schedule in the first place.

28 Obviously, Mr. Young cannot meet with Plaintiff in person either.

A further complicating factor is that Plaintiff's disabilities cause him to experience profound difficulty reviewing, understanding, and focusing on the discovery propounded by Defendants and providing responsive information in a timely fashion. While Mr. Young certainly can appreciate Defendants' and Mr. Burgoyne's frustration, they have contended from the outset of this case that Plaintiff is not even a "person with a disability" within the meaning of the ADA. Therefore, they do not appreciate the significant difficulties Plaintiff and Mr. Young has experienced trying to respond in a timely manner to their extensive requests for information.

Mr. Young can attest from his own personal observation that Plaintiff has substantial limitations affecting his ability to read, comprehend, interpret, and articulate information. Although Mr. Young has impressed upon Plaintiff the significance of the discovery, the need for timeliness, and the penalties for noncompliance, these admonitions cannot erase Plaintiff's functional limitations, even if the logistical difficulties of time and distance could be overcome. In fact, it has been Mr. Young's experience that the more strident and urgent he becomes, the more limited Plaintiff's ability to assist Mr. Young becomes, much like the limitations he must experience on timed examinations.

Mr. Young remains committed to working with Mr. Burgoyne to get the information he needs. Most of the information Mr. Burgoyne seeks from Plaintiff he is able to get – or has already received – via the third-party subpoenas he issued. That said, Mr. Young welcomes another opportunity to meet with Mr. Burgoyne via videoconference, and will attempt to schedule such a videoconference, before the upcoming CMC. This process has been productive overall.

Defendants' Position:

Protective Order.  The Court signed and entered the parties' stipulated Protective Order on January 19, 2022 (Dkt. 58).

Discovery Requests to Plaintiff.  Defendants served an initial set of discovery requests on Plaintiff on October 27, 2021, consisting of a set of interrogatories, requests for admissions, and document requests.

In mid-November Plaintiff's counsel requested an extension on the discovery response date from "11/26/2021 to 12/3/2021." Defendants agreed to the requested extension.

On December 3, 2021, Plaintiff's counsel requested "a further extension on the discovery responses ... to 12/10." Defendants agreed to the further requested extension.

On December 10, 2021, Plaintiff's counsel requested another extension for Plaintiff's discovery responses. Defendants again agreed, moving the response date to December 16, 2021.

On December 15, 2021, Plaintiff's counsel requested a fourth extension, to which Defendants did not agree.

On December 16, 2021, Plaintiff sent discovery responses that were plainly deficient. Despite stating at the beginning of his interrogatory responses that the "answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known.," Pl. Initial Resp. at 2, the responses contained no factual information whatsoever, and no specification of legal contentions. Plaintiff did not substantively respond to any of the interrogatories that Defendants had propounded two months earlier. Instead, he provided what appear to be identical form objections to each interrogatory, as follows:

> Plaintiff objects to this request on the grounds the request is overly broad, vague, ambiguous and compound. Plaintiff also objects on the grounds this request is unduly burdensome and oppressive. Plaintiff further objects on the grounds this request is overly costly and not proportional to the case. Plaintiff further objects to this request on the grounds it is repetitive or already in Defendant's possession, custody, or control. Plaintiff further objects to this request on the grounds it violates the attorney-client privilege and/or the work product doctrine. Plaintiff objects to this request on the grounds it violates the of right of privacy. Plaintiff further objects to this request on the grounds the request seeks information or documents that that

is not within its Plaintiff's possession, custody or control. Plaintiff further objects to this request on the grounds it seeks information or documents that are not relevant to the subject matter of the action.

Likewise, Plaintiff did not provide any documents in response to the Defendants' initial document requests or state that the requested documents would be provided by a specified date. Instead, in response to each requested category of documents, he set forth what appears to be the identical form objections that were provided in response to each interrogatory, as quoted above. Plaintiff did provide substantive responses to the Defendants' requests for admissions.

On January 6, 2022, Defendants' counsel sent a letter to Plaintiff's counsel, by email, regarding Plaintiff's discovery responses, stating, in part, as follows:  "Please provide complete, specific written responses to Defendants' First Request for Production of Documents and Defendants' First Set of Interrogatories, which were served on October 27, 2021, by **January 14, 2022**.  Please produce responsive documents no later than **January 28, 2022.**   If you are not prepared to agree to these dates, we would like to meet and confer with you promptly regarding Plaintiff's discovery responses.  We are available any time between 8 a.m. and 4 p.m. PST on January 7 or on January 10, or between 8 a.m. and 2 p.m. PST on January 11."  Plaintiff's counsel did not provide updated discovery responses or respond to the request to meet and confer by the requested dates.

During a status conference held on January 20, 2022, the Court directed the parties to confer in person, remotely, regarding the open discovery issues.  Counsel for the parties did so on February 1, 2022 and reached agreements on some but not all of the open issues.  They were not able to agree regarding whether Plaintiff is entitled to have his lawyer review documents that Defendants intend to subpoena from a third-party named Gerald Baltz -- and to redact information that Plaintiff believes is sensitive and not relevant to the litigation -- before the documents are produced to Defendants' counsel.  The parties submitted a joint letter to the Court on March 1, 2022, seeking a ruling on this discovery dispute (Dkt. 61).

One of the other issues discussed by the parties during their February 1 meet-and-confer

-8-

call was Plaintiff's outstanding responses to Defendants' October 2021 discovery requests. Plaintiff's counsel agreed during the call that he would "send substantive responses to the interrogatories within two weeks of today [(*i.e.*, by February 15, 2022)], and responses to the document requests within three weeks [(*i.e*, by February 22, 2022)...."  (2/1/22 Email from R. Burgoyne to E. Young, confirming agreements from meet-and-confer call).

