Aaron Joseph Ver, Bar No. 295409
Aver@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: 415.344.7000
Facsimile:  415.344.7050

Robert A. Burgoyne (admitted *pro hac vice*)
RBurgoyne@perkinscoie.com
Caroline M. Mew (admitted *pro hac vice*)
CMew@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202.654.6200
Facsimile:  202.654.6211

Attorneys for Defendants
NATIONAL BOARD OF MEDICAL EXAMINERS,
and FEDERATION OF STATE MEDICAL BOARDS, INC.

Eric G. Young, Bar No. 190104
eyoung@younglawca.com
YOUNG LAW GROUP
411 Russell Avenue, Second Floor
Santa Rosa, California 95403
Telephone:  707.527.3637
Facsimile:  707.289.8059

Attorneys for Plaintiff
CORNELL WELLS, JR.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL WELLS, JR.,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS, a not-for-profit corporation, FEDERATION OF STATE MEDICAL BOARDS, INC., a not-for-profit corporation,<br><br>Defendants. | Case No. 3:21-cv-01279-JSC<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  July 13, 2022<br>Time:  1:30 p.m.<br>Judge:  Hon. Jacqueline Scott Corley |

**1.     JURISDICTION & SERVICE**

The parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement or their prior Updated Joint Case Management Statement.

**2.     FACTS**

Plaintiff's Position:

Plaintiff has received his licensure in the following states: Georgia, Washington, Virginia, New York, and Colorado on the dates listed above by Mr. Burgoyne. After securing temporary employment as a contract psychiatrist in Virginia, Plaintiff has secured a contract psychiatrist position with the Veterans' Administration and is working at a small V.A. facility in Santa Rosa, California. Plaintiff's residence continues to be in California. His home is here as are all of his personal belongings, social connections, and personal connections. Plaintiff has had no offers for permanent employment other than temporary contract positions.

Regarding Plaintiff's application for licensure in California, Plaintiff believes that while his licensure may still be pending, he has received no indication from the California Medical Board that he will ever be licensed in California.

Defendant's Position:

Defendant has no new, additional information to provide to the Court that was not included in the initial Joint Case Management Statement or in the prior Updated Joint Case Management Statements.  Defendant reserves the right to supplement factual details as they are learned through discovery.

**3.     LEGAL ISSUES**

The legal issues remain the same as stated in the parties' initial Joint Case Management Statement.

156059951.1

**4.     MOTIONS**

| 2/23/2021 | Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. 5) | Granted 2/24/21 (Dkt. 10) |
|---|---|---|
| 4/9/2021 | NBME's Motion for Leave to Appear Pro Hac Vice (Robert Burgoyne) (Dkt. 22) | Granted 4/13/21 (Dkt. 23) |
| 5/4/21 | FSMB's Motion for Leave to Appear Pro Hac Vice (Robert Burgoyne) (Dkt. 30) | Granted 5/5/21 (Dkt. 31) |
| 9/30/21 | Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. 43) | Granted 11/18/21 (Dkt. 50) |
| 3/1/22 | Joint Discovery Dispute Letter (Dkt. 61) | Resolved 3/7/22 (Dkt. 65) |
| 3/3/22 | NBME's and FSMB's Motion for Leave to Appear Pro Hac Vice (Caroline Mew) (Dkt. 62) | Granted 3/3/22 (Dkt. 63) |

**5.     AMENDMENT OF PLEADINGS**

Plaintiff filed his First Amended Complaint on December 2, 2021.  (Dkt. 51)

**6.     EVIDENCE PRESERVATION**

Plaintiff's Position:

On November 17, 2021, the parties conferred regarding electronically stored information, with specific reference to the Court's Rule 26(f) Checklist.  The parties do not anticipate significant, future evidence preservation disputes; however, Plaintiff advises the Court there may be a small number of documents dating from the time when he first began communicating with Defendants and/or the California Medical Board about the need for accommodations that are stored electronically on an old laptop which is, itself, in storage in Southern California. Plaintiff's counsel does not have access to this laptop but believes it is sequestered and secure. Plaintiff is on the East Coast and cannot reasonably access the laptop either. Because of email communications between counsel, Plaintiff believes that further discussion by counsel will either be necessary, or

will occur as a practical matter, regarding preservation of electronic evidence on this laptop, the format of production of electronically stored information from the laptop, how to collect the information from the laptop (including whether the information is available through other means, such as third parties), and the timing of production. There may be additional electronic evidence preservation discussions that will come up from time to time.

Defendant's Position:

The parties conferred regarding electronically stored information, with specific reference to the Court's Rule 26(f) Checklist.

