Aaron Joseph Ver, Bar No. 295409
Aver@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: 415.344.7000
Facsimile:  415.344.7050

Robert A. Burgoyne (admitted *pro hac vice*)
RBurgoyne@perkinscoie.com
Caroline M. Mew (admitted *pro hac vice*)
CMew@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202.654.6200
Facsimile:  202.654.6211

Attorneys for Defendants
NATIONAL BOARD OF MEDICAL EXAMINERS,
and FEDERATION OF STATE MEDICAL BOARDS, INC.

Eric G. Young, Bar No. 190104
eyoung@younglawca.com
YOUNG LAW GROUP
411 Russell Avenue, Second Floor
Santa Rosa, California 95403
Telephone:  707.527.3637
Facsimile:  707.289.8059

Attorneys for Plaintiff
CORNELL WELLS, JR.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL WELLS, JR.,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS, a not-for-profit corporation, FEDERATION OF STATE MEDICAL BOARDS, INC., a not-for-profit corporation,<br><br>Defendants. | Case No. 3:21-cv-01279-JSC<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT REGARDING DISCOVERY STATUS**<br><br>Date:     August 16, 2022<br>Time:     11:00 a.m.<br>Judge:    Hon. Jacqueline Scott Corley |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**1.    DISCOVERY**

Pursuant to the Court's Order Following July 13, 2022 Case Management Conference (the "July 13 CMC Order"), and in anticipation of the case management conference scheduled for August 16, 2022, the parties submit the following updates regarding the status of discovery.

Plaintiff's Position:

- As of August 12, 2022, Plaintiff has not yet subpoenaed Catherine Farmer for a deposition or noticed party-affiliated depositions. On August 1, 2022, Mr. Burgoyne sent an email to Mr. Young indicating an interest in settlement to avoid "time, expense and inconvenience." Mr. Young has discussed the possibility of settlement with Dr. Wells, and Dr. Wells is interested in resolving this matter, if possible, between the parties before the cost of depositions is incurred.

- Defendants provided a 12-page remote deposition protocol containing 62 paragraphs of requirements for remote depositions. Mr. Young has some questions/concerns about certain provisions in the protocol and has asked for a meet and confer discussion between counsel prior to the continued CMC on 8/16/2022.

- Defendants provided a list of "requested search terms for Plaintiff's laptop search" containing 58 search terms. It is assumed these search terms were meant for a search of Plaintiff's emails. Some of the search terms may result in identifying information that is of the same private, medical nature as Plaintiff objected to before, and which the Court granted a right to redact from Plaintiff's medical records already provided to Defendants. Other search terms are likely to produce information protected from disclosure by attorney-client privilege. At the search phase, Plaintiff will search for all the terms provided by Defendants, reserving the right to review the results for privacy and privilege and provide a privilege log accordingly.

- After at least a half dozen attempts to follow up with the original e-discovery vendor that Mr. Young had been planning would provide e-discovery services in this matter - including attempts to reach him on his cell phone - Mr. Young was unable to make

157832950.1

contact. However, Mr. Young has contacted another e-discovery provider in Walnut Creek and was advised on 8/12/2022 that the company will be able to complete the search of both laptops as well as Plaintiff's emails by the end of the week of 8/15. The company is retrieving the laptops on 8/15/2022 and believes they can obtain the data from the laptops as well as Dr. Wells' emails by 8/16-8/17. Mr. Young will need some time to review the collection for privacy and privilege, and can agree to produce the documents from the laptops and Dr. Wells' email by the end of the week of 8/22/2022. Defendants have not indicated how broad of a search will be required for Plaintiff's text messages.

- Defendants have provided responses to Plaintiff's discovery propounded to date, but the responses consist mostly of objections. Very few documents were produced either. Mr. Young has requested a meet and confer discussion to address these deficiencies.

- Defendants contend that Plaintiff still has not complied with Defendants' discovery requests listing 4 categories of documents identified in an email from Mr. Young. These categories will require searching electronic devices by the new e-discovery vendor.

- Plaintiff continues his prior objections to producing unredacted copies of Plaintiff's medical records, which contain highly private, sensitive medical information that has no bearing on any issues remaining in this case. Defendants efforts to obtain this information go far beyond what should be discoverable or proportionate to this matter. However, Plaintiff will cooperate with an *in camera* review process.

Defendants' Position:

**Status of Actions Required of Defendants Under the Court's July 13 CMC Order**.

- Defendants provided plaintiff with Catherine Farmer's contact information by July 14, 2022, as ordered by the Court.

- Defendants provided plaintiff with a draft remote deposition protocol by July 15, 2022, as ordered by the Court.  Plaintiff's counsel has not yet provided defendants'

counsel with any feedback on the draft protocol.

- Defendants provided plaintiff with proposed email search terms by July 15, 2022, as ordered by the Court.  Plaintiff's counsel has not yet provided any confirmation that Dr. Wells' two laptops have been provided to his IT consultant or produced any documents based on a search of those laptops.

