1  ERIC G. YOUNG, ESQ. (SBN 190104)
   **YOUNG LAW GROUP**
2  411 Russell Avenue
   Santa Rosa, California 95403
3  Tel.:  707.527.3637
   Fax:  707.520.7272
4  Email Correspondence: eyoung@younglawca.com
   For Service of Papers:   service@younglawca.com
5
   Attorneys for Plaintiff
6  CORNELL WELLS, JR.

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| CORNELL WELLS, JR.<br><br>　　　Plaintiff,<br><br>vs.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS; FEDERATION OF STATE MEDICAL BOARDS<br><br>　　　Defendants. | CASE NO.: 21-cv-01279 JSC<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION; DECLARATION OF ERIC G. YOUNG IN SUPPORT OF MOTION; [PROPOSED] ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>Date: 9/29/2022<br>Time: 9:00 a.m.<br>Location: Videoconference<br>Judge: The Hon. Jacqueline Scott Corley |

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on September 29, 2022, at 9:00 a.m., or as soon thereafter as the matter may be heard before The Honorable Jacqueline Scott Corley, United States District Judge, Courtroom 8, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, CA 94102, Eric G. Young of Young Law Group, 411 Russell Avenue, Santa Rosa,

---
NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL - 1



California 95403, shall and hereby does respectfully seek an order of this Court pursuant to Civil Local Rule 11–5(a), (b) and in compliance with California Rules of Professional Conduct 1.16(b)(1), (4), (10), (c) and (d) to withdraw and be relieved as counsel for Plaintiff Cornell Wells, Jr.

Dated: August 23, 2022

**YOUNG LAW GROUP**

By: /s/*Eric G. Young, Esq.*
ERIC G. YOUNG, ESQ., Attorneys for Plaintiff CORNELL WELLS, JR.

**MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF**

Mr. Young hereby moves for an order to be relieved as counsel for Plaintiff on the grounds sety forth in Rule 1.16(b)(1), (4), and (10), which provide for withdrawal when:

> "…the client insists upon presenting a claim or defense in litigation, or asserting a position or making a demand in a non-litigation matter, that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law…; (Rule 1.16(b)(1).
>
> …the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively…; (Rule 1.16(b)(4).
>
> the lawyer believes in good faith, in a proceeding pending before a tribunal,\* that the tribunal\* will find the existence of other good cause for withdrawal." (Rule 1.16(b)(10) (emphasis added).

In addition, Mr. Young moves on the grounds that a substantail and irremediable breakdown has occurred in the attorney-client relationship with Plaintiff, which cannot be cured, such that withdrawal is the only reasonable course of action.

Dated: August 23, 2022

**YOUNG LAW GROUP**

By: /s/*Eric G. Young, Esq.*
ERIC G. YOUNG, ESQ., Attorneys for

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL - 2



Plaintiff CORNELL WELLS, JR.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

**I. LEGAL STANDARD**

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if: (1) written notice has been given reasonably in advance to the client and all other parties in the action; and (2) the attorney obtains leave of Court. Civ. L.R. 11-5(a). "Courts consider several factors when considering a motion for withdrawal, including (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." Atkins v. Bank of Am., N.A., 2015 WL 4150744, at *1 (N.D. Cal. July 9, 2015) (citing Deal v. Countrywide Home Loans, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010)). The consent of the client is not dispositive. Robinson v. Delgado, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (citing CE Resource, Inc. v. Magellan Group, LLC, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009)). Instead, the decision to permit counsel to withdraw is within the sound discretion of the trial court. United States v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009).

In this District, the conduct of counsel, including withdrawal of counsel, is governed by the standards of professional conduct required by members of the State Bar of California. Civ. L.R. 11-4(a)(1).; *see,* Nehad v. Mukasey, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). California Rules of Professional Conduct 1.16 (Rule 1.16) provides several enumerated grounds pursuant to which counsel may properly seek to withdraw from representing a client. In addition, counsel must comply with Rule 1.16(d)-(e), which provide that counsel shall not withdraw from employment until the

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL - 3

member has taken steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving sufficient notice to the client to allow time to employ other counsel, and promptly returning all client materials and property. El Hage v. U.S. Sec. Assocs., Inc., 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007). Further, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of a party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes...unless and until the client appears by other counsel or pro se." Civ. L.R. 11-5(b).

## II. LEGAL ARGUMENT

California Rules of Professional Conduct Rule 1.16 sets forth grounds upon which an attorney ***must*** withdraw from representing a client, Rule 1.16(a)(1)-(4), and grounds upon which an attorney ***may be permitted*** to withdraw from representing a client. Rule 1.16(b)(1)-(10). In particular, Rule 1.16(b)(1), (4), and (10) provide:

> "...the client insists upon presenting a claim or defense in litigation, or asserting a position or making a demand in a non-litigation matter, that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law...; (Rule 1.16(b)(1).
>
> ...the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively...; (Rule 1.16(b)(4); or
>
> the lawyer believes in good faith, in a proceeding pending before a tribunal,* that the tribunal* will find the existence of other good cause for withdrawal." (Rule 1.16(b)(10) (emphasis added).

