Aaron Joseph Ver, Bar No. 295409
Aver@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: 415.344.7000
Facsimile: 415.344.7050

Robert A. Burgoyne (admitted *pro hac vice*)
RBurgoyne@perkinscoie.com
Caroline M. Mew (admitted *pro hac vice*)
CMew@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202.654.6200
Facsimile: 202.654.6211

Attorneys for Defendants
NATIONAL BOARD OF MEDICAL EXAMINERS,
and FEDERATION OF STATE MEDICAL BOARDS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL WELLS, JR.,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS, a not-for-profit corporation, FEDERATION OF STATE MEDICAL BOARDS, INC., a not-for-profit corporation,<br><br>Defendants. | Case No. 3:21-cv-01279-JSC<br><br>**UPDATED CASE MANAGEMENT STATEMENT**<br><br>Date: November 17, 2022<br>Time: 1:30 p.m.<br>Judge: Hon. Jacqueline Scott Corley |

# INTRODUCTION

In an Order dated September 13, 2022, the Court granted a motion by Eric Young to withdraw as counsel for plaintiff Cornell Wells, Jr., stating in part as follows: "Plaintiff shall obtain new counsel by October 31, 2022, or he may proceed without a lawyer after that date. Mr. Young will be relieved as counsel on October 31 or when Plaintiff's new counsel files a notice of appearance, if earlier than October 31. Until Mr. Young is relieved, he shall continue to accept service of papers on Plaintiff's behalf and forward them to Plaintiff." (Dkt. 94).

Mr. Young has informed undersigned counsel that he will not be participating in next week's Case Management Conference in light of the Court's order relieving him of responsibilities as Plaintiff's counsel as of October 31, 2022. No new counsel have entered an appearance for Plaintiff as of November 10, 2022, and undersigned counsel has not been contacted by Plaintiff or any new counsel acting on his behalf. Undersigned counsel therefore submits this Updated Case Management Statement not as a Joint Statement, but as a statement from Defendants.

**1. JURISDICTION & SERVICE**

Defendants have no new, additional information to provide to the Court that was not included in the parties' initial Joint Case Management Statement or their prior Updated Joint Case Management Statement.

**2. FACTS**

Defendants have no new, additional information to provide to the Court that was not included in the parties' initial Joint Case Management Statement or their prior Updated Joint Case Management Statement.

**3. LEGAL ISSUES**

The legal issues remain the same as stated in the parties' initial Joint Case Management Statement.

## 4.  MOTIONS

| | | |
|---|---|---|
| 2/23/2021 | Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. 5) | Granted 2/24/21 (Dkt. 10) |
| 4/9/2021 | NBME's Motion for Leave to Appear Pro Hac Vice (Robert Burgoyne) (Dkt. 22) | Granted 4/13/21 (Dkt. 23) |
| 5/4/21 | FSMB's Motion for Leave to Appear Pro Hac Vice (Robert Burgoyne) (Dkt. 30) | Granted 5/5/21 (Dkt. 31) |
| 9/30/21 | Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. 43) | Granted 11/18/21 (Dkt. 50) |
| 3/1/22 | Joint Discovery Dispute Letter (Dkt. 61) | Resolved 3/7/22 (Dkt. 65) |
| 3/3/22 | NBME's and FSMB's Motion for Leave to Appear Pro Hac Vice (Caroline Mew) (Dkt. 62) | Granted 3/3/22 (Dkt. 63) |
| 8/23/22 | Motion by Plaintiff's Counsel to Withdraw (Dkt. 89) | Granted 9/13/22 (Dkt. 94) |
| 9/7/22 | Joint Motion to Vacate Settlement Conference (Dkt. 92) | Granted 9/9/22 (Dkt. 93) |

## 5.  AMENDMENT OF PLEADINGS

Plaintiff filed his First Amended Complaint on December 2, 2021.  (Dkt. 51)

## 6.  EVIDENCE PRESERVATION

Defendants have no additional information to provide to the Court that was not included in the parties' prior Updated Joint Case Management Statements.