Plaintiff did not meet either of the agreed-upon dates for providing substantive responses to Defendants' discovery requests.  Instead, on February 22, 2022, Plaintiff's counsel sent a letter to Defendants' counsel stating, in relevant part, as follows:

> As you know, Dr. Wells was recently struck by a motor vehicle while crossing in crosswalk on his way to work. I was unable to confer with him for several days as a result. In addition, over the past week, the computers in my office became infected with malware, which ultimately resulted in our inability to access client documents stored in our case management system and the loss of some data. As a result, I have had to recreate Dr. Wells' discovery responses. This process has necessarily resulted in further delays in getting the responses to you.
>
> It is my intention to get Dr. Wells' First Amended Responses to Defendants' Interrogatories and First Amended Responses to Defendants' Request for Production of Documents to you this week. The difficulty I am experiencing lies with conferring with Dr. Wells who works full-time on the East Coast....
>
> In the meantime, I am mindful you have been extremely patient in awaiting these responses, and I understand your patience is not infinite. I also appreciate you have to do what you feel you must to protect your clients' interests despite my intentions.
>
> I will advise you that as I prepared Dr. Wells' responses, it does appear to me that the interrogatories, in particular, are extremely broad and are objectionable on the

156059951.1

grounds that they exceed the permitted numerical limit when subparts are taken into consideration.

I have fewer – though some - objections to the document requests. Much of the information you seek will be in the hands of facilities you have subpoenaed, not in Dr. Wells' possession, custody, or control. I have encouraged him, however, to do his best to try to locate responsive documents from his location on the East Coast. However, I continue to believe that there may be some responsive documents in storage in L.A. and are simply not retrievable at this time, at least not without considerable effort and expenditure of time and money.

2/22/22 Letter from E. Young to R. Burgoyne.  Defendants' counsel sent a responsive letter on February 26, 2022.

Plaintiff served a set of updated interrogatory responses on February 25, 2022.  He provided substantive responses to some of the Defendants' interrogatories but objected to responding -- and provided no substantive response -- to several interrogatories on the grounds that Defendants had exceeded the 25 interrogatories permitted under FRCP 33, when one accounted for subparts in the interrogatories.  On February 26, 2022, Defendants' counsel sent a meet-and-confer letter to Plaintiff's counsel explaining why the objections stated in Plaintiff's updated interrogatory responses were unfounded.  Among other things, Defendants' counsel noted that Plaintiff had waived his belated objections to the interrogatories by failing to make such objections in a timely manner as required under FRCP 33; that Plaintiff had significantly overcounted the number of interrogatories served by Defendants because, under applicable case precedent, any subparts contained in the interrogatories were not "discrete subparts" as that term is used in FRCP 33(a)(1); and that, in any event, Plaintiff had overlooked the fact that he sued two defendants, each of which is entitled to serve 25 interrogatories under FRCP 33, and Defendants had not served 50 interrogatories even using the misplaced calculation method that was used by Plaintiff.  Defendants' counsel requested that Plaintiff further update his

interrogatory responses by providing substantive responses to all of the Defendants' interrogatories by March 10, 2022.  Defendants' counsel has not received a response to his February 26 letter.

As of March 2, 2022, Plaintiff has not served an updated response to Defendants' October 2021 document requests, or provided any responsive documents.

**8.      CLASS ACTIONS**

This is not a class action lawsuit.  Following the last status conference, Plaintiff removed the class-based claims from his proposed First Amended Complaint, and the Court granted him leave to file the First Amended Complaint as so revised.

**9.      RELATED CASES**

The parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement.

**10.     RELIEF**

The parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement.

**11.     SETTLEMENT AND ADR**

Counsel have met and conferred regarding settlement and ADR and have agreed to continue working to informally resolve this matter on their own.  If the matter has not been resolved by April 1, 2022, counsel have agreed the matter should be referred to a Magistrate Settlement Conference.

**12.     CONSENT TO MAGISTRATE FOR ALL PURPOSES**

The parties have already consented to a magistrate judge conducting all further proceedings.

**13.     OTHER REFERENCES**

None.

156059951.1

**14.    NARROWING ISSUES**

The parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement.

**15.    EXPEDITED TRIAL PROCEDURE**

The parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement.

**16.    SCHEDULING**

The Court entered an Amended Pre-Trial Order on January 20, 2022, providing (as amended on as follows:

Fact discovery cut-off:   June 30, 2022

Expert witness disclosures: July 30, 2022

Rebuttal expert witness disclosures: August 31, 2022

Expert discovery cut off:   September 30, 2022

Deadline to file dispositive motions:  October 31, 2022

Oppositions to dispositive motions:  December 1, 2022

Replies to dispositive motions:  December 16, 2022

Hearing on dispositive motions:  January 26, 2023

Pre-trial conference: March 23, 2023

Jury selection (if needed):  April 3, 2023

Jury trial (if needed):  April 3, 2023 - April 7, 2023

**17.    TRIAL**

If the case proceeds to trial, the parties estimate that the trial would last three to five full days.

**18.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement.

**19.     PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional

Conduct for the Northern District of California.

DATED:  March 3, 2022                          **PERKINS COIE LLP**

By     /s/ Robert A. Burgoyne
          Aaron J. Ver
          Robert A. Burgoyne

Attorneys for Defendants
NATIONAL BOARD OF MEDICAL
EXAMINERS, and FEDERATION OF
STATE MEDICAL BOARDS, INC.

DATED:  March 3, 2022                          **YOUNG LAW GROUP**

By     /s/ Eric G. Young
          Eric G. Young

Attorneys for Plaintiff
CORNELL WELLS, JR.