**7.    DISCLOSURES**

NBME served its initial disclosures on May 3, 2021.  FSMB served its initial disclosures on May 5, 2021.  Plaintiff served his initial disclosures on May 26, 2021.

**8.    DISCOVERY**

Plaintiff's Position:

Pursuant to the Court's orders, counsel has met and conferred several times via Zoom videoconference. In all respects, these videoconferences have been cordial and productive, and Plaintiff's counsel would like to see these videoconferences continue as needed. Most recently, counsel met on June 30, 2022 via Zoom and discussed a variety of discovery-related issues. Counsel discussed scheduling depositions, the status of Plaintiff's written discovery responses, and the sharing of documents Defendants have obtained by subpoena. Below is updated information regarding this videoconference as Plaintiff's counsel understands what transpired:

(A) Depositions

Counsel exchanged a preliminary list of individuals each side would like to depose. Plaintiff counsel's provided these names: Lucia McGeehan (which Plaintiff's counsel understands is likely the Person Most Knowledgeable for a FRCP Rule 30(b)(6) deposition, Catherine Farmer, Psy.D., Kevin Murphy, Ph.D., and George B. Litchford, Ph.D. The last, three individuals in this list had some involvement with the decision not to grant Plaintiff the requested disability

accommodations. Plaintiff's counsel also indicated there may be another person or two that will need to be deposed, but it was agreed that these could be held off for now. Defense counsel suggested that McGeehan's deposition occur first to determine if Farmer's deposition will be required. Farmer is no longer employed by Defendants. Defense counsel's suggestion seems reasonable, although it is likely Farmer will still need to be deposed in any event. Defense counsel agreed to provide Farmer's last known contact information for purposes of issuing a subpoena.  It is Plaintiff's counsel's understanding that subpoenas will need to be issued for Murphy and Litchford as well.

Defense counsel proposed to depose Dr. Wells and Dr. Swain. This is acceptable to Plaintiff's counsel.

Counsel also discussed taking the depositions remotely. Plaintiff's counsel believes that all of the depositions proposed on Plaintiff's behalf can be taken remotely. Defense counsel has indicated that he might like to take Dr. Wells' deposition in person, which is also acceptable. Defense counsel agreed to provide a stipulation for the remote deposition protocol.

Finally, counsel discussed dates for the depositions. Counsel has set aside the following dates, pending confirmation from the deponents: 8/17-8/19, 8/24-8/26, 8/31-9/2. It is hoped that confirmation of the dates can be exchanged no later than at the next Case Management Conference, as these dates push close to the amended fact discovery cut-off date.

Although Plaintiff's counsel withdrew the depositions as were previously scheduled, Defendants interposed written objections to the depositions going forward. If these objections are raised again to the depositions of these individuals, there may be issues for the Court to decide.

(B) Status of Written Discovery Responses

*(1) Plaintiff's Written Discovery Responses*

At this time, Plaintiff has provided responses to all of Defendant's written discovery, over 1,300 pages of documents (including medical and psychotherapeutic records), and a detailed spreadsheet with a range of potential damages that Plaintiff's counsel believes will be useful for the upcoming Settlement Conference and for settlement discussions in general. Plaintiff has not yet completed the production of documents, however, and this was discussed during counsel's

videoconference. As the Court may recall, one discovery issue was the existence of an old laptop that Plaintiff put in storage. Pursuant to the Court's directive, Plaintiff traveled to L.A. and has retrieved the old laptop. The old laptop does not boot up, but it was agreed that it will be turned over to Plaintiff's counsel's e-discovery consultant, GCI Data, for further analysis and for the purposes of conducting a forensic collection of e-data from the laptop. Defense counsel has agreed to provide Plaintiff's counsel with a list of desired search terms to run against the data as well as against Plaintiff's emails. Once this has occurred, the results will need to be reviewed for relevancy and privilege, but it is not anticipated that the results will be voluminous. A review can likely be conducted in-house with paralegal support.

Another outstanding document production issue pertains to Plaintiff's tax returns. At this time, Plaintiff has turned over to Plaintiff's counsel the tax returns he has that are responsive to Defendant's document request, and these will be organized and provided to defense counsel prior to the upcoming CMC.

Other than data on the old laptop, an email search, and tax returns, Plaintiff's counsel advised defense counsel that there may be a *few* text messages on Plaintiff's cell phone with his personal acquaintances that are responsive to Defendant's document request. The probative value of these messages is unknown at this time, but Plaintiff will cooperate in turning over those text messages that are responsive. It is Plaintiff's position, however, that a full collection of data from his cell phone is overly intrusive, violates privacy, and is disproportionate to the needs of the case. Plaintiff did not engage in text messages conversations with key individuals involved in this matter.