- By July 20, 2022, defendants provided plaintiff with copies of the third-party discovery that defendants had received pursuant to their third-party subpoenas, as ordered by the Court.

- Defendants joined with plaintiff in submitting a Joint Report on Deposition Scheduling to the Court on July 21, 2022 (one day after the date provided in the July 13 CMC Order, due to the unavailability of plaintiff's counsel to coordinate with defendants' counsel because he was preparing for a deposition in another case).

**Status of Actions Required of Plaintiff Under the Court's July 13 CMC Order**.

- Plaintiff was directed to provide his IT consultant with access to two laptops that contain documents that are believed to be responsive to the document requests that defendants served on October 27, 2021.  In  emails dated July 15, 2022 and August 2, 2022, defendants' counsel asked plaintiff's counsel whether this has been done.  As of August 9, 2022, defendants' counsel has not received a response to these inquiries.

- Plaintiff was directed to produce his tax returns to defendants by July 15, 2022.  On July 18, 2022, his counsel provided partial and, in some instances, illegible tax returns for 2014, 2016, 2017, 2018, and 2020 (unsigned).  No records were produced for calendar years 2019 or 2021 (two of the years for which plaintiff is seeking damages that include lost wages).

157832950.1

**NBME Has Responded to Plaintiff's Initial Discovery Requests**.

Plaintiff served an initial set of discovery requests on defendant National Board of Medical Examiners ("NBME") on May 24, 2022, consisting of a set of document requests and a set of interrogatories.  After obtaining an extension from plaintiff, NBME submitted timely responses on July 25, 2022, consisting of interrogatory responses, a response to the document requests, and documents that were referenced in NBME's interrogatory responses and were responsive to the plaintiff's document requests.  NBME sent a verification page for the interrogatory responses the next day.

**Plaintiff Recently Served an Initial Set of Discovery Requests on FSMB.**

Plaintiff served an initial set of discovery requests on defendant Federation of State Medical Boards ("FSMB") on July 19, 2022, consisting of a set of interrogatories.  FSMB's responses to those interrogatories are currently due August 19, 2022.

**Plaintiff Still Has Not Fully Responded to Defendants' Document Requests.**

Defendants served their initial document requests on plaintiff on October 27, 2021.  As of August 9, 2022, plaintiff still has not fully responded to those requests.

In an email to defendants' counsel dated July 18, 2022, sent in advance of providing certain documents in response to defendants' document requests, plaintiff's counsel stated as follows:

> With this production of documents, the only items I have left on my list that we have discussed or which you requested are:
>
> 1. Responsive text messages Dr. Wells has in his possession, custody or control;
> 2. Responsive emails on either of the two, old laptops Dr. Wells obtained;
> 3. Documentation from CA Med Board regarding status of Dr. Wells restoring license in California/reasons for denial (# of test attempts v. period of time to pass)
> 4. Any other responsive documents that may be on the old laptops.
>
> If you can think of any other category of documents or things I have not mentioned, please advise.

-5-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

On August 2, 2022, defendants' counsel sent an email to plaintiff's counsel stating, in

part, as follows:

**1.  Dr. Wells's Document Production**

- Plaintiff was ordered by the Court to provide his two laptops to your IT consultant by July 15.  Please confirm that this was done.
- We gave you our requested search terms on July 15.  Please provide us with an update on the status of searches that have been done using those terms.  Requested documents located by way of such searches should be promptly produced.
- Responsive documents found in Dr. Wells's text messages should be promptly produced.
- Documentation from the California Medical Board should be promptly produced (this includes the letter that you say Dr. Wells received explaining the reasons he has been denied re-licensure after passing Step 3, which you agreed to send to me when we last spoke several weeks ago).
- In your most recent updated responses to Defendants' document requests, you state that "Plaintiff's investigation and discovery are continuing" with respect to all the requests.  As our discovery requests were served nine months ago, you should be able to tell us by now that your investigation is complete and all responsive documents have been produced.  Please confirm as soon as possible when this is the case.

As of August 9, 2022, plaintiff's counsel had not responded to this email message, nor has

plaintiff provided additional documents in response to defendants' October 2021 document

requests.

**Plaintiff Has Not Verified His Interrogatory Responses**.

Defendants served an initial set of interrogatories on plaintiff on October 27, 2022.

On December 16, 2021, plaintiff served PLAINTIFF CORNELL WELLS, JR.'S

RESPONSES TO DEFENDANTS' INTERROGATORIES, SET ONE.  The responses consisted

entirely of objections.

On February 25, 2022, plaintiff served PLAINTIFF CORNELL WELLS, JR.'S FIRST

AMENDED RESPONSES TO DEFENDANTS' INTERROGATORIES, SET ONE.  The

responses did not address all of the defendants' interrogatories, based upon objections that

plaintiff subsequently withdrew.  Plaintiff verified the responses, as contemplated under Fed. R.

Civ. P. 33(b)(5).