Here, three factors warrant granting Mr. Young's request for withdrawal. First, there has been a substantial and irremediable breakdown in communications between Mr. Young and Plaintiff, which renders it unreasonably difficult for Mr. Young to carry out the representation effectively. Young Decl., ¶ 2.

Second, Mr. Young's withdrawal will not cause prejudice to other litigants, as

YOUNG LAW GROUP



Defendants are not anticipated to oppose the motion. Young Decl., ¶ 7.

Third, the administration of justice will not be harmed. Because the attorney-client relationship has already deteriorated so significantly, Mr. Young's continued representation of Plaintiff would not advance the pending litigation. <u>Hershey v. Berkeley, No. EDCV 07-689 VAP (JCRx)</u> 2008 WL 4723610, at *1-2 (C.D. Cal. Oct. 24, 2008) (motion to withdraw granted because Plaintiff's lack of cooperation interfered with prosecution of case and contributed to breakdown in attorney-client relationship). Young Decl., ¶ 8.

One factor exists that may warrant careful consideration of the motion – whether withdrawal will cause significant delay. Some delay will likely be unavoidable as Plaintiff will need time to find another attorney or prepare to appear pro se. However, delay by itself should not override a dire situation where attorney and client cannot communicate with each other effectively. To avoid prejudice to Plaintiff, the Court is also requested to vacate or continue all pending deadlines as set forth in the operative Case Management Order.

In all other respects, Mr. Young has made every effort to comply with the Rules of Professional Conduct, including preparing to provide Plaintiff with his entire client file. Mr. Young has also provided Plaintiff with avenues whereby he may obtain substitute counsel if he so avails himself. Mr. Young will take all appropriate steps to ensure that this transition is as smooth and expeditious as possible, including continuing to receive

service of papers for forwarding to Plaintiff until such time as he has new counsel or appears on his own behalf.

Dated: August 23, 2022

                                       **YOUNG LAW GROUP**

                           By:  /s/*Eric G. Young, Esq.*
                              ERIC G. YOUNG, ESQ., Attorneys for
                              Plaintiff CORNELL WELLS, JR.

### **DECLARATION OF ERIC G. YOUNG IN SUPPORT OF MOTION**

I, ERIC G. YOUNG, declare:

1. I am an attorney duly licensed to practice law before all Courts of the State of California and am admitted to this Court. If called upon, I could and would competently testify to the matters stated herein from my own personal knowledge, except for those matters which are stated on information and belief. As to those matters, I believe them to be true.

2. There has been a substantial and irremediable breakdown in communications between Dr. Wells and myself, which I do not believe are reasonably curable. Further, I believe the situation renders it unreasonably difficult for me to effectively represent Dr. Wells in this matter.

3. This deterioration has occurred gradually, beginning several months ago. Unfortunately, it has become particularly profound since August 15, 2023, and the inability to communicate in a productive manner has worsened rather than improved since that date.

4. On August 16, 2022, I appeared at a continued Case Management Conference before this Court and alerted the Court about these unfortunate developments. I did not state any specifics, nor did I divulge privileged or confidential information, and the Court



NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL - 6

did not request details. The Court ordered me to file this motion no later than August 23, 2022.

5. On August 16, 2022, I advised Dr. Wells in writing of my intention to file a motion to withdraw and when the motion would be filed. I advised him that he would receive a copy of the motion with the hearing date. I advised him that I would continue to be his attorney until such time as he finds a new attorney, or I am relieved by the Court. I have advised him repeatedly and in writing since August 16, 2022 to seek out substitute counsel. I have encouraged him to contact the San Francisco Bar Association Lawyer Referral Service as well as another disability rights legal services organization I am familiar with that is near where Dr. Wells now resides.

6. Prior to the hearing on this motion, I will promptly provide Dr. Wells with his client file, or if he so directs, will transmit it to his new representative. I remain willing to accept service of papers for purposes of forwarding to Dr. Wells until such time when he has retained new counsel, or he has appeared *pro se* in this matter.

7. I do not anticipate opposition from Defendants to this motion.

8. To preserve Dr. Wells' confidential information, I will not divulge further specific details in this motion, or at the hearing of same, about my reasons for seeking withdrawal, other than to say I believe based on my personal and professional experience, withdrawal is the only reasonable course of action due to the significant deterioration in the attorney-client relationship that has occurred. As the Court knows, the specific facts which give rise to this motion are required to be kept confidential pursuant to Business and Professions Code §6068(e), California Rules of Professional Conduct 1.6(a), and by the attorney-client privilege set forth in Cal. Evid. C., §§950 *et seq*. Even if the court orders the attorney to reveal privileged or confidential information to support the

---
NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL - 7

application to be relieved as counsel, the attorney is ethically obliged to resist such an order, at least at first, through lawful means, such as seeking appellate review. COPRAC Form. Opn. 2015-192.

9. In the event the Court desires further information to ascertain the good faith basis for this motion and for withdrawal, I respectfully request the Court conduct an *in camera* hearing outside of the presence of all other parties so that the specific facts demonstrating good cause for this withdrawal may be demonstrated to the Court. See, Manfredi & Levine v. Superior Court, 66 Cal.App.4th 1128, 1136-1137 (1998).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: August 23, 2022         /s/*Eric G. Young*
                              Eric G. Young, Declarant



NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL - 8