## 7.  DISCLOSURES

NBME served its initial disclosures on May 3, 2021.  FSMB served its initial disclosures on May 5, 2021.  Plaintiff served his initial disclosures on May 26, 2021.

## 8.  DISCOVERY

No discovery has occurred since the last Case Management Conference due to the Court-

authorized withdrawal of Eric Young as Plaintiff's counsel. (Dkt. 94). Defendants refer the Court to the parties' prior Joint Case Management Statements for a summary of where discovery stood at that time. (Dkt. 83 86).

**9.      CLASS ACTIONS**

This is not a class action lawsuit.

**10.     RELATED CASES**

Defendants have no additional information to provide to the Court that was not included in the parties' initial Joint Case Management Statement.

**11.     RELIEF**

Defendants have no additional information to provide to the Court that was not included in the parties' prior Updated Joint Case Management Statements.

**12.     SETTLEMENT AND ADR**

A settlement conference was set for September 20, 2022 before Magistrate Judge Sallie Kim. Based upon the requested withdrawal of Eric Young as Plaintiff's counsel (Dkt. 89), the Court vacated that settlement conference (Dkt. 93).

Mr. Young and Mr. Burgoyne subsequently engaged in informal discussions to see if this case could be amicably resolved prior to Mr. Young's withdrawal as counsel. Defendants' counsel will report on those discussions at the upcoming Case Management Conference.

**13.     CONSENT TO MAGISTRATE FOR ALL PURPOSES**

The parties previously consented to a magistrate judge conducting all further proceedings.

**14.     OTHER REFERENCES**

None.

**15.     NARROWING ISSUES**

Defendants have no additional information to provide to the Court that was not included in the parties; initial Joint Case Management Statement.

**16.     EXPEDITED TRIAL PROCEDURE**

Defendants have no additional information to provide to the Court that was not included

in the parties' initial Joint Case Management Statement.

**17.    SCHEDULING**

The Court entered an Amended Pre-Trial Order on June 2, 2022 (Dkt. No. 79), providing as follows:

    Magistrate Judge Settlement Conference: September 20, 2022

    Fact Discovery Cut-Off: September 30, 2022

    Expert Witness Disclosures: October 31, 2022

    Rebuttal Expert Witness Disclosures: November 30, 2022

    Expert Discovery Cut-Off: December 30, 2022

    Deadline to File Dispositive Motions: January 31, 2023

    Oppositions: February 28, 2023

    Replies: March 15, 2023

    Hearing: April 21, 2023

    Pre-Trial Conference: June 15, 2023

    Jury Trial: June 26, 2023

During the Case Management Conference held on August 16, 2022, the Court informed counsel that it would be vacating this schedule in light of the requested withdrawal of Eric Young as Plaintiff's counsel.  Therefore, if the case is not settled or otherwise withdrawn, Defendants assume that Court will set a new schedule after Plaintiff informs the Court whether he has retained new counsel or intends to proceed *pro se*.

**18.    TRIAL**

If the case proceeds to trial, Defendants estimate that the trial would last three to five full days.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Defendants have no additional information to provide to the Court that was not included in the parties' initial Joint Case Management Statement.

**20.   PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED:  November 10, 2022                                **PERKINS COIE LLP**

By   /s/ *Robert A. Burgoyne*
    Aaron J. Ver
    Robert A. Burgoyne
    Caroline M. Mew

Attorneys for Defendants
NATIONAL BOARD OF MEDICAL
EXAMINERS, and FEDERATION OF
STATE MEDICAL BOARDS, INC.

**CERTIFICATE OF SERVICE**

I certify that, in addition to filing this document on the Court's ECF system and thereby serving it on Plaintiff's former counsel, Eric Young, I will email a copy of this filing to Mr. Young on November 10, 2022, with a request that he promptly forward it to Plaintiff Cornell Wells, Jr., who has not yet entered an appearance either individually (*pro se*) or through counsel.

/s/ *Robert A. Burgoyne*