Finally, there is a small number of documents – credit card statements, receipts, etc. – that pertain to expenses Plaintiff incurred to take the USMLE Step 3 on two, additional occasions. Plaintiff will produce these documents.

Once these steps are completed, Plaintiff's document production will be completed. As to the remainder of Plaintiff's written discovery responses, those are completed and verifications will be provided to defense counsel.

156059951.1

1              *(2) Defendant's Written Discovery Responses*

2          Plaintiff has served interrogatories and a request for production of documents on

3    Defendant NBME. In recognition of defense counsel's patience, a one-month extension was

4    provided. Defendant NBME's responses are due at the end of this month. Discovery will go to

5    Defendant FSMB in the next one to two weeks. At this time, Plaintiff's counsel does not know if

6    there will be issues for the Court to resolve with Plaintiff's discovery but anticipated there may

7    be.

8          (C) Copies of Documents Subpoenaed by Defendants

9          Counsel reached a compromise regarding the provision of copies of documents

10   Defendants have obtained by subpoena. Defense counsel agreed to provide copies of the records

11   obtained from the California Medical Board, and those have been received by Plaintiff's counsel.

12   Once Plaintiff's counsel advises defense counsel that Plaintiff's document production is

13   complete, it is Plaintiff's counsel's understanding that copies of all other documents Defendants

14   obtained by subpoena will be provided.

15         As far as Plaintiff's counsel is concerned, the parameters of this particular agreement are

16   not fully fleshed out, and they should be to avoid unnecessary misunderstanding.  Plaintiff's

17   counsel understands the agreement as stated above. Plaintiff's counsel does not understand the

18   agreement as giving defense counsel the right to declare that Plaintiff's document production is

19   inadequate as grounds for refusing to provide copies of the rest of the subpoenaed documents.

20         (D) Additional Records Not Received

21         At this time, Plaintiff has turned over in excess of 1,000 pages of medical and

22   psychotherapeutic records with redactions as agreed. Records were requested from Mr. Baltz and

23   Elizabeth Green, Ph.D., but neither complied with Plaintiff's request to produce their records. Mr.

24   Baltz was also subpoenaed, and he did not comply. At this time, these documents remain

25   outstanding.

26         (E) Other Factors

27         A further complicating factor has been that Plaintiff's disabilities cause him to experience

28   profound difficulty reviewing, understanding, and focusing on the discovery propounded by

Defendants and providing responsive information in a timely fashion. This issue, as well as the logistical difficulties of having Plaintiff and the East Coat and counsel on the West Coast, are much less profound now that counsel can meet with Plaintiff in person. That said, Plaintiff continues to exhibit substantial limitations affecting his ability to read, comprehend, interpret, and articulate information. However, Plaintiff has taken concrete steps to meet his discovery obligations and the Court's directives. Mr. Young remains committed to working with Mr. Burgoyne to get the information he needs.

     <u>Defendants' Position</u>:

     <u>Discovery Requests to Plaintiff</u>.  Defendants served an initial set of discovery requests on Plaintiff on **October 27, 2021**, consisting of a set of interrogatories, requests for admissions, and document requests.  **Seven months later**, and as of May 26, 2022, Plaintiff still had not fully responded to these discovery requests, despite twice being directed to do so by the Court and representing to Defendants that he would do so.  Specifically, Plaintiff had not yet to responded to all of Defendants' interrogatories and had not produced *any* of his own documents in response to Defendants' document requests.      Defendants refer to their report in the March 26, 2022 Updated Joint Case Management Statement (Dkt. 76) for a more detailed discussion of the status of this issue as of that date.

     Defendants served an initial set of discovery requests (interrogatories, requests for production of documents, and requests for admission) on Plaintiff on October 27, 2021.

     Defense counsel has since received confirmation that the noticed depositions were cancelled.

     By way of update, on June 1, 2022 (the day before the most recent CMC), Plaintiff's counsel served Amended Responses to Defendants' Interrogatories, as well as Plaintiff's First Amended Responses to Defendants' Request for Production of Documents.  On June 2, 2022, Plaintiff's counsel served Plaintiff's Second Amended Responses to Defendants' Request for Production of Documents.  Plaintiff's counsel also produced his first  documents to Defendants.