On May 30, 2022, plaintiff served PLAINTIFF CORNELL WELLS, JR.'S SECOND AMENDED RESPONSES TO DEFENDANTS' INTERROGATORIES, SET ONE. The responses were not signed by plaintiff, contrary to the requirement of Fed. R. Civ. P. 33(b)(5), and no verification page has since been provided by plaintiff or his counsel.

On June 1, 2022, plaintiff served PLAINTIFF CORNELL WELLS, JR.'S THIRD AMENDED RESPONSES TO DEFENDANTS' INTERROGATORIES, SET ONE.  The responses were not signed by plaintiff, contrary to the requirement of Fed. R. Civ. P. 33(b)(5), and no signature page has since been provided by plaintiff or his counsel.

Plaintiff should be directed to verify his Second Amended Responses to Defendants' Interrogatories and his Third Amended Responses to Defendants' Interrogatories.

**Defendants Are Entitled to See Information that Plaintiff has Redacted from Documents Produced to Date.**

As noted in prior case filings, the parties' counsel agreed that plaintiff's counsel could have a "first look" with respect to certain of plaintiff's medical records that are responsive to defendants' document requests but as to which plaintiff has asserted privacy concerns and raised a relevancy objection.  *See* Dkt. 64 at 4 (Updated Joint Case Management Statement);  Dkt. 65 (Order re: Medical Records Dispute at 1).  The information relates to unidentified physical medical conditions which plaintiff's counsel says "predate the incident complained of [in this lawsuit] and have no bearing whatsoever on any issue in this action."  Dkt. 61 at 3 (Joint Discovery Letter).

Under the process agreed to by the parties' counsel, defendants retain the right to object to any redactions made by plaintiff's counsel, and they may seek *in camera* review by the Court of the complete, unredacted records for a determination by the Court on whether the redacted information should be disclosed to Defendants.  Defendants would like to request such review by

-7-

157832950.1

the Court with respect to documents that plaintiff's counsel has produced with redactions.  They are seeking such review because the documents do <u>not</u> predate the events that are the subject of this lawsuit, and they relate directly to issues of both causation and plaintiff's alleged damages.

On the issue of causation, plaintiff asserts that he was legally entitled to extra testing time as an accommodation when he took Step 3 of the United States Medical Licensing Examination ("USMLE"), based upon certain alleged mental impairments (ADHD and a learning disorder); and that, if he had been provided with his requested accommodations, he would have passed his Step 3 examination when he tested on October 22, 2019 and June 29, 2020 (he tested again on June 22, 2021, with no accommodations, and passed the exam).  However, numerous other reasons might explain why plaintiff did not pass the Step 3 exams that he took in October 2019 and June 2020, including failure to prepare adequately, insufficient knowledge and understanding of the tested subject matter, test anxiety, and/or preoccupation or distractions resulting from other events going on during the time that he was preparing to take those Step 3 exams or when he tested.  Information redacted from records produced by plaintiff from the years 2019 and 2020 is likely to be directly relevant to these possible alternative explanations for plaintiff's not achieving passing test scores when he took the Step 3 exam on October 22, 2019 and again on June 29, 2020.

The redacted information is likely to also be relevant on the issue of damages.  Plaintiff has stated in his interrogatory responses that he is seeking damages for "Generalized emotional distress" in the amount of $50,000 - $100,000, allegedly suffered as of result of being denied accommodations by NBME in July 2019, August 2019, and March 2021; and for lost wages from the time period May 2019 through June 2021.  To the extent that he was experiencing other issues during those years that were causing emotional distress, that information is relevant to his request for emotional distress damages from defendants; likewise, if those other issues affected his ability

1   to work or to become employed, that information is relevant to his claim that he was unable to

2   obtain employment because of the defendants' actions.  Defendants are entitled to see the

3   information that has been redacted by plaintiff's counsel from records that were generated during

4
    the relevant years (2019 - 2021) because it is directly relevant to the damages he is seeking in this
5
    lawsuit.
6

7           Defendants therefore request that the Court establish a process and a timeline by which

8   the Defendants can identify by Bates number the redacted documents that they would like the

9   Plaintiff to provide to the Court for *in camera* review, for purposes of having the Court determine

10  whether it will allow the Defendants to receive unredacted copies of those documents.

11
    DATED:  August 9, 2022                    **PERKINS COIE LLP**
12

13                                            By    /s/ Robert A. Burgoyne
14                                                 Aaron J. Ver
                                                   Robert A. Burgoyne
15                                                 Caroline M. Mew

16                                            Attorneys for Defendants
17                                            NATIONAL BOARD OF MEDICAL
                                              EXAMINERS, and FEDERATION OF
18                                            STATE MEDICAL BOARDS, INC.

19  DATED:  August 9, 2022                    **YOUNG LAW GROUP**

20
                                              By    /s/ Eric G. Young
21                                                 Eric G. Young

22                                            Attorneys for Plaintiff
23                                            CORNELL WELLS, JR.

24

25

26

27

28

157832950.1