1   There were a significant number of redactions in these documents.

2          Counsel for the parties met remotely on June 30, 2022, to discuss deposition scheduling.

3   They agreed upon several dates in August and September that are available for counsel, and

4   counsel will communicate with the prospective fact witnesses to confirm their availability.  The

5   proposed dates are in advance of the scheduled settlement conference.  It is anticipated that most

6   if not all of the depositions will be conducted remotely.  Counsel will confer regarding a protocol

7   for any remote depositions, and Defendants' counsel has agreed to prepare a draft protocol for

8   review by Plaintiff's counsel.

9          During their June 30 meet-and-confer call, counsel also discussed the status of Plaintiff's

10  document production, including the status of responsive documents that are on a computer that

11  Plaintiff kept in storage.  No documents from that computer have been produced to Defendants as

12  of July 5, 2022.  Plaintiff's counsel also reported that he had relied on Plaintiff to assemble

13  documents in response to Defendants' document requests and that, as a result, he did not know

14  how thorough the production was regarding documents produced to date.  Counsel for Plaintiff

15  agreed to conduct a word search of Plaintiff's emails to capture additional, potentially responsive

16  documents, and Defendants' counsel agreed to provide a list of search terms.

17  **9.     PLAINTIFF HAS SERVED INTERROGATORIES AND DOCUMENT**
18  **        REQUESTS ON NBME, AND NBME'S WRITTEN RESPONSES ARE DUE JULY**
    **        25, 2022.CLASS ACTIONS**

19         This is not a class action lawsuit.

20

21  **10.    RELATED CASES**

22         The parties have no new, additional information to provide to the Court that was not

23  included in their initial Joint Case Management Statement.

24  **11.    RELIEF**

25         In addition to the information provided to the Court in the initial Joint Case Management

26  Statement, the parties note that Plaintiff has entered into a stipulation regarding the emotional

27  distress damages that the claims to have suffered, as follows:

28

1. Plaintiff is not claiming, and will not claim, to have suffered any emotional distress because of actions allegedly taken by the Defendants beyond so-called "garden variety" emotional distress, which "has been described as 'ordinary or commonplace emotional distress, that which is simple or usual.'" *Pringle v. Wheeler*, 2021 WL 1907824, at *3 (N.D. Cal. 2021) (citation omitted).

2. Plaintiff is not seeking, and will not seek, to recover any damages or other relief in this case for any type of alleged emotional distress beyond garden variety emotional distress.

3. Plaintiff will not offer or submit any testimony or other evidence that purports to establish that he suffered any type of emotional distress beyond garden variety emotional distress.

A copy of the Stipulation is attached as Exhibit 1 to this Statement.

**12.    SETTLEMENT AND ADR**

A settlement conference is set for September 20, 2022 at 9:30 a.m. before Magistrate Judge Sallie Kim.

**13.    CONSENT TO MAGISTRATE FOR ALL PURPOSES**

The parties previously consented to a magistrate judge conducting all further proceedings.

**14.    OTHER REFERENCES**

None.

**15.    NARROWING ISSUES**

The parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement.

**16.    EXPEDITED TRIAL PROCEDURE**

The parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement.

**17.    SCHEDULING**

Following the most recent CMC, the Court entered an Amended Pre-Trial Order on June 2, 2022 (Dkt. No. 79), providing as follows:

Magistrate Judge Settlement Conference: September 20, 2022

Fact Discovery Cut-Off: September 30, 2022

Expert Witness Disclosures: October 31, 2022

Rebuttal Expert Witness Disclosures: November 30, 2022

Expert Discovery Cut-Off: December 30, 2022

Deadline to File Dispositive Motions: January 31, 2023

Oppositions: February 28, 2023

Replies: March 15, 2023

Hearing: April 21, 2023

Pre-Trial Conference: June 15, 2023

Jury Trial: June 26, 2023

**18.    TRIAL**

If the case proceeds to trial, the parties estimate that the trial would last three to five full days.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have no new, additional information to provide to the Court that was not included in their initial Joint Case Management Statement.

**20.    PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

156059951.1

| | |
|---|---|
| 1 | DATED:  July 6, 2022 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | DATED:  July 6, 2022 |
| 9 | |
| 10 | |
| 11 | |
| 12 | |

DATED:  July 6, 2022          **PERKINS COIE LLP**


By    /s/ Robert A. Burgoyne
      Aaron J. Ver
      Robert A. Burgoyne
      Caroline M. Mew

Attorneys for Defendants
NATIONAL BOARD OF MEDICAL
EXAMINERS, and FEDERATION OF
STATE MEDICAL BOARDS, INC.

DATED:  July 6, 2022          **YOUNG LAW GROUP**


By    /s/ Eric G. Young
      Eric G. Young

Attorneys for Plaintiff
CORNELL WELLS, JR.

-12-